James L. Sanders (SBN 126291)
Email:     jsanders@reedsmith.com
Carla M. Wirtschafter (SBN 292142)
Email:     cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Attorneys for Defendants
ARMINAK & ASSOCIATES, LLC,
RIEKE-ARMINAK CORPORATION,
DAVID PRITCHETT, WILLIAM D. KENT
(sued as BILL KENT), MARK BOX
and JUDY BARANOWSKI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELGA ARMINAK, an individual; ARMIN ARMINAK, an individual; and ROGER ABADJIAN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; RIEKE-ARMINAK CORPORATION, a Delaware Corporation; DAVID PRITCHETT, an individual; BILL KENT, an individual; MARK BOX, an individual; JUDY BARANOWSKI, an individual; and Does 1 through 10, inclusive, <br><br> Defendants. | Case Number:  2:16-cv-3519 <br><br> [Removal From Superior Court of California, County of Los Angeles, Case No. BC610351] <br><br> **DEFENDANT DAVID PRITCHETT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(a) AND 28 U.S.C. § 1441(b)** <br><br> Complaint Filed: February 16, 2016 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS HELGA ARMINAK, ARMIN ARMINAK AND ROGER ABADJIAN AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant David Pritchett ("Pritchett") hereby remove to this Court the state court action described below with the consent of Defendants Arminak & Associates, LLC ("Arminak LLC"), Rieke-Arminak Corporation ("Rieke"), William D. Kent ("Kent"), Mark Box ("Box")and Judy Baranowski ("Baranowski") (collectively, "Defendants"). This case is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S. C. §§ 1441(a) and (b) and 1446 because it is a civil action between citizens of different states and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds $75,000.

In compliance with 28 U.S.C. § 1446(a), Pritchett asserts the following grounds for removal:

### I. JURISDICTION AND VENUE ARE PROPER

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Pritchett pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1446.

### II. DEFENDANTS' REMOVAL IS TIMELY

3. On or about February 16, 2016, Plaintiffs filed a complaint against Defendants and Does 1 through 10 in the Los Angeles Superior Court, entitled *Helga Arminak, Armin Arminak and Roger Abadjian v. Arminak & Associates, LLC, Rieke-Arminak Corporation, David Pritchett, Bill Kent, Mark Box and Judy Baranowski,*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Civil Action No. BC610351. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint and accompanying documents.

4. In the Complaint, Plaintiffs allege the following eight causes of action: (1) Declaratory Relief; (2) Injunctive Relief; (3) Violation of Business and Professions Code Section 17200; (4) Breach of Contract; (5) Breach of Contract; (6) Breach of Contract; (7) Intentional Infliction of Emotional Distress; and (8) Intentional Infliction of Emotional Distress.

5. Pritchett was first served with a copy of the Complaint on May 5, 2016.

6. This Notice Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Pritchett filed this Notice within 30 days of service of pleadings from which it could be determined that this action is removable, and within one year of commencement of the action, as required under 28 U.S.C. § 1446(b).

7. The document attached hereto as Exhibit A and the documents filed concurrently herewith as Exhibits B through N constitute all of the papers and processes that have been filed by or served on Defendants in this action. Defendants have therefore satisfied the requirements of 28 U.S.C. § 1446(a).

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

8. The Superior Court of California for the County of Los Angeles is located within the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a)

9. Defendants Arminak LLC, Rieke, Kent, Baranowski and Box consent to the removal of this action. (Declaration of Joshua A. Sherbin ("Sherbin Decl."), ¶ 1; Declaration of William D. Kent ("Kent Decl."); ¶ 1; Declaration of Mark Box ("Box Decl."), ¶ 1; Declaration of Judy Baranowski ("Baranowski Decl."), ¶ 1.)

10. No previous application has been made for the relief requested herein.

11. In accordance with 28 U.S.C. § 1446(d), Pritchett is filing a copy of this

Notice of Removal with the Superior Court of California, Los Angeles County, and are serving a copy upon Plaintiffs' counsel.

## IV. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

12. This Court may exercise subject matter jurisdiction over this action because there is complete diversity of citizenship between Plaintiffs, who are citizens of California, and Defendants Arminak LLC and Rieke are citizens of Delaware and Michigan. Defendants Box and Pritchett are citizens of the United Kingdom. Defendant Kent is a citizen of Indiana, and Defendant Baranowski is a citizen of Michigan. (Sherbin Decl., ¶¶2-4; Kent Decl.; ¶¶ 2-3; Declaration of David Pritchett ("Pritchett Decl."), ¶¶ 3-4, Exhibit O; Box Decl., ¶¶ 2-4, Exhibit P; Baranowski Decl., ¶¶ 2-3.) *See* 28 U.S.C. § 1332(a)(3).

13. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.

14. At the time this action was commenced and at the time of removal, Plaintiffs allege that they reside in the County of Los Angeles and they each are domiciled in the County of Los Angeles. Accordingly, they are citizens of the State of California. *See* Exhibit A, Complaint, ¶¶ 1-3; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation of residency by party in state court complaint "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

15. At the time of commencement of this action, Defendant Rieke was and still is a Delaware corporation with a principal place of business in Michigan and, as a result, is a citizen of the State of Delaware and the State of Michigan. (Sherbin Decl.,

¶ 4.) *See* 28 U.S.C. § 1332(c)(1).

16. At the time of commencement of this action, Defendant Arminak LLC was, and still is, a limited liability company. Arminak's sole member is Rieke. As stated above, Rieke is a citizen of the State of Delaware and the State of Michigan. (Sherbin Decl., ¶¶2-4.) *See* 28 U.S.C. § 1332(c)(1). Therefore, Defendant Arminak is a citizen of Delaware and Michigan. *See Johnson v Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is a citizen of every state of which its members are citizens).

17. At the time of commencement of this action, Defendant Pritchett was, and still is, a citizen of the United Kingdom. Pritchett resides in the United Kingdom. (Pritchett Decl., ¶¶ 2-3, Exhibit O)

18. At the time of commencement of this action, Defendant William D. Kent was and still is a citizen of the State of Indiana. (Kent Decl.; ¶¶ 2-3.)

19. At the time of commencement of this action, Defendant Mark Box was, and still is, a citizen of the United Kingdom. Box resides in the United Kingdom. (Box Decl., ¶¶2-4, Exhibit P.)

20. At the time of commencement of this action, Defendant Judy Baranowski was and still is a citizen of the State of Michigan. (Baranowski Decl., ¶¶ 2-3.)

21. All remaining defendants are DOE defendants. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441; *Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987). Therefore, the citizenship of Does 1-10 should be disregarded for purposes of diversity.

22. Accordingly, because Plaintiffs are citizens of California and none of the Defendants are citizens of California, this controversy satisfies the diversity of citizen requirements for subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441.

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

23. Pursuant to 28 U.S.C. § 1446(c)(2), the sum demanded in good faith in the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 initial pleading shall be deemed to be the amount in controversy.  Attached to Plaintiffs'
2 Complaint is a statement of damages for an amount exceeding $75,000. (*See* Exhibit
3 A.)

4      24.    Moreover, it is apparent from the face of the Complaint that Plaintiffs
5 seek recovery of an amount not less than $2.6 million, plus costs. (*See* Exhibit A, ¶¶
6 57, 63, 69, 73 and 78.)

7      25.    Plaintiffs' prayer for relief also includes punitive damages. (*See* Exhibit A,
8 Complaint, Prayer for Relief, page 22, lines 17-9; 23-5.)  Although California law does
9 not provide any specific monetary limit on the amount of punitive damages which may be
10 awarded under Civil Code § 3294, the proper amount of punitive damages under
11 California law is based on the reprehensibility of defendant's misdeeds, the ratio between
12 compensatory and punitive damages, and the ratio between damages and defendant's net
13 worth. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357 (9th Cir. 1994). Punitive
14 damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben.*
15 *Health & Ace. Ass 'n*, 325 F.2d 785, 787 (9th Cir. 1963).

16      26.    Although Defendants deny Plaintiffs' allegations, for purposes of removal,
17 the amount in controversy exceeds the $75,000 jurisdictional threshold for this Court
18 to exercise subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332
19 and 1441.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

WHEREFORE, because complete diversity exists between Plaintiffs and Defendants Arminak LLC, Rieke, Kent and Baranowski, and Defendants Box and Pritchett are citizens of the United Kingdom, because the amount in controversy exceeds the jurisdiction amount for removal, this court is vested with subject matter jurisdiction over this matter and the action is removable to this Court for those reasons under 28 U.S.C. §§ 1331, 1332 and 1441.

DATED: May 20, 2016                           REED SMITH LLP

/s/ James L. Sanders

By: James L. Sanders
Carla M. Wirtschafter
Attorneys for Defendants
Arminak & Associates, LLC,
Rieke-Arminak Corporation, David
Pritchett, William D. Kent, Mark
Box and Judy Baranowski