LAW OFFICES OF

# BARRY K. ROTHMAN

1901 AVENUE OF THE STARS
SUITE 370
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: (310) 557-0062
TELECOPIER: (310) 557-9080

email: bkr@bkrlegal.com

Barry K. Rothman, Esq. (SBN 47107)
Gordon J. Zuiderweg, Esq. (SBN 83101)

Attorneys for Plaintiffs Helga Arminak
and Armin Arminak

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELGA ARMINAK, an individual; ARMIN ARMINAK, an individual; and ROGER ABADJIAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; RIEKE-ARMINAK CORPORATION, a Delaware Corporation; DAVID PRITCHETT, an individual; BILL KENT, an individual; MARK BOX, an individual; JUDY BARANOWSKI, an individual; and Does 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-03519-JAK SS(x)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Hearing:<br>Date:        October 3, 2016<br>Time:        8:30 a.m.<br>Courtroom: 750<br><br>[Filed Concurrently With the Declarations of Motty Shulman, Plaintiff Helga Arminak, Plaintiff Armin Arminak, and Gordon J. Zuiderweg, and Plaintiffs' Request For Judicial Notice] |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

# **TABLE OF CONTENTS**

|  |  | Page(s) |
|---|---|---|
| TABLE OF AUTHORITIES | .................................................................... | iv |
| 1. | INTRODUCTION ............................................................... | 1 |
| 2. | PLEADINGS ......................................................................... | 2 |
| 3. | PARTIES ............................................................................... | 2 |
| 4. | FACTS ................................................................................... | 4 |
| 5. | OTHER ACTIONS ............................................................... | 10 |
| 6. | DEFENDANT MARK BOX CANNOT BRING THE INSTANT MOTION TO TRANSFER VENUE BECAUSE HE IS IN DEFAULT ............................................................... | 11 |
| 7. | DEFENDANTS' MOTION TO TRANSFER VENUE SHOULD BE DENIED BECAUSE THE PROFFERED FORUM SELECTION CLAUSES DO NOT APPLY TO THE PARTIES BEFORE THE COURT OR ALL OF THE DISPUTES BEFORE THIS COURT ....................................... | 12 |
| 8. | EVEN IF THE COURT SHOULD DECIDE TO ENFORCE THE PROFFERED FORUM SELECTION CLAUSES, DEFENDANTS' MOTION TO TRANSFER VENUE SHOULD BE DENIED BECAUSE THIS ACTION FALLS WITHIN AN EXCEPTION TO THE FORUM SELECTION CLAUSE ................................................................................ | 14 |

//

//

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

**Page(s)**

9.  DEFENDANTS' MOTION TO TRANSFER VENUE SHOULD BE DENIED BECAUSE THE ENFORCEMENT OF THE FORUM SELECTION CLAUSE AND THE TRANSFER OF THE MATTER TO NEW YORK WOULD CONTRAVENE A STRONG PUBLIC POLICY OF CALIFORNIA AGAINST RESTRICTIVE COVENANTS..  15

10. THE FIRST-TO-FILE RULE IS INAPPLICABLE TO THE MATTER BEFORE THE COURT.........................................  17

11. EVEN IF THE FIRST-TO-FILE RULE APPLIES TO THE TWO COURTS INVOLVED HERE, A FEDERAL COURT AND A NEW YORK STATE COURT, AND TO THE TWO ACTIONS HERE, THE PREVIOUSLY FILED STATE COURT ACTION AND THIS FEDERAL DIVERSITY ACTION, THE FIRST-TO-FILE RULE DOES NOT MANDATE TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK........................................................  19

12. DEFENDANTS' MOTION TO TRANSFER VENUE SHOULD BE DENIED IN THE INTEREST OF JUSTICE..  21

13. DEFENDANTS' MOTION TO TRANSFER VENUE SHOULD BE DENIED BECAUSE EXTRAORDINARY CIRCUMSTANCES UNRELATED TO THE CONVENIENCE OF THE PARTIES EXIST IN THIS CASE..........................................................................  22

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

ii

1

**Page(s)**

14. THE SUBSEQUENTLY FILED NEW YORK ACTION,
WHICH DIFFERS SUBSTANTIALLY FROM THE
INSTANT ACTION, IS IRRELEVANT TO THE MOTION
BEFORE THE COURT............................................................ 23

15. CONCLUSION...................................................................... 25

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

# **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Advanced Bionics Corp. v. Medtronics, Inc.*, 29 Cal.4th 697, 128
Cal.Rptr.2d 172 (2002)................................................................. 18-19

*AM Medica Communications Group v. Kilgallen*, 261 F.Supp.2d
258 (S.D.N.Y. 2003).................................................................... 16

*Apple, Inc. v. Paystar Corp.*, 658 F.3d 1150 (9th Cir. 2011)............. 18

*Atlantic Marine Const. Co., Inc. v. United States District Court*, 134
S.Ct. 568 (2013)............................................................................ 17,   22-23,
25

*Clifton v. Tomb*. 21 F.2d 893 (4th Cir. 1927)................................... 12

*Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009)........................... 15

*Edwards v. Arthur Anderson LLP*, 44 Cal.4th 937, 81 Cal.Rptr.3d
282 (2008)...................................................................................... 15

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947).......... 21

*Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791 (9th Cir.
1996).............................................................................................. 12

*Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237
(9th Cir. 2015).............................................................................. 17-18, 19

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982).. 17, 19

*Robert Half Intern., Inc. v. Ainsworth*, 68 F.Supp.3d 1178 (S.D. Cal.
2014).............................................................................................. 16

