1 | James L. Sanders (SBN 126291)
Email:   jsanders@reedsmith.com
2 | Carla M. Wirtschafter (SBN 292142)
Email:   cwirtschafter@reedsmith.com
3 | REED SMITH LLP
1901 Avenue of the Stars, Suite 700
4 | Los Angeles, CA  90067-6078
Telephone: +1 310 734 5200
5 | Facsimile: +1 310 734 5299
Attorneys for Defendants
6 | ARMINAK & ASSOCIATES, LLC,
RIEKE-ARMINAK CORPORATION,
7 | DAVID PRITCHETT, WILLIAM D. KENT
(sued as BILL KENT), MARK BOX and
8 | JUDY BARANOWSKI

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELGA ARMINAK, an individual; ARMIN ARMINAK, an individual; and ROGER ABADJIAN, an individual, | Case Number: 2:16-cv-03519 JAK (SSx) |
| Plaintiffs, | **DEFENDANTS ARMINAK & ASSOCIATES, LLC, RIEKE-ARMINAK CORPORATION, DAVID PRITCHETT, WILLIAM D. KENT, MARK BOX AND JUDY BARANOWSKI'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS HELGA ARMINAK AND ARMIN ARMINAK'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE (28 U.S.C. § 1404(a))** |
| vs. | |
| ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; RIEKE-ARMINAK CORPORATION, a Delaware Corporation; DAVID PRITCHETT, an individual; BILL KENT, an individual; MARK BOX, an individual; JUDY BARANOWSKI, an individual; and Does 1 through 10, inclusive, | |
| Defendants. | *[Filed Concurrently With Supplemental Declaration of Melissa I. Rubenstein; Objections to Plaintiffs' Evidence; [Proposed] Order Re Defendants' Objections to Plaintiffs' Evidence]* |
| | Date:  October 3, 2016
Time: 8:30 a.m.
Place: Courtroom 750 |
| | Honorable John A. Kronstadt |

Case No: 2:16-cv-03519 JAK (SSx)

## TABLE OF CONTENTS

Page

I. PLAINTIFFS' LAWSUIT IS SUBJECT TO A MANDATORY FORUM SELECTION CLAUSE ..................................................................................1

    A. Plaintiffs Expressly Agreed To The Forum Selection Clause .........................1

    B. The New York Forum Selection Clause Applies to Plaintiffs' Claims ..........2

    C. Plaintiffs Have Not Met Their Burden To Justify Ignoring The Mandatory Forum Selection Clause ..................................................................................3

    D. There Are No Extraordinary Circumstances That Would Justify Ignoring The Bargained For Mandatory New York Forum Selection Clause ..............4

        1. The Covenants Are Valid Under New York Law .................................4

        2. The Covenants Are Also Valid Under California Law .........................5

II. PLAINTIFFS INJUNCTIVE RELIEF CLAIMS DO NOT PREVENT TRANSFER..............8

III. CONCLUSION ..........................................................................................................10

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No: 2:16-cv-03519 JAK (SSx)   – i –

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE (28 U.S.C. § 1404(a))

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Bionics Corp. v. Medtronic, Inc.*,
   29 Cal. 4th 697 (2002) ..................................................................................... 9

*Alliant Ins. Servs., Inc. v. Gaddy*,
   159 Cal. App. 4th 1292 (2008) ................................................................. 5, 6, 7

*Apple Inc. v. Pystar Corp.*,
   658 F.3d 1150 (2011) ....................................................................................... 9

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
   134 S. Ct. 568 (2013) .................................................................................. 3, 7

*Brintec Corp. v. Akzo N.V.*,
   514 N.Y.S.2d 18 (1st Dep't 1987) .................................................................... 4

*Doe 1 v. AOL LLC*,
   552 F.3d 1077 (9th Cir. 2009) .......................................................................... 8

*Edwards v. Arthur Andersen LLP*,
   44 Cal.4th 937 (2008) ....................................................................................... 5

*Eric Woods, LLC v. Schrade*,
   998 N.Y.S.2d 306 (Sup. Ct. Albany County, Oct. 2, 2014) ............................. 4

*Hilb, Rogal & Hamilton Ins. Servs. v. Robb*,
   33 Cal. App. 4th 1812 (1995) ........................................................................... 5

*Kohn Law Group Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
   787 F.3d 1237 (9th Cir. 2015) .......................................................................... 9

*Lerner v. Windstream Commc'ns, Inc.*,
   2016 WL 2855807 (C.D. Cal. May 16, 2016) ................................................. 7

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) .............................................................................................. 7

*Martinez v. Martinez*,
   41 Cal. 2d 704 (1953) ....................................................................................... 7

*Monogram Indus., Inc. v. Sar Indus., Inc.*,
   64 Cal. App. 3d 692 (1976) ..................................................................... 5, 6, 7

*NewLife Scis. v. Weinstock*,
   197 Cal. App. 4th 676 (2011) ........................................................................... 7

Case No: 2:16-cv-03519 JAK (SSx)                    – ii –

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO TRANSFER VENUE (28 U.S.C. § 1404(a))

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Sager Spuck Statewide Supply Co. Inc. v. Meyer Most Negative,*
  No. 3327-96, 1999 WL 34781387 (Sup. Ct. Albany County, May 16, 1999)..................4

*Sigluero v. Creteguard, Inc.*
  187 Cal. App. 4th 60 (2010) ..................................................................................5

*Swenson v. T-Mobile USA, Inc.*,
  415 F. Supp. 2d. 1101 (S.D. Cal. 2006)..................................................................7

*United Rentals, Inc. v. Pruett*,
  296 F. Supp. 2d 220 (D. Conn. 2003)....................................................................3

*Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*,
  42 F. Supp. 3d 1377 (S.D. Cal. 2014)..................................................................8, 9

Case No: 2:16-cv-03519 JAK (SSx)    – iii –

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE (28 U.S.C. § 1404(a))

# I. PLAINTIFFS' LAWSUIT IS SUBJECT TO A MANDATORY FORUM SELECTION CLAUSE

Plaintiffs Helga Arminak and Armin Arminak ("Plaintiffs") entered into *five* agreements when they sold their business, Defendant Arminak and Associates, LLC ("Arminak LLC"), to Defendant Rieke-Arminak Corporation ("Rieke") for $110 million.[1] As an express term of this sale, Plaintiffs agreed to a mandatory New York forum selection clause.[2] The forum selection clause is stated in full in the 2012 Purchase Agreement and the 2014 Unit Purchase Agreement ("Purchase Agreements"). The employment agreements, which Plaintiffs entered into at the time of the sale, specifically incorporate the Purchase Agreements and state that the complete agreement between the Parties includes the Purchase Agreements. (Comp. Exs. A, pp. 52-4; E, Ex. 5(d); B, C, F, p. 1, ¶ 15.) Now, in an effort to avoid their agreement to litigate their claims for damages in New York, Plaintiffs misrepresent these agreements and argue that the forum selection clause should not be enforced. (Opposition ("Opp."), p. 7, ln. 21-p. 14, ln. 1.)

## A. Plaintiffs Expressly Agreed To The Forum Selection Clause

Plaintiffs argue that the forum selection clause should not be enforced because Plaintiffs were not parties to the Purchase Agreements. (Opp., p. 13, lns. 6-20.) To the contrary, the 2012 Agreement defines the "Seller Group Members" to include Plaintiffs, the 2014 Agreement defines the "Seller Parties" to include Plaintiffs, ***Plaintiffs both signed the Purchase Agreements,*** and individually made

---

[1] The five agreements are: (1) The 2012 Purchase Agreement (Complaint ("Comp."), Ex. A); (2) Helga Arminak's 2012 Employment Agreement (Comp., Ex. B); (3) Armin Arminak's 2012 Employment Agreement (Comp., Ex. C); (4) 2014 Purchase Agreement (Comp., Ex. E); and (5) Helga Arminak's 2014 Amended and Restated Employment Agreement (Comp., Ex. F).

[2] The relevant portion of the forum selection clause provides: "The parties further agree that all litigation shall be brought in either the state or federal courts located in New York, New York. . . . All questions concerning the construction validity, enforcement and interpretation of this Agreement shall be governed by the internal law of the State of New York without giving effect to any choice of law or conflict of law provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New York." (Comp., ¶¶ 14, 23, Exs. A, B and D ; Ex. E, Ex. 5(d).)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

representations and warranties as a part of the Agreements. (Comp., Ex. A, p. 1, 85-7; § 6-7; Ex. E, p. 1, 10.) Plaintiffs argue that the "Sellers" in both agreements are HRA Holding Corporation and NC Holding, LLC. However, Plaintiffs were the "owners of all of the issued and outstanding shares of HRA Holding Corporation" and the owners of "all of the membership interests in NC Holding, LLC." (Declaration of Helga Arminak ("Helga Decl."), ¶¶ 6-7; Declaration of Armin Arminak ("Armin Decl."), ¶¶ 6-7, (collectively "Helga & Armin Decls.") *Moreover, Plaintiff Helga Arminak not only signed the Purchase Agreements in her individual capacity, but also on behalf of both HRA Holding Corporation and NC Holding, LLC.* (Comp., Exs. A, E.)

### B. The New York Forum Selection Clause Applies to Plaintiffs' Claims

Plaintiffs also seek to avoid the enforcement of the forum selection clause by arguing that their damage claims arise out of the employment agreements they entered into as part of the sale of their business and that those agreements are unrelated to the Purchase Agreements, which contain the forum selection provision. (Opp., p. 7, ln. 21- p. 14, ln. 1.) The employment agreements contradict this assertion, stating that the complete "Agreement" between the parties consists of both the employment agreements *and* the Purchase Agreements, which also specifically incorporate one another by reference. (Comp., Exs. A, p. 4, p. 53 § 9.2(a); E, p. 1, 16; B, C and F, ¶15.) The execution of the employment agreements was an explicit term of the sale and a required closing document. (Comp., Ex. A, § 2.3(a)(ii).) Simply put, Plaintiffs' argument is contradicted by the underlying documents.

Plaintiffs also claim that even if the language in the Purchase Agreements applies, those Agreements provide that *claims for injunctive relief may* be brought in any court of competent jurisdiction, including New York. (Opp., p. 8, lns. 3-15; p. 14.) This argument ignores the fact that the mandatory forum selection clause applies to Plaintiffs' Complaint because it asserts multiple claims for damages. The permissive forum selection clause on which Plaintiffs rely applies *only* to claims for injunctive

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

relief.[3] By contrast, the New York forum selection clause ***requires*** that all disputes for damages "be brought in either the state or federal courts located in New York, New York." (Comp., Exs. A, B, C, D, E, F.) Thus, Plaintiffs' lawsuit, which asserts claims for damages, was required to be brought in a New York court.[4]

### C. Plaintiffs Have Not Met Their Burden To Justify Ignoring The Mandatory Forum Selection Clause

Despite agreeing to litigate in New York, Plaintiffs argue that enforcement of the forum selection clause would offend the "interests of justice." (Opp., p. 13, lns. 1-5, 21-23; pp. 21-2.) A party seeking to avoid the enforcement of a forum selection clause has the burden to show "that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). Plaintiffs have not met their burden.

Plaintiffs' rely on *United Rentals, Inc. v. Pruett*, 296 F. Supp. 2d 220 (D. Conn. 2003) in support of their argument that this Motion should be denied in the interests of justice. (Opp., p. 21.) *United Rentals* was decided prior to *Alt. Marine* and applied traditional forum non conveniens factors to a motion to transfer venue based on the conclusion that the "forum selection clause should ***not*** be given overriding weight." 296 F. Supp. 2d at 228-34. *Atl. Marine* explicitly ***requires*** "a valid forum-selection clause . . . be given controlling weight" and holds that courts should not engage in a traditional forum non conveniens analysis when determining whether to enforce a valid forum selection clause. 134 S. Ct. at 581-3.[5] Plaintiffs have asserted claims for damages. They expressly agreed to litigate such claims in New York, and "'the

---

[3] "Either Party ***may*** bring suit in any court of competent jurisdiction to obtain injunctive relief where appropriate." (Emphasis added.) (Comp., Ex., A, Exs. B and D thereto; Ex. E, Ex. 5(d) thereto.)
[4] The Opposition argues that Plaintiffs' claims are subject to an "exception to the forum selection clause." (Opp., p. 14.) As stated above, there is no exception for claims for damages. Plaintiffs assert claims for injunctive relief ***and*** damages. Thus, this lawsuit is subject to the mandatory New York forum selection clause.
[5] Unlike the case here, the forum selection clause in *United Rentals* was unilaterally drafted by the company without input from the employee signing the agreement. *Id.* at 228-34. Plaintiffs were represented by independent counsel and knowingly agreed to the provisions of the Purchase Agreements. (Comp., Ex. A, pp. 19, 81; Ex. F, p. 2, 8.)

Case No: 2:16-cv-03519 JAK (SSx)     – 3 –
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE (28 U.S.C. § 1404(a))

1  interest of justice' is served by holding [the] parties to their bargain." *Id.*, at 583.

## D. There Are No Extraordinary Circumstances That Would Justify Ignoring The Bargained For Mandatory New York Forum Selection Clause

Plaintiffs also argue that the New York forum selection clause should not be enforced because transferring this case to New York would contravene California's strong public policy against restrictive covenants. However, Plaintiffs concede that the Purchase Agreements are subject to New York law. (Opp., p. 3 lns. 21-3; p. 12, ln. 21-p. 13, ln. 5; pp. 15-7; pp. 21-3; Helga Decl., ¶¶ 16, 25; Armin Decl., ¶¶ 14, 23.) Thus, their reference to California law is irrelevant to the present issues. Regardless of which law is applied, however, the restrictive covenants are valid and enforceable.

### 1. The Covenants Are Valid Under New York Law

The Purchase Agreements explicitly state that they are subject to New York law. (Comp., Exs., A and E.) Under New York law, a restrictive covenant involving the sale of a business is valid when it "is [] 'reasonable,' that is, not more extensive, in terms of time and space, than is reasonably necessary to the buyer for the protection of his legitimate interest in the enjoyment of the asset bought." *Eric Woods, LLC v. Schrade*, 998 N.Y.S.2d 306 (Sup. Ct. Albany County, Oct. 2, 2014). New York courts have also routinely upheld restrictive covenant periods, like the one here, of 5 to 10 years.[6] Plaintiffs here expressly agreed that the covenants "are reasonable in terms of duration, scope and are necessary to protect the goodwill of the Transferred Companies' business and the substantial investment in the Transferred Companies made by Buyer hereunder." (Helga & Armin Decls., Ex. 4, § 9.2(d).) Thus, the covenants will likely be enforced under New York law.

---

[6] *See e.g. Schrade*, 45 Misc. 3d 1206(A), 998 N.Y.S.2d 306 (Sup. Ct. Albany County, Oct. 2, 2014) (upholding a five-year restriction to allow the plaintiff to "foster and cultivate relationships with its purchased client base, free of interference by the seller"); *Sager Spuck Statewide Supply Co. Inc. v. Meyer Most Negative*, No. 3327-96, 1999 WL 34781387 (Sup. Ct. Albany County, May 16, 1999) (upholding a 10 year restriction); *Brintec Corp. v. Akzo N.V.*, 514 N.Y.S.2d 18, 19 (1st Dep't 1987) (finding a five-year, worldwide scope in circuit board business was reasonable).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## 2. The Covenants Are Also Valid Under California Law

The restrictive covenants are also valid and enforceable under California law. Plaintiffs' argument ignores the key fact that Plaintiffs agreed to be bound by the restrictive covenants *as an express term in the $110 million sale of their business*. As such, transferring this matter to the New York would not contravene any California public policy because the covenants not to compete are valid and enforceable under California Business and Professions Code § 16601 which expressly provides that such covenants are valid.[7] The Opposition completely ignores this statutory provision.[8] (Opp., pp. 15-17.) "Where a covenant not to compete is executed as an adjunct of a sale of a business there is an inference that the business had a 'goodwill' and that it was transferred." *Monogram Indus., Inc. v. Sar Indus., Inc.*, 64 Cal. App. 3d 692, 701 (1976). The sold business's goodwill is the "expectation of that patronage which has become an asset of the business." *Alliant Ins. Servs., Inc. v. Gaddy*, 159 Cal. App. 4th 1292, 1301 (2008).[9] Here, Plaintiffs signed *five agreements* affirming their agreement to the restrictive covenants as consideration for the goodwill of their sold business.

---

[7] "Any person who sells the goodwill of a business, or any owner of a business entity selling or otherwise disposing of all of his or her ownership interest in the business entity, or any owner of a business entity that sells (a) all or substantially all of its operating assets together with the goodwill of the business entity, (b) all or substantially all of the operating assets of a division or a subsidiary of the business entity together with the goodwill of that division or subsidiary, or (c) all of the ownership interest of any subsidiary, may agree with the buyer to refrain from carrying on a similar business within a specified geographic area in which the business so sold, or that of the business entity, division, or subsidiary has been carried on, so long as the buyer, or any person deriving title to the goodwill or ownership interest from the buyer, carries on a like business therein."

[8] Plaintiffs cite to *Edwards v. Arthur Andersen LLP*, 44 Cal.4th 937 (2008) and *Sigluero v. Creteguard, Inc.* 187 Cal. App. 4th 60 (2010) in support of their argument that enforcing the New York forum selection clause would contravene California's public policy against restrictive covenants. (Opp., p. 15.) *Neither* of these cases involved a forum selection clause which was agreed to in conjunction with the sale of a business, and neither case discusses section 16601.

[9] Section 16601 applies regardless of the type of contract in which a covenant not to compete is stated, so long the covenant is entered into as part of the sale of a business. *See e.g. Alliant*, 159 Cal. App. 4th at 1294 (upholding a covenant not to compete stated in a Purchase Agreement and restated in an employment agreement entered into at the same time); *Hilb, Rogal & Hamilton Ins. Servs. v. Robb*, 33 Cal. App. 4th 1812, 1817, 1825-6 (1995) ("The validity of that covenant is not affected by its location in the employment contract rather than the merger agreement. Nothing in section 16601 requires that the covenant be contained in a particular type of document.")

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(Comp. Ex. A, pp. 52-4; Ex. E, p.6; Exs. B, C, F, ¶7.)

The Opposition contends that the restrictive covenants were related exclusively to Plaintiffs' employment, *i.e.*, unrelated to the sale of the goodwill of the business. (Opp., pp. 21-3.) The Purchase Agreement, however, contains the restrictive covenants, and explicitly states that "[T]he Restrictive Covenants are being entered into by it in connection with the sale by Seller of the Transferred Membership Interests and the goodwill of the Transferred Companies' business [] ***and not directly or indirectly in connection with such Seller Group Members' employment.***" (Emphasis supplied.) (Complaint Ex. A pp. 52-4; Helga & Armin Decls., Ex. 4.) The employment agreements also specifically state that Plaintiffs agreed to the restrictive covenants "[i]n connection with the consideration to be paid under the Purchase Agreement." (Comp., Exs. B, C, D, F, ¶ 7.) The agreements explicitly say the covenants were part of the business sale.

Plaintiffs also expressly agreed to the restrictive covenants' time and geographic restrictions. (Helga & Armin Decls., Ex. 4, § 9.2(a) ("Each Seller Group Member acknowledges that the Transferred Companies' business has been conducted or is presently proposed to be conducted throughout the world [] and that the geographic restrictions set forth above are reasonably and necessary to protect the goodwill of the Transferred Companies' businesses."); § 9.2(d) ("Each Seller Group Member . . . hereby acknowledges that the Restrictive Covenants are reasonable in terms of duration, scope and area restrictions and are necessary to protect the goodwill of the Transferred Companies' business and the substantial investment in the Transferred Companies made by Buyer hereunder.")  A geographic restriction is reasonable under section 16601 if it is limited to the "specified geographic area in which the business [] has been carried on, [and] so long as the buyer, or any person deriving title to the goodwill or ownership interest from the buyer, carries on a like business therein." *Alliant*, 159 Cal. at 1301.[10] Similarly here, the geographic

---

[10] "[T]he area where a business is 'carried on' [within the meaning of section 16601] is

restriction was necessary to protect the goodwill and value of Rieke's purchase. (Helga & Armin Decls., Ex. 4.)

The enforceability of a time restriction is likewise dependent on what is reasonably necessary to protect the value and goodwill of the investment. Like the courts in New York, California courts have routinely upheld restriction periods of five years or more when such periods are agreed to in connection with the sale of a business.[11] Put simply, both New York and California courts routinely uphold forum selection clauses, like the one here, that are entered into in conjunction with the sale of a business.[12]

Even if, as Plaintiffs argue, transferring the case to New York would contravene California's strong public policy against restrictive covenants. (Opp., pp. 15-7.) It is not enough to claim that the effect of enforcing a forum selection clause *may* result in a judgment contrary to a California law. *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d. 1101, 1104 (S.D. Cal. 2006).[13] Where there is a valid forum selection clause, courts should respect and enforce the bargained for provision. *Atl. Marine*, 134 S. Ct. at 581-3. In arguing to the contrary here, Plaintiffs disregard the holding in *Atl.*

---

not limited to the locations of its buildings, plants and warehouses, nor the area in which it actually made sales. The territorial limits are coextensive with the entire area in which the parties conducted all phases of their business including production, promotional and marketing activities as well as sales." *Monogram Indus., Inc.*, 64 Cal. App. at 702. The reasonableness of a geographic restriction also extends to areas where business is solicited. *Id.* (finding a geographic restriction reasonably necessary based upon a "production and marketing campaign" irrespective of actual sales.); *see also Alliant*, 159 Cal. App. 4th at 1306-7 (upholding a restrictive covenant preventing a former employee from offering insurance services in 52 counties where the buyer had no clients, but depended on the company's goodwill in the additional counties).

[11] *See, e.g., NewLife Scis. v. Weinstock*, 197 Cal. App. 4th 676, 680, 689-90 (2011) (upholding a covenant not to compete for five years after the termination of a five year employment contract); *Martinez v. Martinez*, 41 Cal. 2d 704, 705-6 (1953) (upholding a covenant for "so long as plaintiff or any person deriving title to the good will from him should carry on a like business").

[12] Here, the time restriction runs until 2019 - five years from the 2014 Unit Purchase agreements. Under the employment agreements, the employment term expired on March 31, 2016. Thus, the restriction period only runs for three years after the employment term stated in Plaintiffs' employment agreements. (Comp., Exs. E, ¶ 4(a); B, C and F, ¶ 3.)

[13] *See also Lerner v. Windstream Commc'ns, Inc.*, 2016 WL 2855807, *3 (C.D. Cal. May 16, 2016) (finding that litigation of an action to protect a disabled person was subject to suit in New York notwithstanding Government Code section 12940).

Case No: 2:16-cv-03519 JAK (SSx)  – 7 –

*Marine* (*see* Opp., p. 17 lns. 1-8) and fail to provide any post-*Atl. Marine* authority that supports their position.[14]

## II. PLAINTIFFS INJUNCTIVE RELIEF CLAIMS DO NOT PREVENT TRANSFER

Because they allege injunctive relief claims, Plaintiffs contend that venue is appropriate in California under the permissive forum selection clause that applies to claims for injunctive relief. This argument ignores the fact that Plaintiffs also asserted claims for damages, which are subject to the mandatory New York forum selection clause, and it ignores the fact that Defendants had already filed a complaint in New York seeking injunctive relief on the same issues before Plaintiffs filed their action. Even if one ignores Plaintiffs' damages claims (which undercut their argument completely), the existence of Defendants' first-filed New York action trumps any argument that Plaintiffs' claims for injunctive relief prevent transfer.

Plaintiffs concede that Defendants commenced an action against them in New York *before* they filed this action and asserted claims for injunctive relief to enforce the restrictive covenants Plaintiffs' California Action seeks to invalidate. (Opp., p. 10, lines 1-14; Declaration of Motty Shulman, Ex. 3.) Plaintiffs argue that the first-to-file rule does not apply here because this case is "different" from the New York action because the parties and causes of action are not identical. (Opp., p. 10, ln. 24 - p. 11, ln 24, pp. 17-20.) The first-to-file rule, however, does not require that the actions be identical, but applies when there are ***substantially similar*** actions pending in another court at the time of filing. *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F.

---

[14]Plaintiffs cite *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), which supports enforcing the New York forum selection clause, not Plaintiffs' position. ("[Forum selection clauses] are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.") Plaintiffs also cite *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1080, 1083-4 (9th Cir. 2009), which involved a class action lawsuit and a forum selection clause that was found to be invalid by another court because it violated the anti-waiver provision of the Consumer Legal Remedies Act. (Opp., p. 15.) There is no anti-waiver provision at issue here, and both of these cases were decided before *Atl. Marine*, which altered the standard for enforcing forum selection clauses.

Supp. 3d 1377, 1381-3 (S.D. Cal. 2014). The first-filed New York Action states claims for both damages and for injunctive relief based upon the same agreements at issue in this action and the actions arise from the same disputes. (*See* Declaration of Melissa Rubenstein, ECF Document 18-2.)

Contrary to Plaintiffs' arguments, there is also substantial similarity between the parties in the New York Action and the California Action. (*See* Opp., pp. 10-1, 19-20.) The four individual defendants (named only in the infliction of emotional distress claim) who are not parties to the New York Action are related to Arminak LLC. (Helga & Armin Decls. ¶¶ 10-1.) Plaintiffs are the owners of HRA Holding Corporation and NC Holding LLC, the *only* additional defendants in the New York Action. (Helga & Armin Decls., ¶¶ 6-7; Opp. p. 3 lines 2-13.)

There is also substantial similarity of the claims and issues in the two actions. While the Opposition argues that because the first-filed New York Action does not assert claims under California statutes, it does not involve the same issues, (Opp., p. 11, lines 16-24; p. 20 lines 2-6). The Opposition ignores that fact that both actions seek declaratory and injunctive relief relating to the enforcement of the restrictive covenants and assert claims relating to provisions in the agreements entered into with Plaintiffs' sale of Arminak LLC. "The first-to-file rule does not require strict identity of issues or 'exact parallelism,' but rather requires substantial similarity or overlap of the claims and issues." *Youngevity*, 42 F. Supp. 3d at 1383.[15]

---

[15] Plaintiffs also argue that the first-to-file rule does not apply because the first-filed New York action was filed in state court, not federal court. (Opp., pp. 17-9.) None of the case authority in the Opposition supports this argument. Plaintiffs' reliance on *Kohn Law Group Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237 (9th Cir. 2015) is misplaced. (Opp., pp. 16-7.) In *Kohn*, the first filed action was filed in a Mississippi state court, and the California District Court stayed the second filed action because it violated the first-to-file rule. *Kohn*, 787 F.3d at 1239-41. Plaintiffs also rely on *Apple Inc. v. Pystar Corp.*, 658 F.3d 1150 (2011) and *Advanced Bionics Corp. v. Medtronic, Inc.*, 29 Cal. 4th 697 (2002); however **neither** of these cases supports Plaintiffs' argument that the first-to-file rule should not apply here. In *Apple Inc.*, the court refused to apply the first-to-file rule because it determined that the two actions were materially different. 658 F.3d at 1161. In *Advanced Bionics Corp. v. Medtronic, Inc.*, the plaintiffs sought a TRO from a California court restraining the defendants from pursuing a lawsuit in Minnesota. 29 Cal. 4th at 701-4. The Opposition quotes the court's opinion but ignores the holding, which found that an anti-suit injunction issued

Plaintiffs also argue that this Court should not give deference to Defendants' first-filed New York action because the parties are negotiating a stipulation to dismiss the first-filed action. (Opp., p. 20, lns. 24-7.) This argument is misleading because Plaintiffs agreed that any such stipulation would expressly provide that dismissal would be without prejudice to the "first filed" argument. In addition, as of the date of this Reply, the first-filed New York action is an active lawsuit. (Supplemental Declaration of Melissa Rubenstein, ¶¶ 2-4.) Simply put, Defendants' first-filed New York action was the first filed action, involves claims for injunctive and declaratory relief, and undercuts any claim that the permissive forum selection clause prevents the transfer of this action.[16]

### III. CONCLUSION

For the foregoing reasons, Defendants[17] respectfully request this Court to grant their Motion to Transfer Venue and to transfer this matter to the United States District Court for the Southern District of New York.

DATED: July 15, 2016                    REED SMITH LLP

By: /s/ James L. Sanders
James L. Sanders
Carla M. Wirtschafter
Attorneys for Defendants Arminak & Associates, LLC, Rieke-Arminak Corporation, David Pritchett, William D. Kent, Mark Box and Judy Baranowski

---

by a California court enjoining parties in a Minnesota action from pursuing their litigation in Minnesota was not justified under the first-to-file rule. *Id.* at 707-8. (*See* Opp., p. 17-8.) Here, Defendants seek an order enforcing the New York forum selection clause to which Plaintiffs explicitly agreed, not an order restraining conduct in another court.

[16] While contending it is irrelevant, Plaintiffs admit that they are currently litigating a case in New York that was also filed after the first-filed New York Action. (Opp., pp. 23-5.) Plaintiffs' willingness to file another lawsuit in New York based upon the same agreements and restrictive covenants at issue here, and against the same parties, is relevant to demonstrate Plaintiffs' acknowledgment that New York is the proper forum for their claims. (Declaration of Motty Shulman, Ex.1.)

[17] Plaintiffs' argument that Mark Box cannot bring this motion is premature and moot. Mark Box filed a motion to set aside the state court's entry of default prior to removal and renewed that motion in this court. (*See* ECF Document No. 32.)