James L. Sanders (SBN 126291)
Email:    jsanders@reedsmith.com
Carla M. Wirtschafter (SBN 292142)
Email:    cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299
Attorneys for Defendants
ARMINAK & ASSOCIATES, LLC,
RIEKE-ARMINAK CORPORATION,
DAVID PRITCHETT, WILLIAM D.
KENT (sued as BILL KENT), MARK
BOX and JUDY BARANOWSKI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELGA ARMINAK, an individual; ARMIN ARMINAK, an individual; and ROGER ABADJIAN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ARMINAK & ASSOCIATES, LLC,  a Delaware limited liability company; RIEKE-ARMINAK CORPORATION, a Delaware Corporation; DAVID PRITCHETT, an individual; BILL KENT, an individual; MARK BOX, an individual; JUDY BARANOWSKI, an individual; and Does 1 through 10, inclusive, <br><br> Defendants. | Case Number: 2:16-cv-03519 JAK (SSx) <br><br> **DEFENDANTS ARMINAK & ASSOCIATES, LLC, RIEKE-ARMINAK CORPORATION, DAVID PRITCHETT, WILLIAM D. KENT, MARK BOX AND JUDY BARANOWSKI'S OBJECTIONS TO PLAINTIFFS HELGA ARMINAK AND ARMIN ARMINAK'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE (28 U.S.C. § 1404(a))** <br><br> *[Filed Concurrently With Reply Memorandum of Points and Authorities; Supplemental Declaration of Melissa I. Rubenstein; [Proposed] Order Re Defendants' Objections to Plaintiffs' Evidence]* <br><br> Date:  October 3, 2016 <br> Time: 8:30 a.m. <br> Place: Courtroom 750 <br><br><br> Honorable John A. Kronstadt |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No: 2:16-cv-03519 JAK (SSx)                — 1 —

DEFENDANTS OBJECTIONS TO  PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

**I      OBJECTIONS TO DECLARATION OF PLAINTIFF HELGA ARMINAK**

| *See* Underlined Portions of Declaration For Material Objected to: | Grounds for Defendants' Objections to Purported Evidence | Ruling |
|---|---|---|
| **Declaration of Helga Arminak:**<br><br>1.      I am a plaintiff in this action. This Declaration is submitted in opposition to Defendants' Motion For Transfer of Venue. This Declaration is based on my personal knowledge and personal participation in the events described. If called to testify as a witness, I could and would testify competently as follows. | | |
| 2.      **Objection 1:** I am a California resident. I am 48 years old. I have resided in California since I was 12. I immigrated with my family from Lebanon to the United States when I was twelve. I | **Objection 1: ¶ 2, p. 2, lines 1-6:** F.R.E. §402 (Irrelevant) Plaintiff's background is not relevant to the issue before the court – whether to enforce the mandatory New York forum selection clause | Sustained _____<br>Overruled _____ |

REED SMITH LLP<br>A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| have a bachelor's degree in international business with a minor in economics from California State University Los Angeles.  I received my Masters in Business Administration in 1989. | Plaintiffs Helga Arminak and Armin Arminak ("Plaintiffs") agreed to in connection with the $110 million sale of their business. (Complaint, Exhibits A, E.) | |
| 3.    Plaintiff Armin Arminak is my husband. | | |
| 4.    Roger Abadjian is my brother. | | |
| 5.    **Objection 2:** In 1999, using $3,000.00 of my own savings, I started a cosmetic packaging business, Arminak & Associates, which was incorporated in 2001 as Arminak & Associates, Inc. Arminak & Associates quickly became a leader in the design, manufacture, and supply of foamers, lotion pumps, fine mist sprayers, and other packaging solutions for the cosmetic, personal care, beauty aids, and household product markets.  After three | **Objection 2:** ¶ 5, p. 2, lines **9-16:** § 402 (Irrelevant.) Plaintiff's background is not relevant to the issue before the court – whether to enforce the mandatory New York forum selection clause Plaintiffs agreed to in connection with the $110 million sale of their business. (Complaint, Exhibits A, E.) | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO  PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  years, Arminak & Associates
2  was generating significant
3  profit.  By 2011, Arminak &
4  Associates was generating
5  approximately $80 million in
6  annual sales.  Approximately
7  90% of the business of
8  Arminak & Associates, Inc.,
9  was in North America, in the
10 United States of America and
11 Mexico.  Approximately 10%
12 of the business of Arminak &
13 Associates, Inc., was in
14 Europe.  Additionally,
15 Arminak & Associates held
16 ten patents and owned other
17 intellectual property and
18 proprietary rights which were
19 applied to approximately
20 5,000 types of products, and
21 had an exclusive relationship
22 with a factory in China that
23 produced those products.
24 Arminak & Associates had
25 major clients such as L'Oreal,
26 Colgate-Palmolive, and
27 Johnson & Johnson.
28

| Objection 3: <u>The principal place of business for Arminak & Associates, Inc., was at 1350 Mountain View circle, Azusa, California 91702.</u> | Objection 3: ¶ 5, p. 2, lines 25-8: F.R.E. §402 (Irrelevant); § 403 (Misleading). The location of Arminak & Associates, Inc. is not relevant to the issue before the court – whether to enforce the mandatory New York forum selection clause Plaintiffs agreed to in connection with the $110 million sale of their business. In addition, Arminak & Associates, Inc. ceased to exist with the sale of Arminak LLC in February 2012. (Complaint, Exhibit A, p. 1.) | Sustained _____<br>Overruled _____ |
| 6.      Plaintiff Armin Arminak, Roger Abadjian, and I are and have been the owners of all of the issued and outstanding shares of HRA Holding Corporation, a California corporation formed on February 10, 2012. Prior to February 24, 2012, HRA Holding Corporation owned | | |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

99% of the shares of Arminak & Associates, Inc., and 99% of the membership interests of Defendant Arminak & Associates, LLC.

7.    Plaintiff Armin Arminak, Roger Abadjian, and I own and have owned all of the membership interests in NC Holding, LLC, a California limited liability company formed on February 10, 2012. Prior to February 24, 2012, NC Holding, LLC, owned 1% of the shares of Arminak & Associates, Inc., and 1% of the membership interests of Defendant Arminak & Associates, LLC.

8.    I am informed that Defendant Arminak & Associates, LLC, is a Delaware limited liability company doing business in the State of California. Defendant Arminak & Associates, LLC, is engaged in the packaging

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| industry. Defendant Arminak & Associates, LLC, is the successor in interest to Arminak & Associates, Inc. **Objection 4:** <u>The principal place of business for Arminak & Associates, LLC, has been at 1350 Mountain View Circle, Azusa, California 91702.</u> | **Objection 4:** <u>¶ 8, p. 3, lines 17-9:</u> F.R.E. §402 (Irrelevant); § 403 (Misleading); §§ 602, 701, 702 (Foundation); § 602 (Lacks Personal Knowledge). The principal place of business of Arminak & Associates, LLC is not relevant to the issue before the court – whether to enforce the mandatory New York forum selection clause Plaintiffs agreed to in connection with the $110 million sale of their business. Plaintiff fails to provide any foundation for the statement that the address is Arminak & Associates, LLC's principal place of business. In addition, Arminak & Associates, LLC no longer | Sustained _____ Overruled _____ |

Case No: 2:16-cv-03519 JAK (SSx)            – 7 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

maintains an office at 1350 Mountain View Circle, Azusa, California 91702. (*See* California Secretary of State Website.)

9. I am informed that Defendant Rieke-Arminak Corporation is a Delaware corporation doing business in the State of California. I am also informed that Defendant Rieke-Arminak is a wholly owned subsidiary of Rieke Corporation, an Indiana corporation, and that Defendant Rieke-Arminak has some connection with TriMas Corporation.

10. I am informed that Defendants David Pritchett, Bill Kent, and Mark Box are officers of Rieke Corporation, an Indiana corporation, which is a TRiMas Company, and which is related in some way to

Case No: 2:16-cv-03519 JAK (SSx)                   – 8 –

Defendant Arminak &
Associates, LLC.

11.   I am informed
that Defendant Judy
Baranowski is the Vice-
President for Global
Operations for Rieke
Corporation, an Indiana
corporation, which is a TriMas
Company, and which is
related in some way to
Defendant Arminak &
Associates, LLC.

12.   **Objection 5:** <u>On or about February 24, 2012, Rieke-Arminak, as the buyer, and HRA Holding Corporation, as the seller, entered into a Purchase Agreement wherein Rieke-Arminak purchased 70% of the interest of HRA Holding Corporation in Arminak & Associates, Inc., and Defendant Arminak & Associates, LLC, for $59 million. Plaintiff Armin</u>

| | Sustained _____ |
|---|---|
| **Objection 5:** ¶12, p. 4, lines **7-16:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their | Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| Arminak, Roger Abadjian, and I were referenced in the Purchase Agreement as "Shareholders" and signed the Purchase Agreement along with Arminak & Associates, Inc., and Defendant Arminak & Associates, LLC, through my signature with me acting as their representative in the execution of the Purchase Agreement. A true and correct copy of the February 24, 2012 Purchase Agreement is attached as Exhibit A to the Complaint on file herein and is incorporated herein by this reference. **Objection 6:** Neither Plaintiff Armin Arminak, Roger Abadjian, nor I were the sellers in the February 24,2012 transaction. HRA Holding Corporation was the only seller. | business.  The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. This statement is incomplete and misleading because as reflected in the agreements, Plaintiffs and Roger Abadjian each signed the agreements individually as a "Seller Group Member" and Plaintiff Helga Arminak signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. (Complaint, Exhibit A, p. 1.)  **Objection 6: ¶ 12, p. 4, lines 18-21:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  The underlying documents which | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS OBJECTIONS TO  PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| | are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. This statement is incomplete and misleading because as reflected in the agreements, Plaintiffs and Roger Abadjian each signed the agreements individually as a "Seller Group Member" and Plaintiff Helga Arminak signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. (Complaint, Exhibit A, p. 1.) | |
| 13.   **Objection 7:** Section 9.2 of the Purchase Agreement on Pages 52 and 53 of the Purchase Agreement contains in Subsection (a) a non-competition clause pursuant to which HRA Holding Corporation, NC Holding, LLC, Plaintiff Armin Arminak, Roger Abadjian, and I putatively may not, with | **Objection 7: ¶ 13, p. 4, line 22 to p. 5 line 6:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an incomplete summary of a portion of the 2012 Purchase Agreement | Sustained _____ Overruled _____ |

certain exceptions, directly or indirectly own any interest in, manage, control, participate in, consult with, render services for, or in any way engage in any competing business in the "Restricted Territories," which was defined as the world. The term of the non-competition clause is defined as three years after the end of the Put/Call Period (from January 1, 2014 to March 3, 2016), in other words to March 31, 2019, or the date the Company (defined as Arminak & Associates, Inc., and Arminak & Associates, LLC) is no longer a subsidiary of Parent (defined as TriMas Corporation). A true and correct copy of Section 9.2 of the Purchase Agreement is attached hereto as Exhibit 4 and is incorporated herein by this reference.

and fails to acknowledge this non-compete clause was agreed to as further consideration in the $110 million sale of Plaintiffs' business and in consideration of the goodwill of their sold business. (*See* Helga Decl., Exhibit 4; Complaint, Exhibit A.)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| 14.   **Objection 8:** Section 9.2 of the Purchase Agreement on Page 53 of the Purchase Agreement also contains in Subsection (b) a covenant not to solicit or service customers, suppliers, licenses, licensors, or other business relations of Defendant Arminak & Associates, LLC, including any person who was a customer, supplier, or other potential business relation during the twelve month period immediately prior to such call, solicitation, or service. | **Objection 8:** ¶ 14, p. 5, lines 9-15: F.R.E. § 403 (Misleading and Incomplete); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an incomplete summary of a portion of the 2012 Purchase Agreement and fails to acknowledge this non-solicitation clause was agreed to as further consideration in the $110 million sale of Plaintiffs' business and in consideration of the goodwill of their sold business. (*See* Helga Decl., Exhibit 4; Complaint, Exhibit A.) | Sustained _____ Overruled _____ |
| 15.   **Objection 9:** Exhibit D to the Purchase Agreement sets for "Dispute Resolution Procedures". Section C of the Dispute Resolution Procedures provides in pertinent part: | **Objection 9:** ¶15, p. 5, lines 16-25: F.R.E. § 403 (Misleading and Incomplete); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an | Sustained _____ Overruled _____ |

| | | |
|---|---|---|
| "Notwithstanding anything to the contrary ... and without prejudice to the above procedures, any party may apply to any court of competent jurisdiction for temporary injunctive relief or other provisional judicial relief if such action is necessary to avoid irreparable damage or to preserve the status quo until such time as the arbitration is initiated and the arbitrator is available to hear such request for temporary relief." A true and correct copy of Exhibit D to the Purchase Agreement is attached hereto as Exhibit 5 and is incorporated herein by this reference. | incomplete summary of a portion of the 2012 Purchase Agreement and Dispute Resolution Procedures. It fails to identify the fact that Plaintiffs assert claims for damages, and thus, their entire lawsuit is subject to a mandatory New York Forum selection clause, which Plaintiffs expressly agreed to in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. (*See* Helga Decl., Exhibit 5.) | |
| 16.   **Objection 10:** Also on February 24, 2012, Plaintiff Armin Arminak, Roger Abadjian, and I entered into written Employment Agreements with Defendant | **Objection 10: ¶16, p. 6, lines 1-7:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). The underlying documents which are exhibits to Plaintiffs' | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| <u>Arminak & Associates, LLC,</u> <u>wherein we were each</u> <u>employed for compensation as</u> <u>"Executives" for Defendant</u> <u>Arminak & Associates, LLC. I</u> <u>was employed as President.</u> <u>Plaintiff Armin Arminak was</u> <u>employed as the Vice</u> <u>President of Engineering.</u> <u>Roger Abadjian was employed</u> <u>as a Vice-President.</u> A true and correct copy of the Employment Agreement for me is attached as Exhibit B to the Complaint on file herein and is incorporated by this reference. A true and correct copy of the Employment Agreement for Plaintiff Armin Arminak is attached as Exhibit C to the Complaint on file herein and is incorporated herein by this reference. | Complaint are the best evidence of the agreement. (Complaint, Exhibits B, C, D.) | |
| 17.  **Objection 11:** <u>On Page 8 of the Employment</u> <u>Agreements, Section 7</u> <u>provides:</u> | **Objection 11: ¶17, p. 6, lines 14-22:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best Evidence Rule); § 403 | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| "In connection with the consideration to be paid under the Purchase Agreement, Executive has agreed to be bound by certain covenants as more fully described· in Section 9.2 of the Purchase Agreement. Executive hereby acknowledges acceptance of and agreement to such restrictive covenants." In other words, the Employment Agreements adopt or incorporate the noncompetition provisions of the Purchase Agreement. A true and correct copy of Section 7 of my Employment Agreement is attached hereto as Exhibit 6 and is incorporated herein by this reference. | (Misleading and Incomplete); § 802 (Hearsay). The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. This statement fails to identify the fact that Plaintiffs expressly agreed to be bound by restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. (*See* Helga Decl., Exhibit 5; Complaint, Exhibits B, C, D.) | |
| 18.  **Objection 12:** The Employment Agreements | **Objection 12: ¶18, p. 6, line 25 to p. 7, line 7:** F.R.E. | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | |
|---|---|
| have a choice of law clause in Section which states: | §402 (Irrelevant); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule); § 403 (Misleading and Incomplete); § 802 (Hearsay). The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. This statement fails to identify the fact that Plaintiffs expressly agreed to be bound by restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. (*See* Helga Decl., Exhibit 5; Complaint, Exhibits B, C, D.) |
| "All issues concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to any choice of law or conflict of laws rules or provisions (whether of the State of California or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of California." A true and correct copy of Section 19 in my Employment Agreement is attached hereto as Exhibit 7 and is | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

incorporated herein by this reference.

| | | |
|---|---|---|
| 19. **Objection 13:** <u>A form Release Agreement to be used in the event of termination is attached as Exhibit B to the Employment Agreements. Section 15 of the form Release Agreement specifically references Civil Code section 1542 of the State of California. This reference to California law clearly indicates Defendants' recognition of the applicability of California to Armin Arminak and myself and our relationship with Defendant Arminak & Associates, LLC.</u><br><br>20. In December 2013, Defendants Rieke-Arminak and Arminak & Associates, LLC, notified me of their intention to exercise their "Put/Call Rights" to purchase the remaining 30% interest of HRA Holding | **Objection 13: ¶19, p. 7, lines 1-16:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best Evidence Rule); § 402 (Irrelevant). The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. The form release not relevant to the issue before the court - whether to enforce the mandatory New York forum selection clause Plaintiffs agreed to in connection with the $110 million sale of their business. (*See* Helga Decl., Exhibit 5; Complaint, Exhibits B, C, D.) | Sustained _____<br>Overruled _____ |

Corporation and NC Holding, LLC, in Defendant Arminak & Associates, LLC. Defendants Rieke-Arminak and Arminak & Associates, LLC, offered HRA Holding Corporation and NC Holding, LLC, $27 million for the remaining 30%. That offer was rejected because the offer was far too low. After rejecting the $27 million offer, I entered into negotiations with Defendants Rieke-Arminak and Arminak & Associates, LLC, to amend the agreement and formula for the purchase of the remaining 30%.

21.   **Objection 14:** On or about March 11, 2014, Defendants Rieke-Arminak and Arminak & Associates, LLC, as buyers, and HRA Holding Corporation and NC Holding, LLC, as sellers, entered into the Unit Purchase

**Objection 14: ¶ 21, p. 8, lines 1-7:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This

Sustained _____
Overruled _____

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| Agreement, wherein Defendants Rieke-Arminak and Arminak & Associates, LLC, purchased the remaining 30% interest of HRA Holding Corporation and NC Holding, LLC, in Defendant Arminak & Associates, LLC. A true and correct copy of the Unit Purchase Agreement is attached as Exhibit D to the Complaint on file herein and is incorporated herein by this reference. **Objection 15:** I was not the seller in the March 11, 2014 transaction. Neither Plaintiff Armin Arminak nor Roger Abadjian nor I were the sellers in the March 11, 2014 transaction. HRA Holding Corporation and NC Holding, LLC, were the sellers. | statement is incomplete and misleading because as reflected in the agreements, Plaintiffs and Roger Abadjian each signed the agreements individually as a "Seller Parties" member and Plaintiff Helga Arminak signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. (Complaint, Exhibit E) **Objection 15: ¶ 21, p. 8, lines 9-13:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This statement is incomplete and misleading because as reflected in the agreements, Plaintiffs and Roger Abadjian each signed the agreements individually as a | Sustained _____ <br> Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

| | | |
|---|---|---|
| | "Seller Parties" member and Plaintiff Helga Arminak signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. (Complaint, Exhibit E.) | |
| 22. **Objection 16:** On Page 6 of the Unit Purchase Agreement, Section 4(a) provides: "Non-Competition; Non-Solicitation; Non-Disparagement. The Parties agree that Section 9.2 of the Purchase Agreement shall remain in full force and effect in accordance with the terms of the Purchase Agreement; provided that the definition of **'Restricted Period'** for purposes of Section 9.2 of the Purchase Agreement shall be | **Objection 16: ¶ 22, p. 8, lines 14-25:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. (Complaint, Exhibit E.) | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| amended to mean the period commencing on the Closing (as defined in the Purchase Agreement) and ending on March 31, 2019." In other words, the Unit Purchase Agreement adopted and incorporated the noncompetition and non-solicitation provisions of the Purchase Agreement. A true and correct copy of Section 4(a) of the Unit Purchase Agreement is attached hereto as Exhibit 8 and is incorporated herein by this reference. | | |
| 23. **Objection 17:** Exhibit 5 to the Unit Purchase Agreement sets forth "Dispute Resolution Procedures". Section C of the Dispute Resolution Procedures provides in pertinent part: "Notwithstanding anything to the contrary | **Objection 17: ¶ 23, p. 9, lines 1-11:** F.R.E. § 403 (Misleading and Incomplete); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This statement is an incomplete summary of a portion of the 2012 Purchase | Sustained _____ Overruled _____ |

| | | |
|---|---|---|
| ... and without prejudice to the above procedures, any Party may apply to any court of competent jurisdiction for temporary injunctive relief or other provisional judicial relief if such action is necessary to avoid irreparable damage or to preserve the status quo until such time as the arbitration is initiated and the arbitrator is available to hear such request for temporary relief." | Agreement and Dispute Resolution Procedures. It fails to identify the fact that Plaintiffs assert claims for damages, and thus, their entire lawsuit is subject to a mandatory New York Forum selection clause, to which Plaintiffs expressly agreed in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. (*See* Helga Decl., Exhibit 9.) | |
| A true and correct copy of Exhibit 5 to the Unit Purchase Agreement is attached hereto as Exhibit 9 and is incorporated herein by this reference. | | |
| 24.   **Objection 18:** Also on or about March 11, 2014, Defendant Arminak & | **Objection 18: ¶ 24, p. 9, lines 14-18:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| Associates, LLC, and I entered into an Amended And Restated Employment Agreement, which amended my February 24, 2012 Employment Agreement, and further employed me for compensation as an "Executive" for Defendant Arminak & Associates, LLC. A true and correct copy of the Amended And Restated Employment Agreement is attached as Exhibit E to the Complaint on file herein and is incorporated herein by this reference. | Evidence Rule).  The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. | |
| 25.    **Objection 19:** On Page 9 of the Amended And Restated Employment Agreement, Section 7 provides:     "In connection with the consideration to be paid under the Purchase Agreement, Executive has agreed to be bound | **Objection 19: ¶ 25, p. 10, lines 1-13:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best Evidence Rule); § 403 (Misleading and Incomplete); § 802 (Hearsay.  The underlying documents which are exhibits to Plaintiffs' Complaint are the best | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

by certain covenants as more fully described in Section 9.2 of the Purchase Agreement, as clarified by Section 4(a) of the Unit Purchase Agreement. Executive hereby acknowledges and confirms the Executive's acceptance of and agreement to such restrictive covenants."

In other words, the Amended And Restated Employment Agreement simply adopted or incorporated the non-competition and non-solicitation provisions of the Purchase Agreement. A true and correct copy of Section 7 of my Amended And Restated employment Agreement is attached hereto as Exhibit 10 and is incorporated herein by this reference.

evidence of the agreement. This statement fails to identify the fact that Plaintiffs expressly agreed to be bound by restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale.  (*See* Helga Decl., Exhibit 5; Complaint, Exhibit F.)

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| 26. **Objection 20: As was the case with the original Employment Agreement, the Amended And Restated Employment Agreement has a choice of law clause in Section 19 which states:** "All issues concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to any choice of law or conflict of laws rules or provisions (whether of the State of California or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of California." | **Objection 20: ¶ 26, p. 10 lines 16-27:** F.R.E. §402 (Irrelevant); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule); § 403 (Misleading); § 802 (Hearsay). The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. This statement fails to identify the fact that Plaintiffs expressly agreed to be bound by restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. (*See* Helga Decl., Exhibit 5; Complaint, Exhibit F.) | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

A true and correct copy of Section 19 of the Amended And Restated Employment Agreement is attached hereto as Exhibit 11 and is incorporated herein by this reference.

27.    **Objection 21:** Under Section 1(c) of the Unit Purchase Agreement, HRA Holding Corporation and NC Holding, LLC, the sellers, were to receive an "Earnout Payment" as additional compensation for the purchase of the remaining 30%. The Unit Purchase Agreement provided a formula for calculating the Earnout Payment. Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, took active measures to prevent me from maximizing that Earn out Payment, including but not limited to the following. They removed

**Objection 21: ¶ 27, p. 11 line 3 to p. 12 line 8:** F.R.E. §402 (Irrelevant); § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This paragraph is irrelevant to this motion. Plaintiffs agreed to a mandatory New York forum selection clause in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. (*See* Helga Decl., Exhibit 5.)

Sustained _____
Overruled _____

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

me as the point/contact person for many customers, including Colgate-Palmolive, Kimberly Clark, Tricor Braun, Costco, Henkel Europe, EcoLabs, and Conair. Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, significantly interfered with the relationship with Colgate-Palmolive by changing the manufacturing facilities for the Colgate-Palmolive products. The new manufacturing facilities were incapable and unprepared to handle the manufacture of the Colgate-Palmolive products. Also, Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, charged expenses of other Rieke companies to Arminak & Associates, LLC, even though those expenses were unrelated to Arminak & Associates, LLC, or its

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

business. Further, some client

accounts were unilaterally and

arbitrarily moved from

Arminak & Associates, LLC,

to other Rieke companies.

Further, Defendants Rieke-

Arminak Corporation and

Arminak & Associates, LLC,

forced me to raise prices.

These price increases were

unwarranted, and resulted in a

decrease in orders. Further,

Defendants Rieke-Arminak

Corporation and Arminak &

Associates, LLC, used

Arminak & Associates'

Chinese factory for the

manufacture of products

without compensating the

factory. Further, Defendants

Rieke-Arminak Corporation

and Arminak & Associates,

LLC, failed to give credit to

me for work I did for other

Rieke divisions, including the

negotiation of a settlement of

a royalty dispute for another

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Rieke division. Further, Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, failed to pay longstanding vendors, which impacted deliveries. Finally, other Rieke divisions routinely solicited Arminak & Associates' customers or potential customers.

28.  I gave notice of my resignation of my position as President of Defendant Arminak & Associates, LLC, on or about January 7, 2016.

29.  Plaintiff Armin Arminak gave notice of his resignation of his position as Vice-President of Engineering for Defendant Arminak & Associates, LLC, on or about February 1, 2016.

30.  I am not currently engaged in the packaging industry. Based on my personal knowledge, Armin Arminak, NC Holding, LLC,

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

and HRA Holding Corporation, are not currently engaged in the packaging industry.

31.     I am not currently competing with Defendant Arminak & Associates, LLC. Based on my personal knowledge, Armin Arminak, NC Holding, LLC, and HRA Holding Corporation, are not currently competing with Defendant Arminak & Associates, LLC.

32.     I am not currently soliciting or servicing customers, suppliers, licenses, licensors, or other business relations of Defendant Arminak & Associates. Based on my personal knowledge, Armin Arminak, NC Holding, LLC, and HRA Holding Corporation, are not currently soliciting or servicing customers, suppliers, licenses, licensors, or other business

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| relations of Defendant Arminak & Associates, LLC. | | |
| 33. **Objection 22:** <u>The non-competition and non-solicitation provisions of the Purchase Agreement (Exhibit A), Employment Agreements (Exhibits B and C), Unit Purchase Agreement (Exhibit D), and Amended And Restated Employment Agreement (Exhibit E) violate California's strong public policy to ensure that citizens shall retain the right to pursue any lawful employment and enterprise of their choice and that the interests of citizens in their own mobility and betterment are deemed paramount to the competitive business interests of employers.</u> | **Objection 22: ¶ 33, p. 13, lines 1-8**: F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an inaccurate legal conclusion. Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale.  Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| | consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that the restrictive covenants violate a California public policy. The restrictive covenants are valid and enforceable under California Business and Profession Code § 16601. (Complaint, Exhibits A, E.) | |
| 34.    **Objection 23:** The non-competition and non-solicitation provisions of the Purchase Agreement (Exhibit A), Employment Agreements (Exhibits B and C), Unit Purchase Agreement (Exhibit D), and Amended And Restated Employment Agreement (Exhibit E) are void pursuant to *Business And* | **Objection 23: ¶ 34, p. 13, lines 9-18:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an inaccurate | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| *Professions Code* section 16600, which provides:<br><br>    "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." | legal conclusion. Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale.  Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that the restrictive covenants are illegal, void, unenforceable or unlawful. The restrictive covenants are valid and | |

| | | |
|---|---|---|
| 35.   **Objection 24:** The sale of good will or ownership exception embodied in *Business And Professions Code* section 16601 is inapplicable to the non-competition and non-solicitation provisions of the Purchase Agreement (Exhibit A), Employment Agreements (Exhibits B and C), Unit Purchase Agreement (Exhibit D), and Amended And Restated Employment Agreement (Exhibit E) in regard to me in that I was not the seller in the Purchase Agreement or the Unit Purchase Agreement. | enforceable under California Business and Profession Code § 16601. (Complaint, Exhibits A, E.) **Objection 24: ¶ 35, p. 13, lines 18-25:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an inaccurate legal conclusion.  Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale.  Plaintiffs and Roger Abadjian each signed | Sustained _____ Overruled _____ |

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

the agreements individually as a "Seller Group Member" and as a "Seller Parties" member. Plaintiff Helga Arminak also signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that section 16601 is inapplicable here. The restrictive covenants are valid and enforceable under California Business and Profession Code § 16601.  In addition, Plaintiff Helga

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

|  | Arminak was identified as a "Seller Group Member" in the 2012 Purchase Agreement and as a "Seller Party" in the 2014 unit Purchase Agreement and she has admitted that she, Plaintiff Armin Arminak and Roger Abadjian "have been the owners of all of the issued and outstanding shares of HRA Holding Corporation" and "have owned all of the membership interests in NC Holding, LLC." (*See* Helga Decl., ¶¶ 6, 7; Complaint, Exhibits A, E.) |  |
|---|---|---|
| 36.    **Objection 25:** The sale of good will or ownership exception embodied in *Business And Professions Code* section 16601 is inapplicable to the non-competition and non-solicitation provisions of the Purchase Agreement (Exhibit | **Objection 25: ¶ 36, p. 13, line 25 to p. 14 line 6:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

| A), Employment Agreements (Exhibits B and C), Unit Purchase Agreement (Exhibit D), and Amended And Restated Employment Agreement (Exhibit E) in this case in that the subject non-competition provisions are not restricted to "a specified geographic area" as required by *Business And Professions Code* section 16601. The territory is the world. | (Best Evidence Rule). This statement is an inaccurate legal conclusion. Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that section 16601 is inapplicable here. The restrictive covenants are | |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

| | | |
|---|---|---|
| | valid and enforceable under California Business and Profession Code § 16601. (Complaint, Exhibits A.) | |
| 37.    **Objection 26:** The non-competition and non-solicitation provisions in the Purchase Agreement, Employment Agreements, Unit Purchase Agreement, and Amended And Restated Purchase Employment Agreement are illegal, void, and unenforceable under *Business And Professions Code* section 16600, do not qualify for the narrow exception in *Business And Professions Code* section 16601, and, thus, constitute an unlawful business practice under *Business And Professions Code* section 17200. Pursuant to *Business And Professions Code* sections 17203 and 17204, Plaintiffs, and each of them, are entitled | **Objection 26: ¶ 37, p. 14, lines 7-17:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an inaccurate legal conclusion. Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale.  Plaintiffs expressly agreed that they would be | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| to injunctive relief to prohibit and restrain the above described unlawful business practices of Defendant Arminak & Associates, LLC. | bound by the restrictive covenants as further consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that the restrictive covenants are illegal, void, unenforceable or unlawful.  The restrictive covenants are valid and enforceable under California Business and Profession Code § 16601. (Complaint, Exhibits A, E.) | |
| 38.    **Objection 27:** I want to re-enter the packaging industry. I need to return to work as soon as possible since I no longer have my position with Arminak & Associates, LLC. I must work to support myself and to make up for | **Objection 27: ¶ 38, p. 14, lines 17-22:** F.R.E. § 402 (Irrelevant). This statement is irrelevant to the issue before the court – whether to enforce the New York forum selection clause to which Plaintiff expressly agreed. | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

| | | |
|---|---|---|
| business losses I have incurred. I have lost approximately $19 million in the operation of Bbeautiful, LLC, another of my business ventures, which is currently in bankruptcy. | (Complaint, Exhibits A, E.) | |
| 39.   **Objection 28:** I have already been restrained for four years. If Defendants Arminak & Associates, LLC, and Rieke-Arminak Corporation are permitted to proceed and illegally restrain my re-entry into the packaging industry by enforcing the non-competition and non-solicitation provisions of the Purchase Agreement, Employment Agreements, Unit Purchase Agreement, and Amended And Restated Purchase Employment Agreement, in violation of *Business And Professions Code* section 16600 and *Business And Professions* | **Objection 28:** ¶ 39, p. 15, **lines 1-13:**  F.R.E. § 403 (Misleading); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an inaccurate legal conclusion. Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations | Sustained _____ <br> Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | |
|---|---|
| _Code_ section 17200, I will suffer irreparable harm in that I will be unjustly and unjustifiably prevented from engaging in a lawful profession, trade, or business in violation of California public policy and statutory law. My right to engage in a lawful profession, trade, or business will be taken away from me in violation of California public policy and statutory law. | and sale.  Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that the restrictive covenants are illegal, void, unenforceable or unlawful. The restrictive covenants are valid and enforceable under California Business and Profession Code § 16601.  (Complaint, Exhibits A, E.) |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## II   OBJECTIONS TO DECLARATION OF PLAINTIFF ARMIN ARMINAK

| *See* Underlined Portions of Declaration For Material Objected to: | Grounds for Defendants' Objections to Purported Evidence | Ruling |
|---|---|---|
| **Declaration of Armin Arminak:**<br><br>1.     I am a plaintiff in this action. This Declaration is submitted in opposition to Defendants' Motion For Transfer of Venue. This Declaration is based on my personal knowledge and personal participation in the events described. If called to testify as a witness, I could and would testify competently as follows.<br><br>2.     **Objection 1:** <u>I am a California resident.  I have lived in the County of Los Angeles, State of California for decades.</u><br><br>3.     Plaintiff Helga | **Objection 1: ¶ 2, p. 2, lines 1-2:** F.R.E. §402 (Irrelevant) Plaintiff's background is not relevant to the issue before the court – whether to enforce the mandatory New | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| Arminak is my wife.<br><br>4.    Plaintiff Roger Abadjian is my brother-in-law. | York forum selection clause Plaintiffs agreed to in connection with the $110 million sale of their business.  (Complaint, Exhibits A, E.) | |
| 5.    **Objection 2:** <u>I was actively involved in the operations of Arminak & Associates, Inc., which was involved in the cosmetic packaging business.  Arminak & Associates, Inc., had major clients such as L'Oreal, Colgate-Palmolive, and Joh.</u> **Objection 3:** <u>The principal place of business for Arminak & Associates, Inc., was at 1350 Mountain View Circle, Azusa, California 91702.</u> | **Objection 2: ¶ 5, p. 2, lines 6-11:** § 402 (Irrelevant.) Plaintiff's background is not relevant to the issue before the court – whether to enforce the mandatory New York forum selection clause Plaintiffs agreed to in connection with the $110 million sale of their business.  (Complaint, Exhibits A, E.)<br><br>**Objection 3: ¶ 5, p. 2, lines 8-11:**  F.R.E. §402 (Irrelevant); § 403 (Misleading).  The location of Arminak & Associates, Inc. is not relevant to the issue before the court – whether to enforce the mandatory New York forum | Sustained _____<br>Overruled _____<br><br><br><br><br><br><br><br><br><br>Sustained _____<br>Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

selection clause Plaintiffs agreed to in connection with the $110 million sale of their business. In addition, Arminak & Associates, Inc. ceased to exist with the sale of Arminak LLC in February 2012. (Complaint, Exhibit A, p. 1.)

6.      Plaintiff Helga Arminak, Roger Abadjian, and I are and have been the owners of all of the issued and outstanding shares of HRA Holding Corporation, a California corporation formed on February 10, 2012. Prior to February 24, 2012, HRA Holding Corporation owned 99% of the shares of Arminak & Associates, Inc., and 99% of the membership interests of Defendant Arminak & Associates, LLC.

7.      Plaintiff Helga Arminak, Roger Abadjian,

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| 1 and I own and have owned | | |
| 2 all of the membership | | |
| 3 interests in NC Holding, | | |
| 4 LLC, a California limited | | |
| 5 liability company formed on | | |
| 6 February 10, 2012. Prior to | | |
| 7 February 24, 2012, NC | | |
| 8 Holding, LLC, owned 1% of | | |
| 9 the shares of Arminak & | | |
| 10 Associates, Inc., and 1% of | | |
| 11 the membership interests of | | |
| 12 Defendant Arminak & | | |
| 13 Associates, LLC. | | |
| 14        8.        I am informed | | |
| 15 that Defendant Arminak & | | |
| 16 Associates, LLC, is a | | |
| 17 Delaware limited liability | | |
| 18 company doing business in | | |
| 19 the State of California. | | |
| 20 Defendant Arminak & | | |
| 21 Associates, LLC, is engaged | | |
| 22 in the packaging industry. | | |
| 23 Defendant Arminak & | | |
| 24 Associates, LLC, is the | | |
| 25 successor in interest to | | |
| 26 Arminak & Associates, Inc. | | |
| 27 **Objection 4:** <u>The principal</u> | **Objection 4: ¶ 8, p. 2, line** | Sustained _____ |
| 28 | | |

Case No: 2:16-cv-03519 JAK (SSx)        – 46 –

| place of business for Arminak & Associates, LLC, has been at 1350 Mountain View Circle, Azusa, California 91702. | **28 to page 3, line 1:** F.R.E. §402 (Irrelevant); § 403 (Misleading); §§ 602, 701, 702 (Foundation); § 602 (Lacks Personal Knowledge). The principal place of business of Arminak & Associates, LLC is not relevant to the issue before the court – whether to enforce the mandatory New York forum selection clause Plaintiffs agreed to in connection with the $110 million sale of their business. Plaintiff fails to provide any foundation for the statement that the address is Arminak & Associates, LLC's principal place of business. In addition, Arminak & Associates, LLC no longer maintains an office at 1350 Mountain View Circle, Azusa, California 91702. (*See* California Secretary of | Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | State Website.) | |
|---|---|---|
| 9.   I am informed that Defendant Rieke-Arminak Corporation is a Delaware corporation doing business in the State of California. I am also informed that Defendant Rieke-Arminak is a wholly owned subsidiary of Rieke Corporation, an Indiana corporation, and that Defendant Rieke-Arminak has some connection with TriMas Corporation. | | |
| 10.   I am informed that Defendants David Pritchett, Bill Kent, and Mark Box are officers of Rieke Corporation, an Indiana corporation, which is a TRiMas Company, and which is related in some way to Defendant Arminak & Associates, LLC. | | |
| 11.   I am informed that Defendant Judy | | |

DEFENDANTS OBJECTIONS TO  PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

| | | |
|---|---|---|
| Baranowski is the Vice-President for Global Operations for Rieke Corporation, an Indiana corporation, which is a TriMas Company, and which is related in some way to Defendant Arminak & Associates, LLC. | | |
| 12. **Objection 5:** On or about February 24, 2012, Rieke-Arminak, as the buyer, and HRA Holding Corporation, as the seller, entered into a Purchase Agreement wherein Rieke-Arminak purchased 70% of the interest of HRA Holding Corporation in Arminak & Associates, Inc., and Defendant Arminak & Associates, LLC, for $59 million. Plaintiff Helga Arminak, Roger Abadjian, and I were referenced in the Purchase Agreement as "Shareholders" and signed | **Objection 5: ¶12, p. 3, lines 17-27:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business.  The underlying documents which are exhibits to Plaintiffs' Complaint are the best | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| the Purchase Agreement along with Arminak & Associates, Inc., and Defendant Arminak & Associates, LLC, through my signature with Plaintiff Helga Arminak acting as our representative in the execution of the Purchase Agreement. A true and correct copy of the February 24, 2012 Purchase Agreement is attached as Exhibit A to the Complaint on file herein and is incorporated herein by this reference. **Objection 6: Neither Plaintiff Helga Arminak, Roger Abadjian, nor I were the sellers in the February 24, 2012 transaction. HRA Holding Corporation was the only seller.** | evidence of the agreement. This statement is incomplete and misleading because as reflected in the agreements, Plaintiffs and Roger Abadjian each signed the agreements individually as a "Seller Group Member" and Plaintiff Helga Arminak signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. (Complaint, Exhibit A, p. 1.)<br><br>**Objection 6: ¶ 12, p. 4, lines 1-4:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). The underlying documents which are exhibits to Plaintiffs' Complaint are the best | Sustained _____<br>Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| | evidence of the agreement. This statement is incomplete and misleading because as reflected in the agreements, Plaintiffs and Roger Abadjian each signed the agreements individually as a "Seller Group Member" and Plaintiff Helga Arminak signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. (Complaint, Exhibit A, p. 1.) | |
| 13.   **Objection 7:** <u>Section 9.2 of the Purchase Agreement on Pages 52 and 53 of the Purchase Agreement contains in Subsection (a) a non-competition clause pursuant to which HRA Holding Corporation, NC Holding, LLC, Plaintiff Helga Arminak, Roger Abadjian, and I putatively may not, with certain exceptions,</u> | **Objection 7: ¶ 13, p. 4, lines 4-17:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This statement is an incomplete summary of a portion of the 2012 Purchase Agreement and fails to acknowledge this non-compete clause was | Sustained _____ Overruled _____ |

| | | |
|---|---|---|
| directly or indirectly own any interest in, manage, control, participate in, consult with, render services for, or in any way engage in any competing business in the "Restricted Territories," which was defined as the world. The term of the non-competition clause is defined as three years after the end of the Put/Call Period (from January 1, 2014 to March 3, 2016), in other words to March 31, 2019, or the date the Company (defined as Arminak & Associates, Inc., and Arminak & Associates, LLC) is no longer a subsidiary of Parent (defined as TriMas Corporation). A true and correct copy of Section 9.2 of the Purchase Agreement is attached hereto as Exhibit 4 and is incorporated herein by this reference. | agreed to as further consideration in the $110 million sale of Plaintiffs' business and in consideration of the goodwill of their sold business. (*See* Armin Decl., Exhibit 4; Complaint, Exhibit A.) | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| 14. **Objection 8:** Section 9.2 of the Purchase Agreement on Page 53 of the Purchase Agreement also contains in Subsection (b) a covenant not to solicit or service customers, suppliers, licenses, licensors, or other business relations of Defendant Arminak & Associates, LLC, including any person who was a customer, supplier, or other potential business relation during the twelve month period immediately prior to such call, solicitation, or service. | **Objection 8: ¶ 14, p. 4, lines 19-26:** F.R.E. § 403 (Misleading and Incomplete); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This statement is an incomplete summary of a portion of the 2012 Purchase Agreement and fails to acknowledge this non-solicitation clause was agreed to as further consideration in the $110 million sale of Plaintiffs' business and in consideration of the goodwill of their sold business. (*See* Armin Decl., Exhibit 4; Complaint, Exhibit A.) | Sustained _____ Overruled _____ |
| 15. **Objection 9:** Exhibit D to the Purchase Agreement sets forth "Dispute Resolution Procedures". Section C of the Dispute Resolution | **Objection 9: ¶15, p. 4 line 26 to p. 5 line 8:** F.R.E. § 403 (Misleading and Incomplete); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

| | | |
|---|---|---|
| Procedures provides in pertinent part: "Notwithstanding anything to the contrary ... and without prejudice to the above procedures, any party may apply to any court of competent jurisdiction for temporary injunctive relief or other provisional judicial relief if such action is necessary to avoid irreparable damage or to preserve the status quo until such time as the arbitration is initiated and the arbitrator is available to hear such request for temporary relief." A true and correct copy of Exhibit D to the Purchase Agreement is attached hereto as Exhibit 5 and is | Rule).  This statement is an incomplete summary of a portion of the 2012 Purchase Agreement and Dispute Resolution Procedures. It fails to identify the fact that Plaintiffs assert claims for damages, and thus, their entire lawsuit is subject to a mandatory New York Forum selection clause, which Plaintiffs expressly agreed to in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale.  (*See* Armin Decl., Exhibit 5; Complaint, Exhibit A.) | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| incorporated herein by this reference. | | |
| 16.   **Objection 10:** Also on February 24, 2012, Plaintiff Helga Arminak, Roger Abadjian, and I entered into written Employment Agreements with Defendant Arminak & Associates, LLC, wherein we were each employed for compensation as "Executives" for Defendant Arminak & Associates, LLC. Plaintiff Helga Arminak was employed as President. I was employed as the Vice President of Engineering. Roger Abadjian was employed as a Vice-President. A true and correct copy of the Employment Agreement for Plaintiff Helga Arminak is attached as Exhibit B to the Complaint on file herein and is incorporated by this | **Objection 10: ¶16, p. 5, lines 11-18:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. (Complaint, Exhibits B, C, D.) | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| reference. A true and correct copy of my Employment Agreement is attached as Exhibit C to the Complaint on file herein and is incorporated herein by this reference. | | |
| 17.    **Objection 11:** On Page 8 of the Employment Agreements, Section 7 provides: | **Objection 11: ¶17, p. 5 line 23 to p. 6 line 4:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best Evidence Rule); § 403 (Misleading and Incomplete); § 802 (Hearsay).  The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. This statement fails to identify the fact that Plaintiffs expressly agreed to be bound by restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations | Sustained _____ Overruled _____ |
| "In connection with the consideration to be paid under the Purchase Agreement, Executive has agreed to be bound by certain covenants as more fully described in Section 9.2 of the Purchase Agreement. Executive hereby acknowledges acceptance of and agreement to such restrictive covenants." In other words, the | | |

| | | |
|---|---|---|
| <u>Employment Agreements</u> <u>adopt or incorporate the non-</u> <u>competition provisions of the</u> <u>Purchase Agreement.</u> A true and correct copy of Section 7 of my Employment Agreement is attached hereto as Exhibit 12 and is incorporated herein by this reference. | and sale. (*See* Armin Decl., Exhibit 5; Complaint, Exhibits B, C, D.) | |
| 18.   **Objection 12:** <u>The Employment</u> <u>Agreements have a choice of</u> <u>law clause in Section 19</u> <u>which states:</u> <br> "<u>All issues concerning</u> <u>the construction,</u> <u>validity, enforcement</u> <u>and interpretation of</u> <u>this Agreement shall</u> <u>be governed, by and</u> <u>construed in</u> <u>accordance with the</u> <u>laws of the State of</u> <u>California, without</u> <u>giving effect to any</u> <u>choice of law or</u> | **Objection 12: ¶18, p. 6,** **line 25 to p. 7, line 7:** F.R.E. §402 (Irrelevant); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule); § 403 (Misleading and Incomplete); § 802 (Hearsay).  The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. This statement fails to identify the fact that Plaintiffs expressly agreed to be bound by restrictive covenants in connection with | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

conflict of laws rules or provisions (whether of the State of California or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of California."

A true and correct copy of Section 19 in my Employment Agreement is attached hereto as Exhibit 13 and is incorporated herein by this reference.

19.    **Objection 13:** A form Release Agreement to be used in the event of termination is attached as Exhibit B to the Employment Agreements. Section 15 of the form Release Agreement specifically references *Civil Code* section 1542 of the State of California. This reference to California law

the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. (*See* Armin Decl., Exhibit 5; Complaint, Exhibits B, C, D.)

**Objection 13: ¶19, p. 6, lines 19-26:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best Evidence Rule); § 402 (Irrelevant). The underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. The form release not relevant to the issue before

Sustained _____
Overruled _____

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

clearly indicates Defendants' recognition of the applicability of California to Helga Arminak and myself and our relationship with Defendant Arminak & Associates, LLC.

20.     In December 2013, Defendants Rieke-Arminak and Arminak & Associates, LLC, notified us of their intention to exercise their "Put/Call Rights" to purchase the remaining 30% interest of HRA Holding Corporation and NC Holding, LLC, in Defendant Arminak & Associates, LLC. Defendants Rieke-Arminak and Arminak & Associates, LLC, offered HRA Holding Corporation and NC Holding, LLC, $27 million for the remaining 30%. That offer was rejected because the offer was far too low. After rejecting the $27

the court - whether to enforce the mandatory New York forum selection clause Plaintiffs agreed to in connection with the $110 million sale of their business. (*See* Armin Decl., Exhibit 5; Complaint, Exhibits B, C, D.)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| million offer, we entered into negotiations with Defendants Rieke-Arminak and Arminak & Associates, LLC, to amend the agreement and formula for the purchase of the remaining 30%. | | |
| 21. **Objection 14:** On or about March 11, 2014, Defendants Rieke-Arminak and Arminak & Associates, LLC, as buyers, and HRA Holding Corporation and NC Holding, LLC, as sellers, entered into the Unit Purchase Agreement, wherein Defendants Rieke-Arminak and Arminak & Associates, LLC, purchased the remaining 30% interest of HRA Holding Corporation and NC Holding, LLC, in Defendant Arminak & Associates, LLC. A true and correct copy of the Unit Purchase Agreement is attached as Exhibit D to the | **Objection 14: ¶ 21, p. 7, lines 11-18:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This statement is incomplete and misleading because as reflected in the agreements, Plaintiffs and Roger Abadjian each signed the agreements individually as a "Seller Parties" member and Plaintiff Helga Arminak signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. | Sustained _____ Overruled _____ |

| | | |
|---|---|---|
| Complaint on file herein and is incorporated herein by this reference. **Objection 15:** <u>I was not the seller in the March 11, 2014 transaction. Neither Plaintiff Helga Arminak nor Roger Abadjian nor I were the sellers in the March 11, 2014 transaction. HRA Holding Corporation and NC Holding, LLC, were the sellers.</u> | (Complaint, Exhibit E.)<br><br>**Objection 15: ¶ 21, p. 7, lines 19-224:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This statement is incomplete and misleading because as reflected in the agreements, Plaintiffs and Roger Abadjian each signed the agreements individually as a "Seller Parties" member and Plaintiff Helga Arminak signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. (Complaint, Exhibit E.) | Sustained _____<br>Overruled _____ |
| 22.    **Objection 16:** <u>On Page 6 of the Unit Purchase Agreement, Section 4(a) provides:</u> | **Objection 16: ¶ 22, p. 7 line 24 to p. 8 line 7:** F.R.E. §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). The | Sustained _____<br>Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | |
|---|---|
| "Non-Competition; Non-Solicitation; Non-Disparagement. The Parties agree that Section 9.2 of the Purchase Agreement shall remain in full force and effect in accordance with the terms of the Purchase Agreement; provided that the definition of **'Restricted Period'** for purposes of Section 9.2 of the Purchase Agreement shall be amended to mean the period commencing on the Closing (as defined in the Purchase Agreement) and ending on March 31, 2019." In other words, the Unit Purchase Agreement adopted and incorporated the non-competition and non- | underlying documents which are exhibits to Plaintiffs' Complaint are the best evidence of the agreement. (Complaint, Exhibit E.) |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

solicitation provisions of the
Purchase Agreement. A true
and correct copy of Section
4(a) of the Unit Purchase
Agreement is attached hereto
as Exhibit 8 and is
incorporated herein by this
reference.

23.  **Objection 17:**
Exhibit 5 to the Unit
Purchase Agreement sets
forth "Dispute Resolution
Procedures". Section C of
the Dispute Resolution
Procedures provides in
pertinent part:

"Notwithstanding
anything to the
contrary...and without
prejudice to the above
procedures, any Party
may apply to any court
of competent
jurisdiction for
temporary injunctive
relief or other
provisional judicial

**Objection 17: ¶ 23, p. 8,
lines 10-20:** F.R.E. § 403
(Misleading and
Incomplete); § 802
(Hearsay); §§ 1001, 1002,
1003, 1004 (Best Evidence
Rule).  This statement is an
incomplete summary of a
portion of the 2012 Purchase
Agreement and Dispute
Resolution Procedures. It
fails to identify the fact that
Plaintiffs assert claims for
damages, and thus, their
entire lawsuit is subject to a
mandatory New York Forum
selection clause, to which
Plaintiffs expressly agreed in
connection with the $110

Sustained _____
Overruled _____

| | | |
|---|---|---|
| relief if such action is necessary to avoid irreparable damage or to preserve the status quo until such time as the arbitration is initiated and the arbitrator is available to hear such request for temporary relief." A true and correct copy of Exhibit 5 to the Unit Purchase Agreement is attached hereto as Exhibit 9 and is incorporated herein by this reference. | million sale of their business, and they were represented by counsel throughout the negotiations and sale. (*See* Armin Decl., Exhibit 9; Complaint, Exhibit E.) | |
| 24.   **Objection 18:** Under Section 1 (c) of the Unit Purchase Agreement, HRA Holding Corporation and NC Holding, LLC, the sellers, were to receive an "Earnout Payment" as additional compensation for the purchase of the remaining 30%. The Unit Purchase Agreement | **Objection 18: ¶ 24, p. 8 line 23 to p. 10 line 1:** F.R.E. §402 (Irrelevant); § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This paragraph is irrelevant to this motion. Plaintiffs agreed | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

provided a formula for calculating the Earnout Payment. Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, took active measures to prevent us from maximizing that Earnout Payment, including but not limited to the following. They removed Plaintiff Helga Arminak as the point/contact person for many customers, including Colgate-Palmolive, Kimberly Clark, Tricor Braun, Costco, Henkel Europe, EcoLabs, and Conair. Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, significantly interfered with the relationship of Plaintiff Helga Arminak with Colgate-Palmolive by changing the manufacturing facilities for the Colgate-Palmolive products. The new

to a mandatory New York forum selection clause in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. (*See* Armin Decl., Exhibit 5; Complaint, Exhibit E.)

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

manufacturing facilities were incapable and unprepared to handle the manufacture of the Colgate-Palmolive products. Also, Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, charged expenses of other Rieke companies to Arminak & Associates, LLC, even though those expenses were unrelated to Arminak & Associates, LLC, or its business. Further, some client accounts were unilaterally and arbitrarily moved from Arminak & Associates, LLC, to other Rieke companies. Further, Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, forced Plaintiff Helga Arminak to raise prices. These price increases were unwarranted, and resulted in a decrease in orders. Further, Defendants

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| <u>Rieke-Arminak Corporation and Arminak & Associates, LLC, used Arminak & Associates' Chinese factory for the manufacture of products without compensating the factory. Further, Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, failed to give credit to Plaintiff Helga Arminak for work she did for other Rieke divisions, including the negotiation of a settlement of a royalty dispute for another Rieke division. Further, Defendants Rieke-Arminak Corporation and Arminak & Associates, LLC, failed to pay longstanding vendors, which impacted deliveries. Finally, other Rieke divisions routinely solicited Arminak & Associates' customers or potential customers.</u> | | |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

25.     I gave notice of my resignation of my position as the Vice-President of Engineering of Defendant Arminak & Associates, LLC, on or about February 1, 2016, to be effective in thirty days as provided in the Employment Agreement. **Objection 19: On February 4, 2016, in violation of the provisions of the Employment Agreement, Defendant Mark Box terminated my employment with Arminak & Associates, LLC.**

26.     I am not currently engaged in the packaging industry. Based on my personal knowledge, Helga Arminak, NC Holding, LLC, and HRA Holding Corporation, are not currently engaged in the packaging industry.

27.     I am not

**Objection 19:** ¶ 25, p. 10 **lines 4-7:** F.R.E. §402 (Irrelevant); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). The underlying employment agreement which is attached to Plaintiffs' Complaint is the best evidence of the agreement. This statement is also irrelevant to the issue before the court - whether to enforce the mandatory New York forum selection clause Plaintiffs agreed to in connection with the $110 million sale of their business. (Complaint,

Sustained _____
Overruled _____

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| currently competing with Defendant Arminak & Associates, LLC. Based on my personal knowledge, Helga Arminak, NC Holding, LLC, and HRA Holding Corporation, are not currently competing with Defendant Arminak & Associates, LLC.<br><br>28.   I am not currently soliciting or servicing customers, suppliers, licenses, licensors, or other business relations of Defendant Arminak & Associates. Based on my personal knowledge, Helga Arminak, NC Holding, LLC, and HRA Holding Corporation, are not currently soliciting or servicing customers, suppliers, licenses, licensors, or other business relations of Defendant Arminak & Associates, LLC. | Exhibits A, C, E.) | |

Case No: 2:16-cv-03519 JAK (SSx)           – 69 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| 29.   **Objection 20:** The non-competition and non-solicitation provisions of the Purchase Agreement (Exhibit A to the Complaint), Employment Agreements (Exhibits B and C to the Complaint), and Unit Purchase Agreement (Exhibit D to the Complaint) violate California's strong public policy to ensure that citizens shall retain the right to pursue any lawful employment and enterprise of their choice and that the interests of citizens in their own mobility and betterment are deemed paramount to the competitive business interests of employers. | **Objection 20: ¶ 29, p. 10 line 22 to p. 11 line 1:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This statement is an inaccurate legal conclusion. Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further consideration for the | Sustained _____ <br> Overruled _____ |
|---|---|---|

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

| | | |
|---|---|---|
| | goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that the restrictive covenants violate a California public policy. The restrictive covenants are valid and enforceable under California Business and Profession Code § 16601. (Complaint, Exhibits A, E.) | |
| 30.    **Objection 21:** The non-competition and non-solicitation provisions of the Purchase Agreement (Exhibit A to the Complaint), Employment Agreements (Exhibits B and C to the Complaint), and Unit Purchase Agreement (Exhibit D to the Complaint) violate California's strong public policy to ensure that | **Objection 21: ¶ 30, p. 11, lines 2-108:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an inaccurate legal conclusion. Plaintiffs | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

1  | <u>citizens shall retain the right</u>
2  | <u>to pursue any lawful</u>
3  | <u>employment and enterprise</u>
4  | <u>of their choice and that the</u>
5  | <u>interests of citizens in their</u>
6  | <u>own mobility and betterment</u>
7  | <u>are deemed paramount to the</u>
8  | <u>competitive business</u>
9  | <u>interests of employers.</u>

were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that the restrictive covenants violate a California public policy. The restrictive covenants are valid and enforceable under California Business and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

| | | |
|---|---|---|
| 31. **Objection 22:** The non-competition and non-solicitation provisions of the Purchase Agreement (Exhibit A to the Complaint), Employment Agreements (Exhibits B and C to the Complaint), and Unit Purchase Agreement (Exhibit D to the Complaint) are void pursuant to *Business And Professions Code* section 16600, which provides: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." | Profession Code § 16601. (Complaint, Exhibits A, E.) **Objection 22: ¶ 31, p. 11 lines 10-18:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule). This statement is an inaccurate legal conclusion. Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale. Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that the restrictive covenants are illegal, void, unenforceable or unlawful. The restrictive covenants are valid and enforceable under California Business and Profession Code § 16601. (Complaint, Exhibits A, E.)

| | | |
|---|---|---|
| 32. **Objection 23:** The sale of good will or ownership exception embodied in *Business And Professions Code* section 16601 is inapplicable to the non-competition and non-solicitation provisions of the Purchase Agreement (Exhibit A to the Complaint), | **Objection 23: ¶ 32, p. 11, lines 18-25:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| <u>Employment Agreements (Exhibits B and C to the Complaint), and Unit Purchase Agreement (Exhibit D to the Complaint) in regard to me in that I was not the seller in the Purchase Agreement or the Unit Purchase Agreement.</u> | statement is an inaccurate legal conclusion.  Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale.  Plaintiffs and Roger Abadjian each signed the agreements individually as a "Seller Group Member" and as a "Seller Parties" member. Plaintiff Helga Arminak also signed separately on behalf of the entities that she, Armin Arminak and Roger Abadjian owned. Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further consideration for the goodwill of their sold | |

DEFENDANTS OBJECTIONS TO  PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that section 16601 is inapplicable here. The restrictive covenants are valid and enforceable under California Business and Profession Code § 16601.  In addition, Plaintiff Helga Arminak was identified as a "Seller Group Member" in the 2012 Purchase Agreement and as a "Seller Party" in the 2014 unit Purchase Agreement and she has admitted that she, Plaintiff Armin Arminak and Roger Abadjian "have been the owners of all of the issued and outstanding shares of HRA Holding Corporation" and "have owned all of the membership

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| | interests in NC Holding, LLC." (*See* Armin Decl., ¶¶ 6, 7; Complaint, Exhibits A, E.) | |
| 33. **Objection 24:** The sale of good will or ownership exception embodied in *Business And Professions Code* section 16601 is inapplicable to the non-competition and non-solicitation provisions of the Purchase Agreement (Exhibit A to the Complaint), Employment Agreements (Exhibits B and C to the Complaint), and Unit Purchase Agreement (Exhibit D to the Complaint) in this case in that the subject non-competition provisions are not restricted to "a specified geographic area" as required by *Business And Professions Code* section 16601. The territory is the world. | **Objection 24: ¶ 33, p. 11 line 2 to p. 12 line 5:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This statement is an inaccurate legal conclusion. Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale.  Plaintiffs expressly agreed that they would be | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| | bound by the restrictive covenants as further consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that section 16601 is inapplicable here. The restrictive covenants are valid and enforceable under California Business and Profession Code § 16601. (Complaint, Exhibits A, E.) | |
| 34.   **Objection 25:** The non-competition and non-solicitation provisions in the Purchase Agreement, Employment Agreements, and Unit Purchase Agreement are illegal, void, and unenforceable under *Business And Professions Code* section 16600, do not | **Objection 25: ¶ 34, p. 12 lines 5-16:** F.R.E. § 403 (Misleading and Incomplete); §§ 602, 701, 702 (Legal Conclusion); §§ 602, 701, 702 (Lacks Foundation and Improper Opinion); § 802 (Hearsay); §§ 1001, 1002, 1003, 1004 (Best Evidence Rule).  This | Sustained _____ Overruled _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | |
|---|---|
| qualify for the narrow exception in *Business And Professions Code* section 16601, and, thus, constitute an unlawful business practice under *Business And Professions Code* section 17200. Pursuant to *Business And Professions Code* sections 17203 and 17204, Plaintiffs, and each of them, are entitled to injunctive relief to prohibit and restrain the above-described unlawful business practices of Defendant Arminak & Associates, LLC. | statement is an inaccurate legal conclusion. Plaintiffs were sellers who expressly agreed to the mandatory New York forum selection clause and restrictive covenants in connection with the $110 million sale of their business, and they were represented by counsel throughout the negotiations and sale.  Plaintiffs expressly agreed that they would be bound by the restrictive covenants as further consideration for the goodwill of their sold business, and they expressly agreed to the reasonableness of the restrictive covenants' time and geographic restrictions. Plaintiff fails to provide any foundation for the statement that the restrictive covenants are illegal, void, unenforceable or unlawful. The restrictive |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| | covenants are valid and enforceable under California Business and Profession Code § 16601. (Complaint, Exhibits A, E.) | |
| 35.    **Objection 26:** I want to re-enter the packaging industry. I need to return to work as soon as possible since I no longer have my position with Arminak & Associates, LLC. I must work to support myself and my family. | **Objection 26: ¶ 35, p. 12 lines 16-19:** F.R.E. § 402 (Irrelevant). This statement is irrelevant to the issue before the court – whether to enforce the New York forum selection clause to which Plaintiff expressly agreed. (Complaint, Exhibits A, E.) | Sustained _____ Overruled _____ |

## III.    OBJECTIONS TO DECLARATION OF MOTTY SHULMAN

| *See* Underlined Portions of Declaration For Material Objected to: | Grounds for Defendants' Objections to Purported Evidence | Ruling |
|---|---|---|
| **Declaration of Motty Shulman:** 1.    I am an attorney duly licensed to practice before the courts of the States of New York and Florida.  I was admitted to | | |

| | | |
|---|---|---|
| practice in New York in 2001.  I am an attorney at Boies, Schiller and Flexner, counsel for Plaintiffs in matters other than the above-captioned case.  I have personal knowledge of the matters set forth herein. | | |
| 2.      I have filed an amended complaint on behalf of Helga Arminak, Armin Arminak, HRA Holding Corp., and NC Holding, LLC, in the Commercial Division of the Supreme Court of the State of New York, New York County, *Arminak v. TriMas Corp.*, Index No. 651784/2016 (the "New York Action").  A true and correct copy of the amended complaint is attached hereto as Exhibit 1 and is incorporated herein by reference. | | |
| 3.      **Objection 1: I** | **Objection 1: ¶ 3, p. 2, lines** | Sustained _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| have reviewed the Complaint in this matter, and I have compared this action to the New York Action.  While the cases involve some overlapping facts and events, the New York Action is different from the above-captioned case (the "California Action").  While there is some overlap, the California Action involves different parties than the New York Action.  On the plaintiffs' side, the New York Action includes HRA Holding Corporation and NC Holding LLC, who are not plaintiffs in the California Action.  On the defendants' side, the California Action includes David Pritchett, Bill Kent, Mark Box, and Judy Baranowski, none of whom are defendants in the New York Action. | **9-19:** F.R.E. §402 (Irrelevant); § 403 (Misleading); §§ 602, 701, 702 (Improper Opinion).  The First-Filed Action is Defendant Arminak & Associates LLC and Rieke-Arminak Corporations lawsuit, 650568/2016, filed on February 3, 2016. (*See* Exhibit A to Declaration of Melissa I. Rubenstein, ECF Document No. 18-2). Plaintiffs' New York action, filed on April 4, 2016, attached as Exhibit 1 to the declaration of Motty Shulman was filed on April 4, 2016, after Plaintiffs filed this lawsuit (Plaintiff's California Action).  In addition, declarant Motty Shulman is not an attorney or a party in Plaintiffs' California Action. | Overruled _____ |
| 4.   **Objection 2:** | **Objection 2:** ¶ 4, p. 2 line | Sustained _____ |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| The New York Action and the California Action also differ as to claims. The California Action includes claims based on the Employment Agreements of Helga Arminak and Armin Arminak, including claims for declaratory and injunctive relief with regard to the Employment Agreements' non-competition provisions. The New York Action currently does not. As Paragraph 19 of the Complaint in the California Action states, each of the Employment Agreements contains a choice of law provision that designates California law as controlling over the construction, validity, enforcement and interpretation of the Employment Agreements. In addition, the California | **19 to p. 3, line 3**: F.R.E. §402 (Irrelevant); § 403 (Misleading); §§ 602, 701, 702 (Legal Conclusion and Improper Expert Opinion). The First-Filed Action is Defendant Arminak & Associates LLC and Rieke-Arminak Corporation's lawsuit against Plaintiffs, Roger Abadjian, HRA Holding Corporation and NC Holdin, LLC, 650568/2016, filed on February 3, 2016. (*See* Exhibit A to Declaration of Melissa I. Rubenstein, ECF Document No. 18-2). Plaintiffs' New York action, attached as Exhibit 1 to the declaration of Motty Shulman was filed on April 4, 2016, after Plaintiffs filed this lawsuit (Plaintiff's California Action). In addition, declarant Motty Shulman is not an attorney or a party in | Overruled _____ |

| | | |
|---|---|---|
| Action includes a claim by Helga Arminak for intentional infliction of emotional distress. The New York Action does not. | Plaintiffs' California Action. Declarant Motty Shulman is also improperly acting as an expert on New York law. | |
|     5.   **Objection 3:** The California Action also involves *California Business And Professions Code* section 16600, which the New York Action does not. I have read *California Business And Professions Code* section 16600 which states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." To my knowledge, there is no analogous statute or public policy in New York. In New York, the courts enforce restrictive covenants to the extent that they are | **Objection 3: ¶ 5, p. 3, lines 3-12:** F.R.E. §402 (Irrelevant); § 403 (Misleading); §§ 602, 701, 702 (Legal Conclusion and Improper Expert Opinion). Declarant Motty Shulman making a legal conclusion regarding one California statue that is subject to an exception which applies here. *See* Cal. Bus. & Prof. Code § 16601.  (Complaint, Exhibits A, E.)  Declarant Motty Shulman is also improperly acting as an expert on New York law. | Sustained _____ Overruled _____ |

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

reasonable in time and area.

6.     Boies, Schiller and Flexner and I also represent Helga Arminak and Armin Arminak in the case of *Rieke-Arminak Corporation, et al. v. Helga Arminak, et al.*, Supreme Court of the State of New York, Index No. 650568/2016.  True and correct copies of the Notice of Commencement of Action Subject To Mandatory Electronic Filing and Summons With Notice in that case are attached hereto as Exhibits 2 and 3, respectively, and are incorporated herein by this reference.  That case was initiated on February 3, 2016.  Rieke-Arminak Corporation and Arminak & Associates, LLC, were the plaintiffs, and Helga Arminak, Armin Arminak,

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| Roger Abadjian, HRA Holding Corporation, and NC Holding, LLC, were the defendants. **Objection 4:** <u>At the encouragement of the court, the parties in that matter are negotiating the terms of a stipulation to dismiss the matter without prejudice.</u> | **Objection 4: ¶ 6, p. 3, lines 23-5:** F.R.E. §402 (Irrelevant); § 403 (Misleading). No stipulation to dismiss the first-filed New York action has been filed. The New York court instructed Arminak & Associates LLC and Rieke-Arminak Corporation to dismiss the first-filed New York action as bring their claims as counterclaims in Plaintiffs' New York action. Counsel for Plaintiffs indicated that the Arminak Parties would not use the fact of the dismissal of the First-Filed New York Action to oppose any arguments based on the first-to-file rule in the California action or any other matter. (*See* Supplemental Declaration of | Sustained _____ Overruled _____ |

| | Melissa I. Rubenstein, ¶¶ 2-4.) | |
|---|---|---|

DATED: July 15, 2016       REED SMITH LLP


By:   /s/ James L. Sanders
      James L. Sanders
      Carla M. Wirtschafter
      Attorneys for Defendants
      Arminak & Associates, LLC, Rieke-Arminak Corporation, David Pritchett, William D. Kent, Mark Box and Judy Baranowski

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE