James L. Sanders (SBN 126291)
Email: jsanders@reedsmith.com
Carla M. Wirtschafter (SBN 292142)
Email: cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Attorneys for Defendants
Arminak & Associates, LLC,
Rieke-Arminak Corporation,
David Pritchett, William D. Kent
(Sued As Bill Kent), Mark Box and
Judy Baranowski

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELGA ARMINAK, an individual; ARMIN ARMINAK, an individual; and ROGER ABADJIAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; RIEKE-ARMINAK CORPORATION, a Delaware Corporation; DAVID PRITCHETT, an individual; BILL KENT, an individual; MARK BOX, an individual; JUDY BARANOWSKI, an individual; and Does 1 through 10, inclusive,<br><br>Defendants. | Case Number: 2:16-cv-03519 JAK (SSx)<br><br>**DEFENDANTS ARMINAK & ASSOCIATES, LLC, RIEKE-ARMINAK CORPORATION, DAVID PRITCHETT, WILLIAM D. KENT, MARK BOX AND JUDY BARANOWSKI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS HELGA ARMINAK AND ARMIN ARMINAK'S MOTION TO REMAND**<br><br>*[Filed Concurrently With Declaration of Carla M. Wirtschafter]*<br><br>Date: October 3, 2016<br>Time: 8:30 a.m.<br>Place: Courtroom 750<br><br>Honorable John A. Kronstadt |

Case No: 2:16-cv-03519 JAK (SSx)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................. 1

    A. Defendant David Pritchett Timely Removed The State Court Action ......... 1

    B. At The Time Of Removal, No Substantive Motion Filed In The State Court Had Been Heard Or Ruled On ............................................................ 2

I. REMOVAL WAS TIMELY AND PROPER ...................................................... 3

II. PRITCHETT OBTAINED THE CONSENT OF ALL OF THE DEFENDANTS ................................................................................................... 4

    A. Defendant Box Was Capable Of Consenting and Did Consent to the Removal ......................................................................................................... 4

    B. Defendants Arminak LLC, Rieke, Kent, And Baranowski Were Capable Of Consenting And Did Consent To The Removal ....................... 7

        1. Even Assuming Arguendo That Defendants Actively Litigated In State Court Before Pritchett Was Served And Removed, They Have Not Waived Their Right To Consent To Removal ............................... 7

        2. The Actions Defendants Arminak LLC, Rieke, Kent, And Baranowski's Took in State Court Did Not Waive Their Right to Consent to Removal ........................................................................... 8

        3. There Is No Written Waiver At Issue Here ........................................ 12

III. PLAINTIFFS' ARE NOT ENTITLED TO FEES OR COSTS ........................ 13

IV. CONCLUSION .................................................................................................. 14

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alanis v. Wells Fargo Nat. Ass'n,*
2012 WL 113725 (W.D. Tex. Jan. 12, 2012) .......................................................... 6

*Am. Asset Fin., LLC v. Corea Firm,*
821 F. Supp. 2d 698 (D.N.J. 2011) ........................................................................ 6

*Bonner v. Fuji Photo Film,*
461 F. Supp. 2d 1112 (N.D. Cal. 2006) ................................................................. 8

*Brierly v. Alusuisse Flexible Packaging, Inc.,*
184 F.3d 527 (6th Cir. 1999) .................................................................................. 8

*Brooks v. Nelson,*
95 Cal. App. 144 (Cal. Ct. App. 1928) .................................................................. 5

*Brown v. Demco, Inc.,*
792 F.2d 478 (5th Cir. 1986) .................................................................................. 9

*City of Los Angeles v. Hamada, Inc.,*
2012 WL 4951192 (C.D. Cal. Oct. 16, 2012) ................................................ 1, 6, 7

*Clifton v. Tomb,*
21 F.2d 893 (4th Cir. 1927) .................................................................................... 5

*Clorox Co. v. U.S. Dist. Court for N. Dist. of California,*
779 F.2d 517 (9th Cir. 1985) ................................................................................ 13

*Cogdell v. Wyeth,*
366 F.3d 1245 (11th Cir. 2004) ............................................................................ 11

*Destfino v. Reiswig,*
630 F.3d 952 (9th Cir. 2011) .............................................................................. 4, 8

*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.,*
155 Cal. App. 3d 381 (Ct. App. 1984) ............................................................... 4, 5

*Flam v. Flam,*
2016 WL 829163 (E.D. Cal. Mar. 3, 2016) ..................................................... 11, 12

*Foley v. Allied Interstate, Inc.*,
   312 F. Supp. 2d 1279 (C.D. Cal. 2004) .......................................................... 11, 12

*Fortenbaugh v. Geostar Corp.*,
   2008 WL 4857931 (N.D. Cal. Nov. 10, 2008) ....................................................... 8

*GMFS, L.L.C. v. Bounds*,
   275 F. Supp. 2d 1350 (S.D. Ala. 2003) .................................................................. 6

*Heafitz v. Interfirst Bank*,
   711 F.Supp. 92 (S.D.N.Y.1989) ............................................................................ 9

*Hill v. Citicorp*
   804 F.Supp. 514 (SD NY 1992) ....................................................................... 9, 10

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
   817 F.2d 75 (9th Cir. 1987) ................................................................................. 13

*Jenkins v. Commonwealth Land Title Ins. Co.*,
   95 F.3d 791 (9th Cir. 1996) ................................................................................... 5

*Koklich v. California Dep't of Corr.*,
   2012 WL 653895 (E.D. Cal. Feb. 28, 2012) .............................................. 7, 8, 12

*Kosen v. Ruffing*,
   2009 WL 56040 (S.D.Cal. Jan.7, 2009) .............................................................. 11

*Office Bldg., LLC v. CastleRock Sec., Inc.*,
   2011 WL 1674963 (S.D. Fla. May 3, 2011) .......................................................... 6

*Push Pedal Pull, Inc. v. Casperson*,
   971 F. Supp. 2d. 918 (D. S. D. 2013) .................................................................. 12

*Quinonez v. Jobworks, Inc.*,
   2015 WL 4873089 (S.D. Cal. Aug. 13, 2015) ..................................................... 11

*Resolution Trust Corp. v. Bayside Developers*,
   43 F.3d 1230 (9th Cir. 1994) ............................................................................... 10

*Russell Corp. v. American Home Assurance, Co.*,
   264 F. 3d 1040 (11th Cir. 2001) .......................................................................... 12

*Saberi v. Les Stanford Chevrolet Cadillac Inc.*,
   2016 WL 3344226 (N.D. Cal. June 16, 2016) ............................................... 1, 5, 7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Schmitt v. Insurance Co. of North America,*
  845 F.2d 1546 (9th Cir. 1988) .................................................................... 9

*Scholz v. RDV Sports, Inc.,*
  821 F. Supp. 1469 (M.D. Fla. 1993) ........................................................... 9

*Vermillion Area Chamber of Commerce & Dev. Co. v. Eagle Creek Software Servs., Inc.,*
  2016 WL 2851324 (D.S.D. May 13, 2016) ............................................... 13

*Wayne Cty. Airport Auth. v. Allianz Glob. Risks U.S. Ins. Co.,*
  2012 WL 3134074 (E.D. Mich. Aug. 1, 2012) .......................................... 13

**Statutes**

12 U.S.C. § 632 .................................................................................................. 10

28 U.S.C. § 1446(b)(2)(A) .................................................................................... 4

28 USC § 1446(b) ................................................................................................ 9

28 USC §§ 1446(b)(2)(B)-(C) .............................................................................. 3

**Other Authorities**

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-7, § 2:3275 ....................... 4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Helga Arminak and Armin Arminak's ("Plaintiffs") Motion to Remand is based on two arguments that ignore existing law and which are without legal support. First, Plaintiffs contend that because one of the defendants was in default in the state court proceeding at the time of removal, he is barred from consenting to removal. The law is exactly the opposite; even parties in default can consent to removal. In fact, a removal is invalid without the consent of all parties including those in default. *Saberi v. Les Stanford Chevrolet Cadillac Inc.*, 2016 WL 3344226, at *3 (N.D. Cal. June 16, 2016); *City of Los Angeles v. Hamada, Inc.*, 2012 WL 4951192, at *2 (C.D. Cal. Oct. 16, 2012).

Second, Plaintiffs contend that this case was litigated in the state court and thus, removal is precluded. This argument ignores the distinction between the removing defendant, who removed this action shortly after being served and without taking any action in the state court, and the prior-served defendants who are not the removing parties but, instead, have consented to the removal by their co-defendant. The law is clear that: (1) the prior-served defendants can consent to the removal by a later served defendant even if the prior-served defendants took some actions in state court prior to removal; and (2) even under the standard advocated by Plaintiffs – that actions in state court by prior-served defendants can waive their right to consent to another defendant's removal - none of the actions in the state court prior to the removal here were sufficient to constitute a waiver of the right to consent to the removal by the removing defendant.

For all of these reasons, as detailed below, Plaintiffs' Motion to Remand is without merit and should be denied.

## II. STATEMENT OF FACTS

### A. Defendant David Pritchett Timely Removed The State Court Action

On February 16, 2016, Plaintiffs and Roger Abadjian filed this lawsuit in the

Case No: 2:16-cv-03519 JAK (SSx) — 1 —

Los Angeles Superior Court, Case No. BC610351 ("State Court"), against Defendants Arminak & Associates, LLC ("Arminak"), Rieke-Arminak Corporation ("Rieke"), William D. Kent ("Kent"), Mark Box ("Box"), Judy Baranowski ("Baranowski") (collectively "Defendants") and David Pritchett ("Pritchett").[1] Plaintiffs served each of the Defendants at different times. The last defendant, Pritchett, was not served until May 5, 2016. On May 20, 2016, with the consent of the other defendants, Pritchett removed the State Court action to this Court. (Plaintiffs' Motion to Remand ("Motion"), p. 5, line 24 to page 6, line 3; Declaration of Carla M. Wirtschafter ("Wirtschafter Decl."), ¶ 11.)

**B.  At The Time Of Removal, No Substantive Motion Filed In The State Court Had Been Heard Or Ruled On**

As of the date of removal, the following actions had been taken in the state court action:

On March 15, 2016 Defendant Arminak LLC filed a preemptory challenge motion pursuant to California Code of Civil Procedure 170.6. That motion was granted without a hearing. (Wirtschafter Decl., ¶¶ 2,6.)

On March 23, 2016, a Motion to Dismiss Plaintiffs' Complaint for Forum Non Conveniens ("Motion to Dismiss") was filed in the State Court by the then served Defendants, Arminak LLC and Kent. Thereafter, Rieke, Box and Baranowski were served, and each joined in the Motion to Dismiss. As of the date of removal, no hearing had been held on this motion and no Opposition to the Motion was due or had been filed. (Wirtschafter Decl., ¶¶ 3-4.)

On April 4, 2016, Plaintiffs filed a Motion for Preliminary Injunction. As of the date of removal no hearing had been held on this motion and no Opposition to the Motion was due or had been filed. (Wirtschafter Decl., ¶ 5.)

On April 14, 2016, defense counsel appeared *ex parte* to seek an order changing

---

[1] Plaintiff Roger Abadjian dismissed his claims on May 19, 2016, prior to the Removal.

Case No: 2:16-cv-03519 JAK (SSx) – 2 –

the hearing date on Defendants' Motion to Dismiss. At this hearing, the Court set June 7, 2016 as the hearing date for the Motion to Dismiss - the same day as the hearing on Plaintiffs' Motion for Preliminary Injunction. (Wirtschafter Decl., ¶ 8.)

On April 25, 2016, Defendant Box filed a Motion to Set Aside the Clerk's Entry of Default. Defendant Box's Motion was set for hearing on August 9, 2016. As of the date of removal, no hearing had been held on this Motion and no Opposition to the Motion was due or had been filed. (Wirtschafter Decl., ¶ 9.)

On April 26, 2016, Plaintiff Helga Arminak served written discovery on Defendant Arminak LLC. (Wirtschafter Decl., ¶ 9.)

On April 29, 2016, Defendants' counsel appeared *ex parte* to seek an order staying all discovery pending a ruling on Defendants' Motion to Dismiss, or alternatively to advance the hearing date on Defendants' motion to Dismiss to a date before Plaintiffs' Motion for Preliminary Injunction. The Court denied Defendants' *ex parte* application. (Wirtschafter Decl., ¶¶ 11.)

On May 2, 2016, following the State Court's ruling at the April 29, 2016 *ex parte*, Defendant Arminak LLC propounded written discovery to the Plaintiffs related to the issues that would be before the State Court on June 7, 2016 at the hearing on Defendants' Motion to Dismiss and Plaintiffs' Motion for Preliminary Injunction. As of the date of removal, neither Plaintiffs nor Defendant Arminak LLC had responded to the propounded discovery. (Wirtschafter Decl., ¶ 12.)

Thus, as of the date of the Removal, the Court had ruled on a preemptory challenge and on two scheduling-related ex parte applications. No oppositions had been filed to any of the pending substantive motions and no hearings had been held on those motions. (Wirtschafter Decl., ¶¶ 2-13, 15-16.)

## I. REMOVAL WAS TIMELY AND PROPER

In a multi-defendant case, where defendants are served at different times, the time limits for removal run separately for each defendant and allow removal within 30 days from the date of service upon each defendant individually. 28 USC §§

1446(b)(2)(B)-(C); Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-7, § 2:3275; *see also Destfino v. Reiswig*, 630 F.3d 952, 955-7 (9th Cir. 2011) ("The removal statute speaks of "the defendant"—not "first defendant" or "initial defendant"—and its most straightforward meaning is that each defendant has thirty days to remove after being brought into the case.") When a defendant removes, "all defendants who have been properly joined and served must join in or consent to the removal of the act." 28 U.S.C. § 1446(b)(2)(A).

Pritchett was not served until May 5, 2016. On May 20, 2016, with the consent of each of the other named Defendants, Pritchett removed the State Court action to this Court. (Wirtschafter Decl., ¶ 13.) Pritchett had not participated in any litigation activity in the State Court. (Wirtschafter Decl, ¶¶ 2-13.) Thus, Pritchett's Removal was timely and proper.

## II. PRITCHETT OBTAINED THE CONSENT OF ALL OF THE DEFENDANTS

Plaintiffs' Motion does not challenge Pritchett's right to seek removal. Instead, Plaintiffs challenge the removal on the grounds: (1) that one defendant, Mark Box, was in default at the time of the removal and thus, as a matter of law, could not validly consent to the removal; and (2) that prior to the removal, the other defendants had actively litigated this case in state court, and thus had waived their right to consent to the removal. As discussed below, both of these arguments are without merit and do not justify a remand.

### A. Defendant Box Was Capable Of Consenting and Did Consent to the Removal

Plaintiffs do not contend that defendant Mark Box failed to consent to the removal. Instead, they contend that his consent was defective because he was in default at the time of the Removal and thus "could not join in or consent to the removal." (Motion, p.2, lns. 14-15.) In support of this argument, Plaintiffs' Motion cites to *Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.*, 155 Cal. App. 3d 381 (Ct.

App. 1984); *Brooks v. Nelson*, 95 Cal. App. 144 (Cal. Ct. App. 1928); *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791 (9th Cir. 1996) and *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927). ***None*** of these cases, however, address the issue of consenting to a removal.

*Devlin* and *Brooks* analyzed a defaulted defendant's right to partake in litigation in the state court. In *Devlin,* the issue involved a defendant in default who attempted to take a deposition and participate in a judgment hearing on punitive damages. *Devlin*, 155 Cal. App. 3d, 384-5. *Brooks* addressed a motion to vacate a default judgment and the sufficiency of that motion. *Brooks*, 95 Cal. App. 3d at 146-51. Neither *Devlin* nor *Brooks*, which are both state court cases, address the federal rules at issue here.

While *Clifton* and *Jenkins* are federal cases, neither of them addresses the issue of consent to removal. In *Clifto*n, the court refused to hear a motion to dismiss filed by a plaintiff who was in default after failing to respond to a counterclaim because the plaintiff made no motion to set the default aside before moving to dismiss the counterclaim against him. *Clifton*, 21 F.2d at 896-8. *Jenkins* dealt with whether a motion filed in the state court which had not been ruled on at the time of removal was considered pending with the removal. *Jenkins*, 95 F.3d at 795.[2] Simply put, none of the cases Plaintiffs' Motion cites addressed the issue of consenting to removal, let alone the specific circumstance here – a defaulted defendant's ability to consent to removal.

Contrary to Plaintiffs' unsupported position, case law clearly shows that a defaulted defendant can consent to removal because the cases hold that a defendant seeking removal is ***required*** to obtain the consent of defaulted defendants. *Saberi*, 2016 WL 3344226, at *3 ("In light of the Seventh Circuit's decision and that of the majority of other district courts, the Court similarly finds that a defendant's default is

[2] This case is seemingly cited for the proposition that Defendant Box was in default at the time of removal, an assertion which has no bearing on Box's ability to consent to Removal. (Motion, p. 8, lines 6-13.)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

not a sufficient reason for failing to obtain the consent of all defendants for the purposes of removal."); *City of Los Angeles*, 2012 WL 4951192, at *2 ("District courts in a number of circuits have found removal notices to be procedurally defective where a defendant encumbered by a default judgment against it in state court has failed to join in the notice."); *Alanis v. Wells Fargo Nat. Ass'n*, 2012 WL 113725, at *2-3 (W.D. Tex. Jan. 12, 2012) (holding that a party in default is required to consent to removal); *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 699-702 (D.N.J. 2011) (holding that a defendant against whom a default judgment had been entered was required to consent to removal); *Office Bldg., LLC v. CastleRock Sec., Inc.*, 2011 WL 1674963, at *5 (S.D. Fla. May 3, 2011) (finding the removal defective where the defendants' failed to obtain the consent of a defaulted defendant); *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1353 (S.D. Ala. 2003) (finding that remand was appropriate where defendants who were served by publication and likely to default did not consent to the removal).

It is axiomatic from the foregoing cases that "if a defaulted defendant's consent is required for removal, then such consent surely must be permissible." *City of Los Angeles*, 2012 WL 4951192, at *2. Nonetheless, despite clear authority to the contrary, Plaintiffs' Motion argues that Box was incapable of consenting to the Removal because he was in default at the time of removal. (Motion, p. 7, line 14 to p. 9, line 14.) Plaintiffs' Motion raised this argument **knowing** that the above case authority directly contradicts Plaintiffs' position and without offering any credible reason why this authority should not apply here. (Motion, p. 8, line 28 to p. 9, line 14; Plaintiffs' Request for Judicial Notice, Exhibits 15 and 16; Wirtschafter Decl., ¶ 14.) Indeed, by simply reading both *Alanis* and *Saberi*, it is clear that there is no case which supports Plaintiffs' position.

In an attempt to avoid the holdings in *Alanis* and *Saberi*, which hold precisely the opposite of Plaintiffs' position, Plaintiffs' Motion argues that *Alanis* and *Saberi* are not applicable because they are "unpublished." (Motion, p. 9 lines 8-14.) To the

contrary, per Central District Local Rule 11-3.9.3, case citations to electronic databases such as Westlaw and Lexis are valid and proper. In addition, *Alanis* has been relied on and cited by multiple other courts, including as recently as June 16, 2016 in *Saberi*. Plaintiffs' Motion also argues that *Alanis* is not applicable because it is a case from the Western District of Texas.[3] However, Plaintiffs have not pointed to any authority that contradicts the holding in *Alanis*. Moreover, *Saberi* and *City of Los Angeles*, California District Court cases, rely on the holding in *Alanis*. *Saberi*, 2016 WL 3344226 at *3; *City of Los Angeles*, 2012 WL 4951192 at *2.

Thus, nothing in Plaintiffs' Motion supports their position, let alone contradicts the holdings in *Saberi* and *Alanis*. Simply put, Plaintiffs' argument that Box was incapable of consenting to the Removal is wholly unsupported by the law.

### B. Defendants Arminak LLC, Rieke, Kent, And Baranowski Were Capable Of Consenting And Did Consent To The Removal

#### 1. Even Assuming Arguendo That Defendants Actively Litigated In State Court Before Pritchett Was Served And Removed, They Have Not Waived Their Right To Consent To Removal

Plaintiffs' Motion conflates the issue of waiving the right to remove a case with the right to consent to a removal initiated by another Defendant. Pritchett removed this action and Arminak LLC, Rieke, Kent, Box and Baranowski ***consented***.[4] Even assuming the other defendants actively litigated this matter before Pritchett was served and removed, they are not barred from consenting to the removal. *Koklich v. California Dep't of Corr.*, 2012 WL 653895, at *4 (E.D. Cal. Feb. 28, 2012) (Defendants who had filed and lost motion for judgment on the pleadings are not

---

[3] Notably, Plaintiffs' Motion relies on cases from the Middle District of Florida, the Southern District of New York, and the Southern District of South Dakota in support of Plaintiffs' argument that Defendants Arminak LLC, Rieke, Kent and Baranowski waived their right to remove. (Motion, p. 9 line 16 to p. 12, line 12.)

[4] Plaintiffs' Motion repeatedly implies that Box, Arminak LLC, Rieke, Kent and Baranowski could not remove the action. (Motion, p. 9, line 22 to p. 10, line 17.) Thus, to the extent Plaintiffs' Motion argues that Defendants could not remove the action, that argument is misplaced.

Case No: 2:16-cv-03519 JAK (SSx)        – 7 –
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

barred from consenting to removal). "An initial waiver of removal by first-served defendants does not bar all later-served defendants." *Id.*; *see also Destifino*, 630 F.3d at 956 ("There is no reason to lock an earlier-served defendant out of the federal forum, if he later chooses to consent."); *Fortenbaugh v. Geostar Corp.*, 2008 WL 4857931, at *2 (N.D. Cal. Nov. 10, 2008) (finding that a defendant who litigated in state court for over a year could nonetheless consent to a later served defendant's removal because "the "unanimity" rule-does not require that an initial waiver binds all later-served defendants."); *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1118 (N.D. Cal. 2006) (finding that the argument that an earlier-served defendant who does not remove cannot thereafter consent to a later-served defendant's removal to be "seriously flawed. After all, a first-served defendant may be content in either state or federal court, in which case he may decline to remove the case himself but would be perfectly happy to consent to removal by a codefendant."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533, n.3 (6th Cir. 1999) ("We conclude that a first-served defendant *can* consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove.")

Here, Pritchett had not participated in the state court litigation before he was served and removed. To the extent the first-served defendants had litigated issues in this matter, that action does not bar them from consenting to Pritchett's removal.

### 2. The Actions Defendants Arminak LLC, Rieke, Kent, And Baranowski's Took in State Court Did Not Waive Their Right to Consent to Removal

In their motion, Plaintiffs ignore the fact that the removing defendant did not litigate or take any other action in the state court proceeding. Instead, Plaintiffs argue that the other defendants had waived their right to consent to removal by actively litigating the state court action. As noted above, even if true, such activities would not bar their consent to Pritchett's removal. All of the cases cited by Plaintiffs deal with removing defendants who had been involved in litigation and other-related actions

prior to removal. None of the case cited in Plaintiffs' Motion supports a finding of waiver under the facts here.

*Schmitt v. Insurance Co. of North America*, 845 F.2d 1546 (9th Cir. 1988) does not address any issue of waiver, let alone stand for the proposition, as Plaintiffs suggest, that participating in the state court action constitutes waiver of the right to remove. (Motion, p. 9, lines 22-25.) Rather, *Schmitt* discussed the district court's basis for remand, and determined that given the district court's reasoning, pursuant to the Federal Rules of Civil Procedure the remand order was not appealable. *Schmitt*, 845 F.2d at 1548-51. Thus, the *Schmitt* court did not make any determinations about wavier or the decision to remand the case.

Plaintiffs' reliance on *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) is also misplaced because the decision in Brown has been **superseded by 28 USC § 1446(b), the statute at issue here**, a fact Plaintiffs' Motion fails to address. (Motion, p. 9, lines 22-24.) Indeed, *Brown* explicitly applies the old rule – that subsequently served defendants cannot remove if the first served defendant fails to seek removal – and is therefore inapplicable here. *Brown*, 792 F.2d at 481-2.

The other cases cited by Plaintiffs - *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469 (M.D. Fla. 1993), *Heafitz v. Interfirst Bank*, 711 F.Supp. 92 (S.D.N.Y.1989) and *Hill v. Citicorp* 804 F.Supp. 514 (SD NY 1992) - also do not support their position. (Motion, p. 9 line 25 to p. 10 line 7.) In each of these cases, the same defendant who filed motions in the state court initiated the removal. *Scholz*, 821 F. Supp. at 1470 (the defendant filed a motion to dismiss, filed an amended motion to dismiss and then removed the action); *Heafitz*, 711 F.Supp. at 87 ("[D]efendant FDIC, before seeking removal, voluntarily stepped into state court on September 13, 1988 and took affirmative action to submit issues for determination by the state court."); *Hill*, 804 F.Supp. at 517 ("Since the defendants filed and litigated a potentially dispositive motion in state court, they have proceeded past the commencement of "trial" within the meaning of section 632, and have accordingly waived their right to removal under

that statute.") Here, **Pritchett** removed this action, and he did not file any motion in the State Court before the Removal. Thus, the situation at issue here is distinguishable from each of these cases. Moreover, ***each of the cases cited by Plaintiffs pre-dates the codification of the later-served defendant rule in § 1446***, which explicitly provides that the 30 day removal period applies to each defendant upon service of the complaint. Thus, none of these cases is controlling on the present issues.

Plaintiffs' reliance on *Hill* is additionally misplaced because the *Hill* court did not apply § 1446, but rather applied 12 U.S.C. § 632, "which allows removal of matter involving international banking 'at any time before the trial thereof.'" 804 F.Supp. at 515-7. Moreover, unlike the present case, in *Hill* "trial activity" had occurred in the state court before removal. *Id.* at 516. Here, there was no such "trial activity" and, in fact, no trial date had been set. (Wirtschafter Decl., ¶ 17.) Notably, the motion to dismiss for forum non conveniens filed in *Hill* had been ruled on **before** the removal, and in deciding that motion, the court considered the merits of the case. *Id.* at 516-7. In stark contrast here, at the time of the Removal, there was no ruling on Defendants' Motion to Dismiss for Forum Non Conveniens, and no opposition was due or had been filed. (Wirtschafter Decl., ¶¶ 15-16.)

Even assuming that case law supported Plaintiffs' premise that prior litigation by certain defendants could bar their consent to removal by a later-served defendant, none of the actions in the State Court in this case demonstrated a clear intent to waive removal by defendants. "A waiver of the right of removal must be clear and unequivocal. [Citations omitted.] In general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994), as amended (Jan. 20, 1995). At the time of Removal, there was no trial date set in the State Court, and Plaintiffs' lawsuit had been filed only three months before. (Wirtschafter Decl., ¶ 17.) Here, the ***only*** documents Defendants Arminak LLC, Rieke, Kent and

1  Baranowski filed in the State Court were: (1) Defendants' Motion to Dismiss for
2  Forum Non Conveniens (Rieke and Baranowski filed Joinders to the Motion); (2) the
3  April 14, 2016 *ex parte* application regarding scheduling concerns caused by
4  Plaintiffs' Motion for Preliminary Injunction; (3) the April 29, 2016 *ex parte*
5  application regarding scheduling concerns caused by Plaintiffs service of written
6  discovery; and (4) Defendant Arminak LLC's California Code of Civil Procedure
7  §170.6 preemptory challenge. (Wirtschafter Decl., ¶¶ 2-13, 15-16.) At the time of the
8  Removal, neither Plaintiffs nor Defendants filed Oppositions to the pending motions
9  (Defendants' Motion to Dismiss and Plaintiffs' Motion for Preliminary Injunction),
10 and neither Plaintiffs nor Defendants produced documents or served responses to the
11 propounded written discovery. At the time of Removal, the State Court had not ruled
12 on any substantive issue. (Id.)

13       None of Defendants' conduct in the State Court amounts to a waiver. Arminak
14 LLC's preemptory challenge and Defendants *ex parte* applications regarding the
15 scheduling of hearings and discovery are insufficient to constitute a waiver. *See*
16 *Quinonez v. Jobworks*, Inc., 2015 WL 4873089, at *3 (S.D. Cal. Aug. 13, 2015)
17 ("[A]ctions which are preliminary and not conclusive in character and which do not
18 actually submit the merits of a claim for a binding decision do not constitute a waiver
19 of [the] defendant's right to remove."); *quoting Kosen v. Ruffing*, 2009 WL 56040, at
20 *6 (S.D.Cal. Jan.7, 2009).

21       Moreover, "filing a responsive pleading does not invoke the state court's
22 jurisdiction so as to constitute a waiver of the right to remove." *Foley v. Allied*
23 *Interstate, Inc.*, 312 F. Supp. 2d 1279, 1284 (C.D. Cal. 2004); *see also Flam v. Flam*,
24 2016 WL 829163, at *4 (E.D. Cal. Mar. 3, 2016) ("The filing of an answer or a
25 responsive pleading . . . are actions that do not constitute waiver."); *Cogdell v. Wyeth*,
26 366 F.3d 1245, 1249 (11th Cir. 2004) (filing a motion to dismiss that was pending at
27 the time of removal does not constitute a waiver).
28       Serving and responding to written discovery also does not constitute a waiver of

the right to remove. *Foley,* 312 F. Supp. 2d at 1284 (finding that "filing form interrogatories and requesting an extension of time to respond to discovery" did not "constitute litigation on the merits because they did not result in adjudication on the merits and were not addressed directly to the court"); *Flam,* 2016 WL 829163, at *4 ("[E]ngaging in limited discovery (such as participating in limited depositions), are actions that do not constitute waiver."); *Koklich,* 2012 WL 653895, at *4 (Serving objections to discovery requests does not constitute a waiver because "[d]iscovery matters are not typically an adjudication on the merits, and thus do not unequivocally and clearly demonstrate intent to litigate in state court.") Here, Plaintiff Helga Arminak and Defendant Arminak LLC served limited written discovery, but no party responded to discovery or produced any documents. (Wirtschafter Decl., ¶¶ 10, 12.) Simply put, none of Defendants' conduct in the State Court is sufficient to find a waiver.

### 3. There Is No Written Waiver At Issue Here

Plaintiffs also argue that although there is no contract waiver issue here, this Court should apply contract waiver principles to find that Defendants explicitly waived their right to remove and thus, could not consent to removal. (Motion, p. 11 line 23 to p.12, line 12.) Without any legal support for their position, Plaintiffs urge this Court to drastically expand the holding in *Russell Corp. v. American Home Assurance, Co.*, 264 F. 3d 1040 (11th Cir. 2001) and *Push Pedal Pull, Inc. v. Casperson*, 971 F. Supp. 2d. 918 (D. S. D. 2013) to find a waiver here where there is no contractual agreement to litigate in state court.[5] (Motion, pp. 11-12.)

This unsupported request is contrary to the holdings in *Russell* and *Push Pedal,*

---

[5] In both *Russell* and *Push Pedal*, there was a mandatory **state court** forum selection clause at issue. Both courts determined that the defendant had explicitly agreed to litigate in state court and thus, had contractually waived the right to remove or consent to removal. *Russell Corp.*, 264 F. 3d at 1049-50 ("[B]y executing the service of suit clause, First State waived any right to seek removal."); *Push Pedal Pull, Inc.*, 971 F. Supp. 2d. at 927-8 ("If one defendant in a multi-defendant action contractually waives his right to removal, that defendant has waived his ability to consent to a co-defendants' removal.")

Case No: 2:16-cv-03519 JAK (SSx)     – 12 –

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and has been explicitly rejected by other courts. *See e.g., Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76-8 (9th Cir. 1987) (finding no waiver and reversing a district court's remand order where a contract clause stated, "The courts of California, County of Orange, shall have jurisdiction" because the language did not expressly waive the right to have the case heard outside of the "County of Orange"); *Clorox Co. v. U.S. Dist. Court for N. Dist. of California*, 779 F.2d 517, 521 (9th Cir. 1985) (reversing a remand order and holding that a "statement that employees could bring an action in state or federal court should not be deemed to constitute a waiver of any removal right"); *Vermillion Area Chamber of Commerce & Dev. Co. v. Eagle Creek Software Servs., Inc.*, 2016 WL 2851324, at *2-3 (D.S.D. May 13, 2016) (declining to apply *Push Pedal* because there was no contractual waiver at issue); *Wayne Cty. Airport Auth. v. Allianz Glob. Risks U.S. Ins. Co.*, 2012 WL 3134074, at *4 (E.D. Mich. Aug. 1, 2012) (declining to follow *Russell* where a forum selection clause permitted suit in "any Court of competent jurisdiction" because such a provision did not constitute a waiver). Similarly here, and as Plaintiffs' Motion concedes, there is no express written waiver of the right to remove. (Motion, p. 11 line 23 to p.12, line 12.) Thus, Plaintiffs' reliance on *Russell* and *Push Pedal* is misplaced.

Plaintiffs have not offered any authority in support of their argument that Defendants Arminak LLC, Rieke, Kent and Baranowski waived their right to consent to removal. Indeed, Defendants conduct in the State Court was insufficient to be deemed a waiver, and even if Defendants' activity in State Court precluded them from initiating a removal, they were capable of consenting to and did consent to the Removal initiated by Pritchett. Thus, the unanimity requirement was met, and the Removal was proper. Simply put, Plaintiffs have not provided any basis upon which this case should be remanded.

### III. PLAINTIFFS' ARE NOT ENTITLED TO FEES OR COSTS

Plaintiffs are not entitled to costs because they have provided no basis for bringing this motion. Indeed, Plaintiffs brought this Motion knowing that their

position was unsupported by applicable legal authority, and their Motion does not provide any authority justifying the filing of this motion. (Wirtschafter Decl., ¶ 14.)

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to deny Plaintiffs' Motion to Remand.

DATED: July 25, 2016                    REED SMITH LLP


By:   /s/ James L. Sanders
      James L. Sanders
      Carla M. Wirtschafter
      Attorneys for Defendants
      Arminak & Associates, LLC, Rieke-Arminak Corporation, David Pritchett, William D. Kent, Mark Box and Judy Baranowski

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1901 Avenue of the Stars, Suite 700, Los Angeles, California 90067-6078. On July 25, 2016, I served the following document(s) by the method indicated below:

**DEFENDANTS ARMINAK & ASSOCIATES, LLC, RIEKE-ARMINAK CORPORATION, DAVID PRITCHETT, WILLIAM D. KENT, MARK BOX AND JUDY BARANOWSKI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS HELGA ARMINAK AND ARMIN ARMINAK'S MOTION TO REMAND**

☑ by transmitting via email to the parties at the email addresses listed below, through the Court's Case Management/Electronic Case Filing ["CM/ECF"] system, which CM/ECF system maintains and automatically transmits all documents electronically filed on the Court's website to the parties listed below. If any party on the Court's website associated with this case was not registered to receive electronic service, a copy was mailed to them via U.S. mail on this same date as follows:

**SERVICE LIST**:

Barry K. Rothman, Esq.
Law Offices of Barry K. Rothman
1901 AVENUE OF THE STARS SUITE 370
LOS ANGELES, CALIFORNIA  90067
E-Mail: bkr@bkrlegal.com
***Attorneys for Plaintiffs Helga Arminak and Armin Arminak***

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 25, 2016, at Los Angeles, California.

*/s/ Carol J. Kidd*
Carol J. Kidd