Barry K. Rothman, Esq. (SBN 47107)
Gordon J. Zuiderweg, Esq. (SBN 83101)
LAW OFFICES OF BARRY K. ROTHMAN
1901 Avenue of the Stars, Suite 370
Los Angeles, California 90067
Telephone: (310) 557-0062
Telecopier: (310) 557-9080
Email: bkr@bkrlegal.com

Attorneys for Plaintiffs Helga Arminak and Armin Arminak

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

HELGA ARMINAK, an individual; ARMIN ARMINAK, an individual; and ROGER ABADJIAN, an individual,

Plaintiffs,

vs.

ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; RIEKE-ARMINAK CORPORATION, a Delaware Corporation; DAVID PRITCHETT, an individual; BILL KENT, an individual; MARK BOX, an individual; JUDY BARANOWSKI, an individual; and Does 1 through 10, inclusive,

Defendants.

CASE NO. 2:16-cv-03519-JAK (SSx)

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

Hearing:
Date: October 3, 2016
Time: 8:30 a.m.
Courtroom: 750
United States District Court
Central District of California
Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012

//

//

//

//

//

//

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ..... iii

1. INTRODUCTION ..... 1

2. THE *ALANIS* CASE IS INAPPLICABLE TO THE INSTANT MOTION TO REMAND ..... 2

3. THE *SABERI* CASE IS INAPPLICABLE TO THE INSTANT MOTION TO REMAND ..... 3

4. THE *AMERICAN ASSET* CASE IS INAPPLICABLE TO THE ISSUES BEFORE THIS COURT ..... 4

5. THE *GMFS* CASE IS INAPPLICABLE TO THE ISSUES BEFORE THIS COURT ..... 5

6. THE *OFFICE BUILDING* CASE IS INAPPLICABLE TO THE ISSUES BEFORE THIS COURT ..... 6

7. THE *CITY OF LOS ANGELES* CASE IS NOT APPLICABLE IN THIS MATTER OR PERSUASIVE IF IT IS APPLICABLE ..... 7

8. DEFENDANTS' COUNSEL MISREPRESENTS PLAINTIFFS' CITATION OF THE *BROWN* CASE ..... 8

9. DEFENDANTS' COUNSEL MISCONSTRUES PLAINTIFFS' ARGUMENT REGARDING THE WAIVER BY DEFENDANTS ARMINAK & ASSOCIATES, LLC, RIEKE-ARMINAK CORPORATION, WILLIAM D. KENT, MARK BOX, AND JUDY BARANOWSKI OF THEIR RIGHTS TO REMOVE AND THEIR RIGHTS TO CONSENT TO OR JOIN IN A REMOVAL ..... 8

10. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alanis v. Wells Fargo Nat. Ass'n*, 2012 WL 113725 (W.D. Texas, 2012).... 2-3

*American Asset Finance, LLC v. The Corea Firm*, 821 F.Supp.2d 698 (D.N.J. 2011)........ 4-5

*Brooks v. Nelson*, 95 Cal.App. 144, 272 P. 610 (1928)........ 7

*Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986)........ 2, 8

*City of Los Angeles v. Hamada, Inc.*, 2012 WL 4951192 (C.D. California 2012)........ 7

*Clifton v. Tomb*, 21 F.2d 893 (4th Cir. 1927)........ 7

*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.*, 155 Cal. App. 3d 381, 202 Cal. Rptr. 204, 206 (1984)........ 7

*GMFS, L.L.C. v. Bounds*, 275 F.Supp.2d 1350 (S.D. Ala. 2003)........ 5-6

*Office Building, LLC v. CastleRock Sec., Inc.*, 2011 WL 1674963 (S.D. Florida 2011)........ 6

*Push Petal Pull, Inc. v. Casperson*, 971 F.Supp.2d 918 (D.S.D. 2013)........ 9

*Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001)........ 9

*Saberi v. Les Stanford Chevrolet Cadillac Inc.*, 2016 WL 3344226 (N.D. California 2016)........ 3-4

Statutes

28 U.S.C. §1446........ 8

28 U.S.C. §1446(b)(2)(A)........ 2

28 U.S.C. §1447(c)........ 2

28 U.S.C. §1447(c)-(e)........ 2

Page(s)

Treatises

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-C §6.42 .......................... 7

iv

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

Barry K. Rothman, Esq. (SBN 47107)
Gordon J. Zuiderweg, Esq. (SBN 83101)
LAW OFFICES OF BARRY K. ROTHMAN
1901 Avenue of the Stars, Suite 370
Los Angeles, California 90067
Telephone: (310) 557-0062
Telecopier: (310) 557-9080
Email: bkr@bkrlegal.com

Attorneys for Plaintiffs Helga Arminak and Armin Arminak

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

HELGA ARMINAK, an individual; ARMIN ARMINAK, an individual; and ROGER ABADJIAN, an individual,

Plaintiffs,

vs.

ARMINAK & ASSOCIATES, LLC, a Delaware limited liability company; RIEKE-ARMINAK CORPORATION, a Delaware Corporation; DAVID PRITCHETT, an individual; BILL KENT, an individual; MARK BOX, an individual; JUDY BARANOWSKI, an individual; and Does 1 through 10, inclusive,

Defendants.

CASE NO. 2:16-cv-03519-JAK (SSx)

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

Hearing:
Date: October 3, 2016
Time: 8:30 a.m.
Courtroom: 750
United States District Court
Central District of California
Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012

**1. INTRODUCTION.**

This Reply Memorandum of Points And Authorities is respectfully submitted by Plaintiffs Helga Arminak and Armin Arminak in support of their Motion To Remand (Docket No. 28).

In their Motion To Remand, Plaintiffs Helga Arminak and Armin Arminak are seeking an order remanding this action to the Los Angeles County Superior Court.

Pursuant to 28 U.S.C. §1447(c), Plaintiffs are also seeking an award of just costs and actual expenses, including attorney's fees, incurred as a result of the removal.

Plaintiffs' Motion To Remand is being brought pursuant to 28 U.S.C. §1447(c)-(e) on the grounds that there was a defect in the removal process. Specifically, pursuant to 28 U.S.C. §1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal of the action. At the time of the filing of the notice of removal herein (May 20, 2016), Defendant Mark Box was in default and could not join in or consent to the removal. Further, Defendants Arminak & Associates, LLC, Rieke-Arminak Corporation, Bill Kent, and Judy Baranowski had actively litigated this matter in the Los Angeles County Superior Court and had, thus, waived their right to remove and the right to join or consent to removal. Thus, there was no unanimity of defendants in regard to the removal as required by 28 U.S.C. §1446(b)(2)(A), and the removal herein was, thus, defective.

Defendants filed a Memorandum of Points And Authorities (Docket No. 41) in opposition to Plaintiffs' Motion To Remand. Defendants cite multiple cases, many of them unreported, in opposition to the Motion To Remand from Page 5, Line 22, to Page 7, Line 11, of the opposition Memorandum. As will be more fully explained below, the cases cited by Defendants are inapplicable and/or unpersuasive. Defendants also attack Plaintiffs' citation of the case of *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986), misrepresenting how Plaintiffs use the case in support of their Motion To Remand. Defendants also misconstrue Plaintiffs' waiver argument.

## 2. **THE *ALANIS* CASE IS INAPPLICABLE TO THE INSTANT MOTION TO REMAND.**

Defendants' opposition to Plaintiffs' Motion To Remand cites the case of *Alanis v. Wells Fargo Nat. Ass'n*, 2012 WL 113725 (W.D. Texas, 2012) (Defendants' Opposition Memorandum, Page 5, Line 22, to Page 7, Line 11). Defendants' counsel relied on the *Alanis* case in the meet and confer preceding the filing of the Motion To

Remand. Plaintiffs addressed the case in their Memorandum in support of the Motion To Remand (Docket No. 28-1) on Page 9 at Lines 8-14. Plaintiffs also included a copy of the *Alanis* case as Exhibit 15 to Plaintiffs' Request For Judicial Notice for the Court's convenience.

Preliminarily, it should be noted that the *Alanis* case is a case from the Western District of Texas which was not reported in the official reports. Its precedential value is dubious at best.

More importantly, the *Alanis* case does not deal with the issue before this Court. In the *Alanis* case, the district court granted the plaintiff's motion to remand on the grounds that the removing defendant, Wells Fargo, had failed to obtain the consent of all defendants to removal as required and, thus, the removal was defective. There were three defendants: Alanis, Ocwen, and HomEq. Default and default judgment had been entered against HomEq. The plaintiff had moved to sever HomEq, but there was no indication on the record that HomEq had actually been severed. Thus, the district court reasoned, HomEq remained a defendant in the case, and Wells Fargo was required to obtain its consent. The district court in *Alanis* did not address the issue of whether a defaulted defendant could consent to removal. Once again, Plaintiffs' argument herein is that, at the time of the filing of the notice of removal herein (May 20, 2016), Defendant Mark Box was in default and could not join in or consent to the removal.

**3. <u>THE *SABERI* CASE IS INAPPLICABLE TO THE INSTANT MOTION TO REMAND.</u>**

Defendants' opposition to Plaintiffs' Motion To Remand cites the case of *Saberi v. Les Stanford Chevrolet Cadillac Inc.*, 2016 WL 3344226 (N.D. California 2016) (Defendants' Opposition Memorandum, Page 5, Line 22, to Page 7, Line 11). Defendants' counsel relied on the *Saberi* case in the meet and confer preceding the filing of the Motion To Remand. Plaintiffs addressed the case in their Memorandum in support of the Motion To Remand (Docket No. 28-1) on Page 9 at Lines 8-14. Plaintiffs also

included a copy of the *Saberi* case as Exhibit 16 to Plaintiffs' Request For Judicial Notice for the Court's convenience.

Preliminarily, it should be noted that the *Saberi* case is an as yet unreported case from the Northern District of California. The precedential value of the *Saberi* case is doubtful.

In any case, the *Saberi* case does not deal with the issue before this Court. In the *Saberi* case, the district court granted the plaintiff's motion to remand on the grounds that the removing defendant, Les Stanford Chevrolet Cadillac, Inc., had failed to obtain the consent of all defendants to the removal as required and, thus, the removal was defective. There were three defendants: Les Stanford Chevrolet Cadillac, Inc; BJ Interstate; and Dedyk. Default had been entered against Dedyk. Les Stanford was able to obtain the consent of BJ Interstate, but did not obtain Dedyk's consent. Les Stanford argued that Dedyk's consent was not relevant to removal because default had been entered against Dedyk. The district court rejected that argument, ruling that Les Stanford was required to obtain Dedyk's consent. The district court in *Saberi* did not address the issue of whether a defaulted defendant could consent to removal. Once again, Plaintiffs' argument herein is that, at the time of the filing of the notice of removal herein (May 20, 2016), Defendant Mark Box was in default and could not join in or consent to the removal.

### 4. <u>THE *AMERICAN ASSET* CASE IS INAPPLICABLE TO THE ISSUES BEFORE THIS COURT.</u>

In their opposition (Page 6, Lines 7-9), Defendants cite the case of *American Asset Finance, LLC v. The Corea Firm*, 821 F.Supp.2d 698 (D.N.J. 2011), a New Jersey district court case. Defendants assert that the holding of the *American Asset* case is that "... a defendant against whom a default judgment has been entered was required to consent to removal...."

In making the above argument, Defendants' counsel clearly ignores the specifics

of the case and the basis for the decision. In the *American Asset* case, the district court granted the plaintiff's motion for remand for failure of the Corea defendants, against whom a final default judgment had been entered, to join in the notice of removal. However, in opposing the motion to remand, the removing defendants argued that the defaulted defendants were <u>nominal defendants</u>, and, therefore, under applicable law, they did not have to join in the notice of removal. The removing defendants' argument was based on the "nominal defendant" exception to the unanimity requirement for removal. The New Jersey district court ruled that the entry of default judgments against a defendant did not transform that defendant into a nominal defendant.

The nominal defendant argument is not Plaintiffs' argument herein. Once again, Plaintiffs' argument herein is that, at the time of the filing of the notice of removal herein (May 20, 2016), Defendant Mark Box was in default and could not join in or consent to the removal. The *American Asset* case is inapplicable to that argument.

**5. <u>THE *GMFS* CASE IS INAPPLICABLE TO THE ISSUES BEFORE THIS COURT.</u>**

In their opposition (Page 6, Lines 11-14), Defendants cite the case of *GMFS, L.L.C. v. Bounds*, 275 F.Supp.2d 1350 (S.D. Ala. 2003), a Southern District of Alabama case.

The *GMFS* case does not even involve a defaulted defendant. The plaintiff in the GMFS case moved to remand on the grounds that there was a procedural defect in the removal process because two defendants, Bounds and Stanley, had not joined in or consented to the removal. The removing defendant argued that Bounds and Stanley had been passive in the case and were likely to default. They were, therefore, the removing defendant argued, nominal defendants. The removing defendant argued that, since nominal defendants need not join or consent to removal, there was no defect in the removal process, and the motion to remand should be denied. In granting the motion to remand, the district court ruled that the fact that Bounds and Stanley were not

aggressively litigating the case did not make them nominal defendants.

Once again, the nominal defendant argument is not Plaintiffs' argument herein. Once again, Plaintiffs' argument herein is that, at the time of the filing of the notice of removal herein (May 20, 2016), Defendant Mark Box was in default and could not join in or consent to the removal. The *American Asset* case is inapplicable to that argument.

## 6. THE *OFFICE BUILDING* CASE IS INAPPLICABLE TO THE ISSUES BEFORE THIS COURT.

In their opposition (Page 6, Lines 9-11), Defendants cite the case of *Office Building, LLC v. CastleRock Sec., Inc.*, 2011 WL 1674963 (S.D. Florida 2011), a case which was not reported in the official reports. The *Office Building* case involved a defaulted defendant, but the district court's decision did not really deal with the defaulted defendant issue. The district court granted the plaintiff's motion to remand on the grounds that the action was a supplemental proceeding which could not be removed.

The district court stated at *2:

> "The Court finds it necessary to first address the question of whether this case is an independent action or supplemental proceeding to the suit against SAI. Concluding this case to be in the latter category, essentially a continuation of the Plaintiff's suit against SAI, the Court finds it improperly removed. Remand is proper on this ground alone. Therefore, the Court need not reach the disputed citizenship of the Defendants or the alleged deficiencies in the removal process."

It is clear from the above statement from the district court in the *Office Building* case that that case is completely inapplicable to this issues before this Court which do not include the issue of whether this case is an independent or supplemental proceeding.

//

//

//

**7. THE *CITY OF LOS ANGELES* CASE IS NOT APPLICABLE IN THIS MATTER OR PERSUASIVE IF IT IS APPLICABLE.**

On Page 6, Lines 2-5, of their opposition Memorandum, Defendants cite the case of *City of Los Angeles v. Hamada, Inc.*, 2012 WL 4951192 (C.D. California 2012).

There are several things the Court should note about the *City of Los Angeles* case and its citation by Defendants. First, this is yet another case relied upon by Defendants which was not reported in the official reports.

Second, Defendants cite the case for the proposition that: "District courts in a number of circuits have found removal notices to be procedurally defective where a defendant encumbered by a default judgment against it in state court has failed to join in the notice." That quotation is fine as far as it goes. However, Plaintiffs' argument is that Defendant Mark Box could not consent or join in the removal because he was in default. In California, the entry of a default terminates a defendant's rights to take any further affirmative steps. *Brooks v. Nelson*, 95 Cal.App. 144, 147–148, 272 P. 610 (1928); *Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.*, 155 Cal. App. 3d 381, 385, 202 Cal. Rptr. 204, 206 (1984). Similarly, in federal court, the entry of a defendant's default cuts off his or her right to appear in the action or to present evidence. *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927); Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-C §6.42. Under this well established law in both California and federal law, Defendant Mark Box could not consent or join in the notice of removal.

Third, the district court stated that none of the district courts referenced in Defendants' quotation had stated that consent on the part of a defendant in default is permissible. *City of Los Angeles v. Hamada, Inc.*, 2012 WL 4951192 at *2 (C.D. California 2012). The district court then takes a leap of logic and merely asserts, without any authority, that, if a defaulting defendant's consent to removal is required, it must be permissible. The district court, thus, dodged the issue of whether a defaulted defendant, who under state and federal law, can do nothing other than to move for relief from default has the ability to consent to removal.

## 8. DEFENDANTS' COUNSEL MISREPRESENTS PLAINTIFFS' CITATION OF THE *BROWN* CASE.

Plaintiffs cite the case of *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) on Page 9, Lines 24-25, of their Memorandum of Points And Authorities Submitted In Support of Motion To Remand. On Page 9, Lines 11-16, of Defendants' opposition Memorandum, Defendants' counsel addresses the *Brown* case, chastising Plaintiffs' counsel for the citation because the *Brown* case had been superseded by statute (28 U.S.C. §1446 which governs removal) and because the *Brown* case embodied the old rule that defendants could not remove if the first served defendant fails to seek removal. This is disingenuous. Plaintiffs are not asserting the old first served rule and do not cite the *Brown* case for that proposition. Plaintiffs cite the case for the proposition that a defendant may waive its right of removal by participating in the state court action, which is still an accurate statement of the law.

## 9. DEFENDANTS' COUNSEL MISCONSTRUES PLAINTIFFS' ARGUMENT REGARDING THE WAIVER BY DEFENDANTS ARMINAK & ASSOCIATES, LLC, RIEKE-ARMINAK CORPORATION, WILLIAM D. KENT, MARK BOX, AND JUDY BARANOWSKI OF THEIR RIGHTS TO REMOVE AND THEIR RIGHTS TO CONSENT TO OR JOIN IN A REMOVAL.

From Page 7, Line 12, to Page 13, Line 25, of the opposition Memorandum, Defendants' counsel argues that Defendants Arminak & Associates, LLC, Rieke-Arminak Corporation, William D. Kent, Mark Box, and Judy Baranowski did not waive their rights to consent to removal. From Page 12, Line 14, to Page 13, Line 25 of the opposition Memorandum, Defendants' counsel actually argues that there is no written waiver of said rights. Plaintiffs respectfully submit that Defendants' counsel has misconstrued Plaintiffs' arguments.

The following should be noted. First, Plaintiffs have not argued that there is a written waiver by Defendants Arminak & Associates, LLC, Rieke-Arminak Corporation, William D. Kent, Mark Box, and Judy Baranowski of their rights to remove or their rights to consent to removal. Plaintiffs specifically state in the Memorandum in support of the Motion To Remand (Docket No. 28-1), from Page 11, Line 23, to Page 12, Line 12, that said Defendants' waiver does not involve a written waiver such as the service of suit clause in the case of *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001) or the mandatory forum selection clause of the case of *Push Petal Pull, Inc. v. Casperson*, 971 F.Supp.2d 918 (D.S.D. 2013). It is a mystery why Plaintiffs' counsel felt compelled to address the issue of written waiver unless it was intended as a straw man argument.

Second, Plaintiffs' argument is as follows. As set forth in the above-cited *Russell* and *Push Petal* cases, a defendant can waive the right remove and the right to join in or consent to removal. The extensive litigation activity by Defendants Arminak & Associates, LLC, Rieke-Arminak Corporation, William D. Kent, Mark Box, and Judy Baranowski in state court constituted not only a waiver of their rights to remove but also their rights to join in or consent to removal.

Third, Plaintiffs are not arguing that one, single act constituted the waiver. Plaintiffs are arguing that Defendants Arminak & Associates, LLC, Rieke-Arminak Corporation, William Kent, and Judy Baranowski actively litigated this matter in state court by filing a peremptory challenge to the assigned judge, by filing or joining a Motion To Dismiss Plaintiffs Helga Arminak, Armin Arminak, and Roger Abadjian's Complaint For Forum Non Conveniens, Or In The Alternative, To Stay Action, by bringing two ex parte applications, and by propounding discovery. These activities taken together constituted a waiver of their rights to remove and their rights to consent to removal.

//

//

## 10. CONCLUSION.

Defendants' opposition to the Motion To Remand is not well taken. First, the cases cited in opposition to the Motion To Remand are inapplicable and/or unpersuasive. Second, the case of *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) is cited by Plaintiffs for the proposition that a defendant may waive its right of removal by participating in the state court action, which is still an accurate statement of the law. Third, a defendant can waive the right remove and the right to join in or consent to removal. Plaintiffs argue that the extensive litigation activity by Defendants Arminak & Associates, LLC, Rieke-Arminak Corporation, William D. Kent, Mark Box, and Judy Baranowski in state court constituted not only a waiver of their rights to remove but also their rights to join in or consent to removal.

Dated: August 29, 2016

LAW OFFICES OF BARRY K. ROTHMAN

By /s/ Gordon J. Zuiderweg
Gordon J. Zuiderweg
Attorneys for Plaintiffs Helga Arminak and Armin Arminak

**PROOF OF SERVICE**

I, Gordon J. Zuiderweg, declare as follows:

I am an attorney at law duly licensed to practice before all the courts of the State of California, and I am a member of the Law Offices of Barry K. Rothman, attorneys for Plaintiffs herein. I am over the age of 18 and not a party herein. My business address is the Law Offices of Barry K. Rothman, 1901 Avenue of the Stars, Suite 370, Los Angeles, California 90067.

On August 29, 2016, I deposited in the mail at Los Angeles, California, a true and correct copy of the foregoing PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND in a sealed envelope, with postage prepaid, addressed as set forth below:

James L. Sanders
Carla M. Wirtschafter
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, California 90067-6078

I declare under penalty of perjury under the laws of the State of California and those of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California, on August 29, 2016.

Gordon J. Zuiderweg
Gordon J. Zuiderweg, Esq.