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

**Page(s)**

*Silguero v. Creteguard, Inc.*, 187 Cal.App.4th 60, 113 Cal.Rptr.3d
653 (2010).......................................................................... 15

*The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907
(1972)................................................................................. 15

*United Rentals, Inc. v. Pruett*, 296 F.Supp.2d 220 (D.Conn. 2003).. 21

*Van Dusen v. Barrack*, 376 U.S. 612 (1964)...................................... 21


Federal Statutes

28 U.S.C. §1404(a)................................................................... 21

28 U.S.C. §1450....................................................................... 12


California Statutes

*Business And Professions Code* section 16600.............................. 11, 15, 20,
                                                                         21, 22, 24,

*Business And Professions Code* section 17200.............................. 20, 22


Treatises

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2E-7 §2:4598....... 17

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 4-K §4:745.......... 20

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-C §6.42............. 12

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

v

1
2
3
4
5

LAW OFFICES OF
**BARRY K. ROTHMAN**
1901 AVENUE OF THE STARS
SUITE 370
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: (310) 557-0062
TELECOPIER: (310) 557-9080
email: bkr@bkrlegal.com
    Barry K. Rothman, Esq. (SBN 47107)
    Gordon J. Zuiderweg, Esq. (SBN 83101)

6
7

Attorneys for Plaintiffs Helga Arminak
and Armin Arminak

8       UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA

10

| 11 12 | HELGA ARMINAK, an individual; ARMIN ARMINAK, an individual; and ROGER ABADJIAN, an individual, | CASE NO. 2:16-cv-03519-JAK SS(x) |

13                          Plaintiffs,

14      vs.

15

16
17
18
19

ARMINAK & ASSOCIATES, LLC, a Delaware
limited liability company; RIEKE-ARMINAK
CORPORATION, a Delaware Corporation;)
DAVID PRITCHETT, an individual; BILL)
KENT, an individual; MARK BOX, an)
individual; JUDY BARANOWSKI, an)
individual; and Does 1 through 10, inclusive, )

20                          Defendants.

21

**PLAINTIFFS'
MEMORANDUM OF
POINTS AND
AUTHORITIES
SUBMITTED IN
OPPOSITION TO
DEFENDANTS' MOTION
TO TRANSFER VENUE**

Hearing:
Date:        October 3, 2016
Time:        8:30 a.m.
Courtroom: 750

[Filed Concurrently With the
Declarations of Motty Shulman,
Plaintiff Helga Arminak,
Plaintiff Armin Arminak, and
Gordon J. Zuiderweg, and
Plaintiffs' Request For Judicial
Notice]

22
23
24
25

26      **1.    INTRODUCTION.**

27          This Memorandum of Points And Authorities is respectfully submitted in

28      opposition to the Motion To Transfer Venue (Docket No. 18) brought by Defendants

1

Arminak & Associates, LLC, Rieke-Arminak Corporation, David Pritchett, William D. Kent, Mark Box, and Judy Baranowski. It is submitted along with a Declaration of Motty Shulman ("Shulman Declaration"), Declaration of Plaintiff Helga Arminak ("Helga Arminak Declaration"), Declaration of Plaintiff Armin Arminak ("Armin Arminak Declaration"), Declaration of Gordon J. Zuiderweg ("Zuiderweg Declaration"), and Request For Judicial Notice ("Request ").

## 2.   PLEADINGS.

The Complaint on file herein alleges eight causes of action: the First Cause of Action for Declaratory Relief; the Second Cause of Action for Injunctive Relief; the Third Cause of Action for Violation of Business And Professions Code Section 17200; the Fourth Cause of Action for Breach of Contract (Failure To Pay Bonus); the Fifth Cause of Action for Breach of Contract (Failure To Pay Bonus); the Sixth Cause of Action for Breach of Contract (Failure To Pay Bonus); the Seventh Cause of Action for Intentional Infliction of Emotional Distress; and the Eighth Cause of Action for Intentional Infliction Emotional Distress. In state court, Plaintiff Roger Abadjian voluntarily dismissed without prejudice his portion of the case, and, therefore, his causes of action, the Fifth Cause of Action for Breach of Contract and the Eighth Cause of Action for Intentional Infliction of Emotional Distress, have been dismissed.

On June 2, 2016, Defendants filed an Answer (Docket No. 24).

## 3.   PARTIES.

As set forth in their Declarations filed herewith, Plaintiffs Helga Arminak and Armin Arminak are individuals who reside in the County of Los Angeles, State of California. Helga Arminak Declaration, Paragraph 2; Armin Arminak Declaration,

2

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

1   Paragraph 3. They have been California residents for decades.

2        Plaintiffs Helga Arminak and Armin Arminak, and Roger Abadjian are and,

3   at all times relevant to this case, were the owners of all of the issued and outstanding

4   shares of HRA Holding Corporation, a California corporation, and the owners of all

5   of the membership interests in NC Holding, LLC, a California limited liability

6   company.   Helga Arminak Declaration, Paragraph s 6-7; Armin Arminak

7   Declaration, Paragraphs 6-7. Prior to February 24, 2012, HRA Holding Corporation

8   owned 99% of the membership interests of Arminak & Associates, Inc., a California

9   corporation, and Defendant Arminak & Associates, LLC, and  NC Holding, LLC,

10  owned 1% of the membership interests of Arminak & Associates, Inc., a California

11  corporation, and Defendant Arminak & Associates, LLC.

12       Defendant Arminak & Associates, LLC, is a Delaware limited liability

13  company doing business in the State of California, and is a subsidiary of TriMas

14  Corporation, a Delaware corporation.  Answer, Docket No. 24, Paragraph 6, Page

15  2, Line 22, to Page 3, Line 5.  Defendant Arminak & Associates, LLC, is engaged

16  in the packaging industry.  Answer, Docket No. 24, Paragraph 6, Page 2, Line 22,

17  to Page 3, Line 5. Defendant Arminak & Associates, LLC, is the successor in

18  interest to Arminak & Associates, Inc., a California corporation.  Answer, Docket

19  No. 24, Paragraph 6, Page 2, Line 22, to Page 3, Line 5.  Arminak & Associates,

20  Inc., was a cosmetics packaging business engaged in the design, manufacture, and

21  supply of foamers, lotion pumps, fine mist sprayers, and other packaging solutions

22  for cosmetics, personal care, beauty aids, and household products. Helga Arminak

23  Declaration, Paragraph 5.

24       Defendant Rieke-Arminak Corporation is a Delaware corporation. Answer,

3

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

Docket No. 24, Paragraph 7, Page 3, Lines 6-9.

Defendant David Pritchett is the President of Defendants Arminak & Associates, LLC, and Rieke-Arminak Corporation. Declaration of David Pritchett, Docket No. 1-1, Paragraph 1.

Defendant Bill Kent is the Vice President, Treasurer, and Divisional Finance Office of Defendant Arminak & Associates, LLC. Declaration of William Kent, Docket No. 1-3, Paragraph 1.

Defendant Judy Baranowski is the Vice-President of Global Operations for Rieke Corporation. Declaration of Judy Baranowski, Docket No. 1-6, Paragraph 1.

Defendant Mark Box is a defaulted defendant in this matter. Zuiderweg Declaration, Paragraphs 4-6; Request, Facts 1-3 and Exhibit 16.

### 4.    FACTS.

In 1999, Plaintiff Helga Arminak started a cosmetic packaging business, Arminak & Associates, which was incorporated in 2001 as Arminak & Associates, Inc. The principal place of business for Arminak & Associates, Inc., was at 1350 Mountain View Circle, Azusa, California 91702. Helga Arminak Declaration, Paragraph 5.

On or about February 24, 2012, Rieke-Arminak, as the buyer, and HRA Holding Corporation, as the seller, entered into a Purchase Agreement wherein Rieke-Arminak purchased 70% of the interest of HRA Holding Corporation in Arminak & Associates, Inc., and Defendant Arminak & Associates, LLC, for $59 million. Plaintiffs Helga Arminak and Armin Arminak, and Roger Abadjian were referenced in the Purchase Agreement as "Shareholders" and signed the Purchase Agreement along with Arminak & Associates, Inc., and Defendant Arminak &

Associates, LLC, through the signature of Plaintiff Helga Arminak, who acted as their representative in the execution of the Purchase Agreement. A true and correct copy of the February 24, 2012 Purchase Agreement is attached as Exhibit A to the Complaint on file herein. Helga Arminak Declaration, Paragraph 12; Armin Arminak Declaration, Paragraph 12.

Section 9.2 of the Purchase Agreement on Pages 52 and 53 of the Purchase Agreement contains in Subsection (a) a non-competition clause pursuant to which HRA Holding Corporation, NC Holding, LLC, Plaintiffs Helga Arminak, and Armin Arminak putatively may not, with certain exceptions, directly or indirectly own any interest in, manage, control, participate in, consult with, render services for, or in any way engage in any competing business in the "Restricted Territories," which was defined as the world. Helga Arminak Declaration, Paragraph 13; Armin Arminak Declaration, Paragraph 13.

Section 9.2 of the Purchase Agreement on Page 53 of the Purchase Agreement also contains in Subsection (b) a covenant not to solicit or service customers, suppliers, licenses, licensors, or other business relations of Defendant Arminak & Associates, LLC, including any person who was a customer, supplier, or other potential business relation during the twelve month period immediately prior to such call, solicitation, or service. Helga Arminak Declaration, Paragraph 14; Armin Arminak Declaration, Paragraph 14.

Also on February 24, 2012, Plaintiffs Helga Arminak and Armin Arminak, and Roger Abadjian entered into Employment Agreements with Defendant Arminak & Associates, LLC, wherein they were each employed for compensation as "Executives" for Defendant Arminak & Associates, LLC. Plaintiff Helga Arminak

5

LAW OFFICES OF
BARRY K. ROTHMAN
1801 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

was employed as President.  Plaintiff Armin Arminak was employed as the Vice President of Engineering. True and correct copies of the Employment Agreements for Plaintiff Helga Arminak and Plaintiff Armin Arminak are attached as Exhibits B and C, respectively, to the Complaint on file herein. Helga Arminak Declaration, Paragraph 16; Armin Arminak Declaration, Paragraph 16.

On Page 8 of the Employment Agreements, Section 7 provides:

"In connection with the consideration to be paid under the Purchase Agreement, Executive has agreed to be bound by certain covenants as more fully described in Section 9.2 of the Purchase Agreement. Executive hereby acknowledges acceptance of and agreement to such restrictive covenants."

Helga Arminak Declaration, Paragraph 17; Armin Arminak Declaration, Paragraph 17.

Section 19 of the Employment Agreements (Exhibits B and C to the Complaint on file herein) provides:

"All issues concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to any choice of law or conflict of laws rules or provisions (whether of the State of California or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of California."

Helga Arminak Declaration, Paragraph 18; Armin Arminak Declaration, Paragraph 18.

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

6

In December 2013, Defendants Rieke-Arminak and Arminak & Associates, LLC, notified Plaintiff Helga Arminak of their intention to exercise their "Put/Call Rights" to purchase the remaining 30% interest of HRA Holding Corporation and NC Holding, LLC, in Defendant Arminak & Associates, LLC. Defendants Rieke-Arminak and Arminak & Associates, LLC, offered HRA Holding Corporation and NC Holding, LLC, $27 million for the remaining 30%. That offer was rejected. Negotiations for the purchase of remaining 30% immediately ensued. Helga Arminak Declaration, Paragraph 20; Armin Arminak Declaration, Paragraph 20.

On or about March 11, 2014, Defendants Rieke-Arminak and Arminak & Associates, LLC, as buyers, and HRA Holding Corporation and NC Holding, LLC, as sellers, entered into the Unit Purchase Agreement, wherein Defendants Rieke-Arminak and Arminak & Associates, LLC, purchased the 30% interest of HRA Holding Corporation and NC Holding, LLC, in Defendant Arminak & Associates, LLC. A true and correct copy of the Unit Purchase Agreement is attached as Exhibit D to the Complaint on file herein. Helga Arminak Declaration, Paragraph 21; Armin Arminak Declaration, Paragraph 21.

On Page 6 of the Unit Purchase Agreement, Section 4(a) provides:

"Non-Competition; Non-Solicitation; Non-Disparagement. The Parties agree that Section 9.2 of the Purchase Agreement shall remain in full force and effect in accordance with the terms of the Purchase Agreement; provided that the definition of '**Restricted Period**' for purposes of Section 9.2 of the Purchase Agreement shall be amended to mean the period commencing on the Closing (as defined in the Purchase Agreement) and ending on March 31, 2019."

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

Helga Arminak Declaration, Paragraph 22; Armin Arminak Declaration, Paragraph 22.

Exhibit 5 to the Unit Purchase Agreement sets forth "Dispute Resolution Procedures". Section C of the Dispute Resolution Procedures provides in pertinent part:

> "Notwithstanding anything to the contrary ... and without prejudice to the above procedures, any Party may apply to any court of competent jurisdiction for temporary injunctive relief or other provisional judicial relief if such action is necessary to avoid irreparable damage or to preserve the status quo until such time as the arbitration is initiated and the arbitrator is available to hear such request for temporary relief."

Helga Arminak Declaration, Paragraph 23; Armin Arminak Declaration, Paragraph 23.

Also on or about March 11, 2014, Defendant Arminak & Associates, LLC, and Plaintiff Helga Arminak entered into an Amended And Restated Employment Agreement, which amended Helga Arminak's February 24, 2012 Employment Agreement, and further employed Plaintiff Helga Arminak for compensation as an "Executive" for Defendant Arminak & Associates, LLC. A true and correct copy of the Amended And Restated Employment Agreement is attached as Exhibit E to the Complaint on file herein.

On Page 9 of the Amended And Restated Employment Agreement, Section 7 provides:

> "In connection with the consideration to be paid under the Purchase Agreement, Executive has agreed to be bound by certain covenants as

8

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

1    more fully described in Section 9.2 of the Purchase Agreement, as
2    clarified by Section 4(a) of the Unit Purchase Agreement. Executive
3    hereby acknowledges and confirms the Executive's acceptance of and
4    agreement to such restrictive covenants."
5
6    Helga Arminak Declaration, Paragraph 25.

7    Section 19 of the Amended And Restated Employment Agreement provides:
8    "All issues concerning the construction, validity, enforcement and
9    interpretation of this Agreement shall be governed by and construed in
10   accordance with the laws of the State of California, without giving
11   effect to any choice of law or conflict of laws rules or provisions
12   (whether of the State of California or any other jurisdiction) that would
13   cause the application of the laws of any jurisdiction other than the State
14
15   of California."
16   Helga Arminak Declaration, Paragraph 26.

17   Plaintiff Helga Arminak gave notice of her resignation of her position as
18   President of Defendant Arminak & Associates, LLC, on or about January 7, 2016.
19
20   Helga Arminak Declaration, Paragraph 28.

21   Plaintiff Armin Arminak gave notice of his resignation of his position as the
22   Vice-President of Engineering of Defendant Arminak & Associates, LLC, on or
23   about February 1, 2016, to be effective in thirty days as provided in the Employment
24   Agreement. On February 4, 2016, in violation of the provisions of the Employment
25   Agreement, Defendant Mark Box terminated Plaintiff Armin Arminak's
26   employment with Arminak & Associates, LLC. Armin Arminak Declaration,
27   Paragraph 25.
28

9

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

## 5.   OTHER ACTIONS.

On or about February 4, 2016, Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, commenced an action in the Supreme Court of the State of New York, County of New York - *Rieke-Arminak Corporation, et al. v. Helga Arminak, et al.*, Index No. 650568/2016 (hereinafter sometimes referred to as "the previously filed New York state action"). The defendants in said action are Helga Arminak, Armin Arminak, Roger Abadjian, NC Holding, LLC, and HRA Holding Corporation. The above-mentioned action is for declaratory judgment and breach of contract. Both damages and injunctive relief are sought. True and correct copies of the Notice of Commencement of Action Subject To Mandatory Electronic Filing and Summons With Notice are attached as Exhibits 2 and 3, respectively, to the Shulman Declaration and to the Request For Judicial Notice filed herewith.

As is set forth in the Declaration of Motty Shulman filed herewith, Plaintiffs' New York counsel (Boies, Schiller and Flexner), have filed an amended complaint on behalf of Helga Arminak, Armin Arminak, HRA Holding Corp., and NC Holding, LLC, in the Commercial Division of the Supreme Court of the State of New York, New York County, *Arminak v. TriMas Corp.*, Index No. 651784/2016 (the "New York Action"). A true and correct copy of the amended complaint is attached hereto as Exhibit 1 to the Shulman Declaration and Exhibit 1 to the Request For Judicial Notice. Shulman Declaration, Paragraph 2.

While the cases involve some overlapping facts and events, the New York Action is different from this case. While there is some overlap, this action involves different parties than the New York Action. On the plaintiffs' side, the New York Action includes HRA Holding Corporation and NC Holding LLC, who are not

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

10

plaintiffs in this action. On the defendants' side, this action includes David Pritchett, Bill Kent, Mark Box, and Judy Baranowski, none of whom are defendants in the New York Action. Shulman Declaration, Paragraph 3.

The New York Action and this action also differ as to claims. This case includes claims based on the Employment Agreements of Helga Arminak and Armin Arminak, including claims for declaratory and injunctive relief with regard to the Employment Agreements' non-competition provisions. The New York Action currently does not. Each of the Employment Agreements contains a choice of law provision that designates California law as controlling over the construction, validity, enforcement and interpretation of the Employment Agreements. In addition, this action includes a claim by Helga Arminak for intentional infliction of emotional distress. The New York Action does not. Shulman Declaration, Paragraph 4.

This case also involves *California Business And Professions Code* section 16600, which the New York Action does not. *California Business And Professions Code* section 16600 which states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." There is no analogous statute or public policy in New York. In New York, the courts enforce restrictive covenants to the extent that they are reasonable in time and area. Shulman Declaration, Paragraph 5.

## 6.   **DEFENDANT MARK BOX CANNOT BRING THE INSTANT MOTION TO TRANSFER VENUE BECAUSE HE IS IN DEFAULT.**

11

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

As is set forth in the Zuiderweg Declaration (Paragraphs 4-8) and in the Request For Judicial Notice (Facts 1-5, and Exhibits 14-16), before the May 20, 2016 removal from state court to this court, on April 7, 2016, default was entered against Defendant Mark Box in the Los Angeles County Superior Court.  There was a motion to set aside the default set for August 9, 2016, in state court.  However, that motion was not heard prior to removal, and the Mark Box default remains in place. After removal, a federal court  takes the case up where the state court left it off. *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996). "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. §1450. Therefore, as the case stands now, in this court, Defendant Mark Box is in default. "Entry of a defendant's default cuts off his or her right to appear in the action or to present evidence. [*Clifton v. Tomb* (4th Cir. 1927) 21 F2d 893, 897]" Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-C §6.42.

Plaintiffs have filed a Motion To Strike The Answer as to Defendant Mark Box (Docket No. 33), and Defendant Mark Box has filed a Motion To Set Aside Default (Docket No. 32).

## 7. DEFENDANTS' MOTION TO TRANSFER VENUE SHOULD BE DENIED BECAUSE THE PROFFERED FORUM SELECTION CLAUSES DO NOT APPLY TO THE PARTIES BEFORE THE COURT OR ALL OF THE DISPUTES BEFORE THIS COURT.

The forum selection clauses under consideration herein are part of the Dispute Resolution Procedures incorporated into the Purchase Agreement and Unit Purchase

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

Agreement. Under their own terms, those Dispute Settlement Procedures apply to "... any dispute or disagreement between the parties arising out of or in any way relating to the Agreement, including disputes or disagreements regarding indemnity claims under the Agreement, tort and any other claims...."

As set forth above, the parties to the Purchase Agreement are Rieke-Arminak, as the buyer, and HRA Holding Corporation, as the seller. Plaintiffs Helga Arminak and Armin Arminak are not parties to the Purchase Agreement. They are referred to as "Shareholders", and they signed the Purchase Agreement, through Helga Arminak, as such, but Plaintiffs are not parties to the Purchase Agreement. Therefore, they are not subject to the forum selection clause in the Purchase Agreement.

As set forth above, the parties to the Unit Purchase Agreement are Defendants Rieke-Arminak and Arminak & Associates, LLC, as buyers, and HRA Holding Corporation and NC Holding, LLC, as sellers. Once again, Plaintiffs are referenced as "Shareholders", but Plaintiffs are not parties to the Unit Purchase Agreement. Therefore, they are not subject to the forum selection clause in the Unit Purchase Agreement.

Additionally, the Dispute Resolution Procedures are limited to disputes or disagreements between the parties "arising out of or in any way relating to the Agreement [whether the Purchase Agreement or the Unit Purchase Agreement]". The Seventh Cause of Action for Intentional Infliction of Emotional Distress in the Complaint on file herein does not arise out of or in any way relate to the Purchase Agreement or Unit Purchase Agreement. It arises out of the <u>individual</u> defendants' extreme and outrageous conduct toward Plaintiff Helga Arminak which resulted in

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

13

1  severe emotional distress to Plaintiff Helga Arminak.

2  **8.    EVEN IF THE COURT SHOULD DECIDE TO ENFORCE**

3  **THE PROFFERED FORUM SELECTION CLAUSES,**

4  **DEFENDANTS' MOTION TO TRANSFER VENUE**

5  **SHOULD BE DENIED BECAUSE THIS ACTION FALLS**

6  **WITHIN AN EXCEPTION TO THE FORUM SELECTION**

7  **CLAUSE.**

8

9       In their respective Dispute Resolution Procedures, both the Purchase

10 Agreement (Exhibit D) and Unit Purchase Agreement (Exhibit 5(d) - 4) provide: "...

11 any party may apply to any court of competent jurisdiction for temporary injunctive

12 or other provisional relief ...."  The Dispute Resolution Procedures in the Purchase

13 Agreement and Unit Purchase Agreement also provide immediately thereafter that:

14 "... either Party may bring suit in any court of competent jurisdiction to obtain

15 injunctive relief where appropriate."  Plaintiffs have done precisely that.  Exhibit A

16 to the Complaint, Dispute Resolution Procedures, Section C; Exhibit D to the

17 Complaint, Dispute Resolution Procedures, Section C.

18      As the Court knows, in this action, Plaintiffs seek injunctive relief enjoining

19 Defendants and their employees, agents, and persons acting with them or on their

20 behalf from in any way enforcing or attempting to enforce the illegal and void non-

21 competition and non-solicitation provisions of the Purchase Agreement, the

22 Employment Agreements, the Unit Purchase Agreement, and the Amended And

23 Restated Employment Agreement.

24      Plaintiffs are seeking injunctive relief.  Thus, this action falls squarely within

25 the stated exception to the forum selection clause.  Thus, Defendants' Motion should

14

be denied.

9.   **DEFENDANTS' MOTION TO TRANSFER VENUE SHOULD BE DENIED BECAUSE THE ENFORCEMENT OF THE FORUM SELECTION CLAUSE AND THE TRANSFER OF THE MATTER TO NEW YORK WOULD CONTRAVENE A STRONG PUBLIC POLICY OF CALIFORNIA AGAINST RESTRICTIVE COVENANTS.**

Federal courts have the discretion to refuse to enforce forum selection clauses if the requested transfer would contravene a strong public policy of the forum in which the suit is brought, whether that public policy is declared by statute or by judicial decision. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907 (1972);  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009).

In this action, Plaintiffs are asserting their rights under *Business And Professions Code* section 16600, which provides:   "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

It is well settled that Section 16600 evinces a settled legislative policy in California in favor of open competition and employee mobility. *Edwards v. Arthur Anderson LLP*, 44 Cal.4th 937, 946, 81 Cal.Rptr.3d 282, 291 (2008); *Silguero v. Creteguard, Inc.*, 187 Cal.App.4th 60, 67-68, 113 Cal.Rptr.3d 653, 659 (2010). This law protects Californians, ensures that everyone shall retain the right to pursue any lawful employment and enterprise of their choice, and protects the important legal right of persons to engage in businesses and occupations of their choosing. *Id.*

There is no analogous statute or public policy in New York. Shulman

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

15

Declaration, Paragraph 5. The United States District Court, Southern District of New York described the policy of the Second Circuit and the law of New York as follows:

> "The Second Circuit 'disfavor[s] restrictive covenants in the employment context,' enforcing them 'only to the extent they are reasonable and necessary to protect valid business interests.' *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 254 (2d Cir.2002). Thus, New York courts have enforced restrictive covenants only 'to the extent that [the covenant] is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee.' *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 690 N.Y.S.2d 854, 712 N.E.2d 1220, 1223 (1999)."

*AM Medica Communications Group v. Kilgallen*, 261 F.Supp.2d 258, 262 (S.D.N.Y. 2003).

This is a far different approach than California's strong public policy against restrictive covenants. Under California law, with very limited exceptions, covenants not to compete are void whether or not they are unreasonable or overbroad. *Robert Half Intern., Inc. v. Ainsworth*, 68 F.Supp.3d 1178, 1184-1185 (S.D. Cal. 2014).

Plaintiffs respectfully submit that the granting of the motion to transfer venue and the transfer of this case to the Southern District of New York would contravene the strong public policy of California in favor of open competition and employee mobility because of the vast difference between the laws and approaches of California and New York.

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

16

Plaintiffs are aware that there is some question as to the application of the *Bremen* standards to issues of the enforceability of forum selection clauses after the Supreme Court's decision and analysis in the case of *Atlantic Marine Const. Co., Inc. v. United States District Court*, 134 S.Ct. 568 (2013), which is discussed below. However, Plaintiffs submit that the analysis in *Bremen* and its progeny in regard to violation of public policy by a forum selection clause still holds and should be applied here.

## 10.   THE FIRST -TO- FILE RULE IS INAPPLICABLE TO THE MATTER BEFORE THE COURT.

Defendants argue that the first-to-file rule provides another basis for the transfer of this action to the United States District Court, Southern District of New York. Defendants' Memorandum (Docket No. 18-1), Page 4, Line 13 to Page 5, Line 10, and Page 12, Line 8 to Page 14, Line 5.

The first-to-file rule, however, is inapplicable to the matter before the Court.

"'The first-to-file' rule allows a district court to stay proceedings when a similar case with substantially similar issues and parties has already been filed in another district court."

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2E-7 §2:4598.

The first-to-file rule allows a district court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

district court." *Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015), citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

> "We have described the first to file rule as 'a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'"

*Apple, Inc. v. Paystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011)

Clearly, the federal first-to-file rule, at least as defined and applied in the Ninth Circuit, applies only where the asserted previously filed action is an action in another United States District Court. Such is not the case here. The previously filed case espoused by Defendants in this matter is an action in state court in New York. Defendants' Memorandum (Docket No. 18-1), Page 4, Line 13 to Page 5, Line 10, and Page 12, Line 8 to Page 14, Line 5; Rubenstein Declaration (Docket No. 18-2), Page 2, Line 3-22. Therefore, under the above-cited law, the first-to-file rule does not apply since the previously filed action is a state court action not a district court action.

The result would be the same under the California first-filed rule.

> "The first-filed rule in California means that when two courts of the same sovereignty have concurrent jurisdiction,, the first to assume jurisdiction over a particular subject matter of a particular controversy takes it exclusively, and the second court should not thereafter assert control over that subject matter. The first filed rule 'was never meant to apply where the two courts involved are not courts of the same

18

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

1   sovereignty.'"

2   *Advanced Bionics Corp. v. Medtronics, Inc.*, 29 Cal.4th 697, 707, 128 Cal.Rptr.2d

3   172, 179 (2002) [quoting *Compagnie des Bauxites de Guinea v. Insurance Company*

4   *of North America*, 651 F.2d 877, 887, fn, 10 (3d Cir. 1981)]

5

6       The two court involved here, this Court and the New York state court, are not

7   of the same sovereignty, and, therefore, the California first-filed rule would not

8   apply herein.

9       **11.   EVEN IF THE FIRST-TO-FILE RULE APPLIES TO THE**

10          **TWO COURTS INVOLVED HERE, A FEDERAL COURT**

11          **AND A NEW YORK STATE COURT, AND TO THE TWO**

12          **ACTIONS HERE, THE PREVIOUSLY FILED STATE**

13          **COURT ACTION AND THIS FEDERAL DIVERSITY**

14          **ACTION, THE FIRST-TO-FILE RULE DOES NOT**

15          **MANDATE TRANSFER TO THE SOUTHERN DISTRICT**

16          **OF NEW YORK.**

17

18       As set forth above, the first-to-file rule applies only when the previously filed

19   case involves the same parties and issues or substantially similar issues and parties

20   and was previously filed in another district court. *Pacesetter Sys., Inc. v. Medtronic,*

21   *Inc.*, 678 F.2d 93, 95 (9th Cir. 1982);  *Kohn Law Group, Inc. v. Auto Parts Mfg.*

22   *Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).  Such is not the case here.

23       True and correct copies of the Notice of Commencement of Action Subject

24   To Mandatory Electronic Filing and Summons With Notice are attached as Exhibits

25   2 and 3, respectively, to the Shulman Declaration and to the Request For Judicial

26   Notice filed herewith.   There is clearly a difference in parties and issues.

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

19

Defendants Mark Box, Bill Kent, Judy Baranowski, and David Pritchett are not parties to the previously filed New York state action. California's *Business And Professions Code* sections 16600 and 17200 are a very important part of this litigation. Complaint, Pages 1-13. Those statutes are not mentioned in the New York state action. Further, there is no equivalent or related claim in the New York state court action to the Seventh Cause of Action for Intentional Infliction of Emotional Distress brought by Plaintiff Helga Arminak against the individual defendants herein in the Complaint on file herein. Complaint, Page 16, Line 12 to Page 17, Line 23.

It is clear that the New York state court case does not involve the same parties or issues, or even substantially the same parties or issues. Therefore, the first-to-file rule does not apply, and certainly does not mandate transfer of this action to the United States District Court, Southern District of New York.

The following should also be noted.

"While courts will give consideration to the first case to be filed, the so-called presumption favoring the first filed action is only one factor for the court to consider. The presumption carries little weight when little progress has been made in the first case, and no weight when the court finds bad faith or forum-shopping by the first-filing party."

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 4-K §4:745.

In this case, there is no evidence that the previously filed New York state action has made any progress at all. Indeed, the parties to that action are currently negotiating a stipulation to dismiss the action. Shulman Declaration, Paragraph 6.

//

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

12. **DEFENDANTS' MOTION TO TRANSFER VENUE SHOULD BE DENIED IN THE INTEREST OF JUSTICE.**

Defendants are bringing their Motion To Transfer Venue pursuant to 28 U.S.C. §1404(a), which provides:

> "For the convenience of parties and witnesses, **in the interest of justice**, a district court may transfer any civil action to any other district or division where it might have been brought or to any district of division to which all parties have consented." [Emphasis added]

In this case, the interest of justice dictates that Defendants' Motion be denied. Federal courts have longed recognized that there is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that is going to govern the case. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839 (1947); *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964).

In the case of *United Rentals, Inc. v. Pruett*, 296 F.Supp.2d 220 (D.Conn. 2003), the district court in Connecticut granted the defendant's motion to transfer the case to the Central District of California. The plaintiff had commenced the suit against a former employee for an alleged breach of the restrictive covenants in an employment agreement. The district court determined that California law, which included *Business And Professions Code* section 16600 and a strong California public policy favoring employee mobility, would apply. In granting the motion to transfer the case to California, the Connecticut district court stated: "It is in the interest of justice for a court with the most familiarity with the applicable state law to hear the case." *Id.* at 230.

In the case before this Court, two of the subject documents are employment

21

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

agreements (Exhibits B and C to the Complaint on file herein), which both contain a choice of law clause designating California law as the applicable law. Further, the First and Second Causes of Action are based on *Business And Professions Code* section 16600, and the Third Cause of Action is for a violation of California's *Business And Professions Code* section 17200. Clearly, the law of California will play a key and central role in this litigation. As is set forth in the above-cited law, it is appropriate and in the interest of justice that a court with the most familiarity with the applicable state law, in this case the law of California, to hear the case. Plaintiffs respectfully submit that this Court has far more familiarity with the applicable California law than the United States District Court for the Southern District of New York. It is, thus, in the interest of justice that Defendants' Motion be denied, and that this matter remain in the Central District of California.

### 13.  DEFENDANTS' MOTION TO TRANSFER VENUE SHOULD BE DENIED BECAUSE EXTRAORDINARY CIRCUMSTANCES UNRELATED TO THE CONVENIENCE OF THE PARTIES EXIST IN THIS CASE.

In the case of *Atlantic Marine Const. Co., Inc. v. United States District Court*, 134 S.Ct. 568 (2013), the Supreme Court stated:

> "When the parties have agreed to a forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. [footnote deleted] Only under extraordinary circumstances unrelated to the convenience of the parties should a §1404(a) motion be denied."

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

22

*Atlantic Marine Const. Co., Inc. v. United States District Court*, 134 S.Ct. 568, 581 (2013).

Plaintiffs respectfully submit that such extraordinary circumstances exist here. They are discussed above in detail. The proffered forum selection clause does not apply to the parties or all of the disputes before this Court. Further, this action falls within a stated exception to the forum selection clause regarding injunctive relief. Further, the enforcement of the proffered forum selection clause would contravene a strong public policy of the State of California regarding restrictive covenants which restrain anyone from engaging in a lawful profession, trade, or business. Finally, the proffered forum selection clause should not be enforced in the interest of justice because the requested transfer would transfer this case from a court familiar with the applicable law to one unfamiliar with the applicable law (*California Business And Professions Code* sections 16600 and 17200).

Plaintiffs respectfully submit that all of the above constitute "extraordinary circumstances", and, thus, Defendants' Motion To Transfer Venue should be denied.

## 14. THE SUBSEQUENTLY FILED NEW YORK ACTION, WHICH DIFFERS SUBSTANTIALLY FROM THE INSTANT ACTION, IS IRRELEVANT TO THE MOTION BEFORE THE COURT.

In their Motion To Transfer Venue, Defendants raise the issue of the New York case of *Arminak v. TriMas Corp.*, Index No. 651784/2016, which was filed subsequently to this action. Defendants' Memorandum, Page 5, Lines 11-22.

That action is discussed in detail in the Shulman Declaration filed herewith. Motty Shulman is a New York attorney and a member of Boies, Schiller and

23

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

Flexner, counsel for Plaintiffs in matters other than this case. He filed an amended complaint on behalf of Helga Arminak, Armin Arminak, HRA Holding Corp., and NC Holding, LLC, in the above-referenced case of *Arminak v. TriMas Corp.*, Index No. 651784/2016.

While the cases involve some overlapping facts and events, the New York action is different from this action.   While there is some overlap, this action involves different parties than the New York action. On the plaintiffs' side, the New York action includes HRA Holding Corporation and NC Holding LLC, who are not plaintiffs in the California action.  On the defendants' side, this action includes David Pritchett, Bill Kent, Mark Box, and Judy Baranowski, none of whom are defendants in the New York action.

The New York action and this action also differ as to claims.  The action includes claims based on the Employment Agreements of Helga Arminak and Armin Arminak, including claims for declaratory and injunctive relief with regard to the Employment Agreements' non-competition provisions. The New York action does not.  In addition, this action includes a claim by Plaintiff Helga Arminak for intentional infliction of emotional distress. The New York action does not include such an claim. This action also involves *California Business And Professions Code* section 16600, which the New York action does not.  Mr. Shulman has read *California Business And Professions Code* section 16600.  There is no analogous statute or public policy in New York. In New York, the courts enforce restrictive covenants to the extent that they are reasonable in time and area.

The subsequently filed New York action and this action are very different, and, thus, that New York case and its filing are irrelevant to the proposed transfer

24

LAW OFFICES OF
BARRY K. ROTHMAN
1901 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

of this matter to the Southern District of New York.

## 15.   **CONCLUSION.**

Plaintiffs request that Defendants' Motion be denied for a variety of reasons. First, the proffered forum selection clause does not apply to the parties or all of the disputes before this Court. Second, this action falls within an stated exception to the forum selection clause regarding injunctive relief.  Third, the enforcement of the proffered forum selection clause would contravene a strong public policy of the State of California regarding restrictive covenants. Fourth, the first-to-file rule does not apply here because the previously filed case was filed in state court not another federal district court. Fifth, even if the first-to-file rule does apply here, it would not support transfer of this case to the Southern District of New York because the two cases are not identical or substantially similar as to parties and claims.  Sixth, the proffered forum selection clause should not be enforced in the interest of justice because the requested transfer would transfer this case from a court familiar with the applicable law to one unfamiliar with the applicable law.  Seventh and finally, all of the above constitute "extraordinary circumstances" which justify denying Defendants' Motion under the *Atlantic Marine* case.


Dated:      July 1, 2016              LAW OFFICES OF BARRY K. ROTHMAN



                                      By *Gordon J. Zuiderweg*
                                      Gordon J. Zuiderweg, Esq.
                                      Attorney For Plaintiffs Helga Arminak, and
                                      Armin Arminak

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

LAW OFFICES OF
BARRY K. ROTHMAN
1801 AVENUE OF THE STARS, SUITE 370
LOS ANGELES, CALIFORNIA 90067

# **PROOF OF SERVICE**

I, Gordon J. Zuiderweg, declare as follows:

I am an attorney at law duly licensed to practice before all the courts of the State of California, and I am a member of the Law Offices of Barry K. Rothman, attorneys for Plaintiffs herein. I am over the age of 18 and not a party herein. My business address is the Law Offices of Barry K. Rothman, 1901 Avenue of the Stars, Suite 370, Los Angeles, California 90067.

On July 1, 2016, I deposited in the mail at Los Angeles, California, a true and correct copy of the foregoing PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, in a sealed envelope, with postage prepaid, addressed as set forth below:

James L. Sanders
Carla M. Wirtschafter
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, California 90067-6078

I declare under penalty of perjury under the laws of the State of California and those of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California, on July 1, 2016.



Gordon J. Zuiderweg, Esq.

---

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE